IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTLABS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> DANIEL JAIYONG AN, <br><br>  Defendant. | Case No. 21-cv-02606-CRB <br><br> **ORDER DENYING MOTION TO DISMISS OR QUASH** |

Plaintiff TrustLabs, Inc. is suing Defendant Daniel Jaiyong An. TrustLabs attempted to serve Jaiyong by leaving a copy of the summons and complaint with Jaiyong's mother at Jaiyong's parents' home in Frisco, Texas. See Certificate of Serv. (Dkt. 9) at 1. Jaiyong now moves to dismiss this case for lack of personal jurisdiction or to quash TrustLabs' service of the summons and complaint. See Mot. to Quash (Dkt. 13) at 6. The Court denies his motion.

In June 2020, while employed as CEO and President of TrustLabs, Jaiyong sent a text message to Tom Shields, who was not working at TrustLabs but would later become Chairman of TrustLabs' Board of Directors. Jaiyong Supp. Decl. (Dkt. 17 at 11) ¶ 2; Obj. to Reply at 2.[1] The message stated: "i'm [in] [F]risco visiting parents and then [T]aiwan when borders open up[.]" Id.; Reply (Dkt. 17) Ex. A. Later that month, Jaiyong changed his home address to 6897 Parker Creek Place, Frisco, Texas 75035—his parents' address—in "Justworks," a "human resources support system that TrustLabs uses to

---

[1] According to TrustLabs, Shields was neither a TrustLabs employee nor a TrustLabs Board member at the time Jaiyong sent this text message. See Obj. to Reply at 2. It is unclear when Shields assumed his role at TrustLabs.

manage all payroll-related and employee benefit functions." Arpilleda Decl. (Dkt. 15-3) ¶ 4. Jaiyong then emailed TrustLabs' "Head of People" Anna Arpilleda, stating "hey anna changed my address to texas in justworks" and asking whether "we're good from a CA tax perspective." Arpilleda Decl. ¶ 7; Arpilleda Decl. Ex. B. Jaiyong's June 30, 2020 paystub displayed the Texas address as Jaiyong's home address. Arpilleda Decl. ¶ 8; Arpilleda Decl. Ex. C.

In July 2020, TrustLabs asked Jaiyong to resign as CEO and President. Compl. ¶ 1. According to TrustLabs, Jaiyong responded by deleting the company's internal Slack messaging system. Id. ¶ 16–17. TrustLabs sent Jaiyong a notice of termination and demanded that he return his TrustLabs laptop, tablet, and iPhone. Id. ¶ 22. Jaiyong mailed the items to TrustLabs from the Texas address. See Moore Decl. (Dkt. 15-2) ¶ 3; Moore Decl. Ex. A. In December 2020, Jaiyong posted "Moved to Taipei, Taiwan" on his Facebook account. See Reply Ex. B. Jaiyong's Facebook profile is "linked" to the profiles of at least five people who are "associated with and/or employees of TrustLabs," including Shields. Jaiyong Supp. Decl. ¶ 4. Jaiyong received his 2020 W-2 tax form at the Texas address. See Arpilleda Decl. ¶ 5; Arpilleda Decl. Ex. D.

In April 2021, TrustLabs sued Jaiyong, asserting claims under the Computer Fraud and Abuse Act and the Stored Communications Act. See Compl. ¶ 6. On April 23, 2021, TrustLabs filed its certificate of service, which indicates that a copy of the summons and Complaint was left at the Texas address with Jaiyong's mother. See Certificate of Serv. at 1. TrustLabs also mailed a copy of the summons and complaint to Jaiyong at the same Texas address. Id. In May 2021, Jaiyong moved to quash for improper service of summons. See Mot. to Quash.

Rule 4(e) of the Federal Rules of Civil Procedure governs service of an individual within a judicial district of the United States. See Fed. R. Civ. P. 4(e). As relevant here, such an individual may be served by:

>	(1) following state law for serving a summons . . .; or

          (2) doing any of the following:

                (A)    delivering a copy of the summons and of the complaint to the individual personally; [or]

                (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there . . . .

Id.

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Service of process is sufficient if it is "reasonably calculated" to apprise the defendant of the pendency of the action. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Whether a place is a person's "dwelling or usual place of abode" for purposes of Rule 4(e)(2)(B) is a "highly fact-specific" inquiry. Craigslist, Inc. v. Hubert, 278 F.R.D. 510, 515 (N.D. Cal. 2011). A person may have more than one "dwelling or usually place of abode," but each must bear "sufficient indicia of permanence." Id. (quoting Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang, 105 F.3d 521, 524 (9th Cir. 1997); Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 257 (2d Cir. 1991)). Some examples demonstrate how these rules work in practice. On the one hand, "a defendant who has repeatedly represented to . . . the plaintiff that one residence is his place of usual abode may be estopped from later contesting that said residence was the proper location for service of process." Id. And when a defendant continues to receive mail at the address, lists the address on a vehicle registration, and uses the address on financial records, that is enough to make the address the defendant's usual place of abode. See id. at 516. By contrast, mere receipt of a package at an address is insufficient to establish that the address is the defendant's usual place of abode. See Agricola ABC, S.A. de C.V. v. Chiquita Fresh North America, LLC., No. 10cv772-IEG(NLS), 2010 WL 4809641, at *5 (S.D. Cal. Nov. 19, 2010).

3

Jaiyong argues that he was not properly served because he had moved to Taiwan in December 2020, such that his parents' home in Texas was not his usual place of abode. See Mot. to Quash, at 3, 5. He argues that TrustLabs should have been aware that the Texas address was not his usual place of abode based on Jaiyong's text message and Facebook post. See Reply at 5.[2] TrustLabs argues that the Texas address was Jaiyong's usual place of abode based on Jaiyong's changed address in JustWorks, his mailings from the Texas address, and his receipt of the W-2 form at the Texas address. See Opp'n at 5. TrustLabs also argues that Jaiyong's text message and Facebook post are inadmissible because they are irrelevant hearsay and were first submitted with Jaiyong's reply brief. See Obj. to Reply.

The Court concludes that Jaiyong was properly served. Here, the Texas address bore "sufficient indicia of permanence" to constitute Jaiyong's usual place of abode. Craigslist, 278 F.R.D. at 515. Jaiyong changed his address in JustWorks to the Texas address in June 2020, sent a package from the Texas address to TrustLabs in July 2020, and received mail from TrustLabs at the Texas address. See Opp'n at 5. Although TrustLabs served Jaiyong roughly ten months after he took affirmative steps representing that the Texas address was his usual place of abode, Jaiyong also received his 2020 W-2 tax form at the Texas address, implying that the Texas address was still his usual place of abode. In any event, the relatively brief lapse of time between Jaiyong's conduct and service of process is not enough to defeat the inference that the Texas address was his usual place of abode. Jaiyong never directly informed anyone at TrustLabs that he was no longer residing at the Texas address. At a minimum, serving Jaiyong at the Texas address was reasonably calculated to apprise Jaiyong of this lawsuit and to give Jaiyong sufficient

---

[2] Jaiyong also argues that TrustLabs cannot invoke state law for serving a summons, see Fed. R. Civ. P. 4(e)(1), because TrustLabs did not exercise reasonable diligence as required under California law, see Reply at 4. The Court need not address California law for serving a summons because the Court concludes that service was proper under Rule 4(e)(2)(B). And the Court need not address TrustLabs' reasonable diligence because Rule 4(e)(2)(B) does not contain a reasonable diligence requirement.

4

notice of the complaint. Mullane, 339 U.S. at 314; Direct Mail Specialists, 840 F.2d at 688.³

Assuming that Jaiyong's text message and Facebook post are admissible, they do not change the Court's conclusions. Jaiyong's text message "yea i'm [in] [F]risco visiting parents and then [T]aiwan when borders open up" did not clearly indicate anything. It could have meant that Jaiyong was merely planning a trip to Taiwan. As for the December 2020 Facebook post, Jaiyong argues only that five people associated with TrustLabs, including Shields, could have seen the post. See Reply at 2. It remains a mystery what roles the other four people had at TrustLabs, when they assumed those roles, when Shields assumed his role, and whether TrustLabs employees actually saw or were likely to see Jaiyong's post.⁴ Further, because a person can have two or more usual places of abode, see Stars' Desert Inn Hotel, 105 F.3d at 524, the Court finds that Jaiyong's Facebook post did not clearly signal that the Texas address was no longer one of his usual places of abode.

For the foregoing reasons, the Court denies Jaiyong's motion to quash.

**IT IS SO ORDERED.**

Dated: July 23, 2021



_____
CHARLES R. BREYER
United States District Judge

---

³ Actual notice is not dispositive, but the Court notes that Jaiyong acknowledges that he received actual notice of the lawsuit. See Reply at 8.
⁴ TrustLabs states that Shields did not become Chairman of the Board until sometime after Jaiyong sent the text message. Obj. to Reply at 2. Jaiyong states that Shields is "now" Chairman of TrustLabs' Board of Directors. Reply at 1. Regardless, the Court concludes that the Facebook post does not overcome other evidence indicating that the Texas address was one of Jaiyong's usual places of abode at the time of service.