STEVEN L. FRIEDLANDER (SBN 154146)
GALEN P. SALLOMI (SBN 306743)
CARL J. KAPLAN (SBN 323019)
SV EMPLOYMENT LAW FIRM PC
160 Bovet Road, Suite 401
San Mateo, California 94402
Telephone:  (650) 265-0222
Facsimile:  (650) 265-0223
Email:  sfriedlander@svelf.com
          gsallomi@svelf.com
          ckaplan@svelf.com

Attorneys for Plaintiff TRUSTLABS, INC.

FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
ALEXANDER BRENDON GURA (SBN 305096)
gura@novianlaw.com
NOVIAN & NOVIAN, LLP
1801 Century Park East, Suite 1201
Los Angeles, CA 90067
Telephone:  (310) 553-1222
Facsimile:  (310) 553-0222

Attorneys for Defendant DANIEL JAIYONG AN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTLABS, INC, a Delaware Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>DANIEL JAIYONG AN,<br><br>  Defendant. | Case No. 3:21-cv-02606-CRB<br><br>**JOINT RULE 26(F) REPORT AND INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE:  July 30, 2021<br>TIME:  8:30 a.m.<br>COURTROOM:  6<br>JUDGE:  Hon. Charles R. Breyer |

In connection with the Initial Case Management Conference scheduled in this matter for July 30, 2021, at 8:30 a.m., and pursuant to this Court's May 27, 2021, order (Dkt. No. 14), Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff TrustLabs, Inc. ("Plaintiff" or the "Company") and Defendant Daniel Jaiyong An ("Defendant" or "Mr. An" and, together with Plaintiff, the "Parties") respectfully submit this Joint Rule 26(f) Report and Initial Case Management Conference Statement.

## I.   MEETING

Pursuant to Fed. R. Civ. P. 26(f), Galen Sallomi and Carl Kaplan on behalf of Plaintiff and Alexander Brendon Gura on behalf of Defendant held a telephonic meeting at 3:00 p.m. on Friday, July 9, 2021.

## II.   JURISDICTION & SERVICE

**Joint Statement**

The Parties agree this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's complaint asserts claims arising under federal law.  The Parties agree this Court has personal jurisdiction over Defendant.

## III.   BRIEF DESCRIPTION OF FACTS

**Plaintiff's Statement**

Defendant was employed as the Company's CEO/President from 2015 until his termination in 2020.  In early 2020, several employees raised concerns about Defendant's performance and asked that he be removed from his role.  During the week of June 29, 2020, Rafael Cosman, Plaintiff's CTO and co-founder, and Alex de Lorraine, Plaintiff's COO and Head of Finance, shared these concerns with Defendant and began to explore the possibility of reassigning Defendant's duties to Mr. Cosman.  Defendant gave Mr. Cosman and Mr. de Lorraine the impression that he would provide TrustLabs with a resignation letter by 4 pm Pacific Time on Monday, July 6, 2020.

At or around 6:36 p.m. on July 6, 2020, Defendant intentionally deleted Plaintiff's Slack workspace.  Plaintiff's employees use Slack to communicate internally, conduct day-to-day business operations, and manage critical technical infrastructure.  Defendant's actions caused Company employees to lose access to Slack, halting critical Company workflows and interrupting the Company's business

operations, thereby causing harm to Plaintiff. Later that evening, Plaintiff's Board of Directors held an emergency board meeting and voted to remove Defendant from the Company's Board of Directors and terminate his employment.

Plaintiff disputes Defendant's characterization of the facts.

**Defendant's Statement**

In or about 2015, Mr. An co-founded the Company. From that time until in or about mid-2020, Mr. An served as the Company's Chief Executive Officer and President and sat on the Company's Board of Directors. Beginning in or about early 2020, Mr. An discussed with certain other key individuals affiliated with the Company, including Mr. Rafael Cosman, Mr. An's goals for the Company and desire to reconcile certain information asymmetries between the shareholders, tokenholders, and Company insiders, including officers, directors, and employees.

A substantial number of the Company's employees and investors supported Mr. An's goals and proposals and, to that end, between early 2020 and July 6, 2020, Mr. An led the Company through a number of significant changes. For example, in early 2020, the Company adopted a permanent remote-first policy. At that time, neither Mr. Cosman nor the Company's Board objected. Also in early 2020, the Company began to record its Board meetings and make those recording accessible to its shareholders and tokenholders. At that time, Mr. Cosman actively supported this change. Finally, after months of discussion, and in an effort to reduce unnecessary costs in light of the Company's dwindling cash reserves, on July 6, 2020, Mr. An transitioned the Company's online chat communications from a paid subscription service (Slack) to no-cost options (Discord and Discourse).

Thereafter, Mr. Cosman and other key individuals affiliated with the Company became opposed Mr. An's goals and proposals. Because Mr. An possessed a substantial portion of the Company's voting power, their options were limited. Accordingly, Mr. Cosman and other key individuals affiliated with the Company conspired to force Mr. An out of his roles as CEO, President, and Director, and threatened to and did initiate litigation against Mr. An.

Defendant disputes Plaintiff's characterization of the facts.

## IV. DISPUTED LEGAL ISSUES

**Plaintiff's Statement**

1. Whether Defendant violated 18 U.S.C. § 1030 by disrupting Plaintiff's Company systems and attempting to access other Company systems in retaliation for the Company's decision to remove him as CEO/President.

2. Whether Defendant violated 18 U.S.C. § 2701 by disrupting Plaintiff's Company systems and attempting to access other Company systems in retaliation for the Company's decision to remove him as CEO/President.

3. Whether Defendant violated Cal. Penal Code § 502 by disrupting Plaintiff's Company systems and attempting to access other Company systems in retaliation for the Company's decision to remove him as CEO/President.

4. Whether Defendant acted with malice, such that punitive and exemplary damages are appropriate.

**Defendant's Statement**

1. Whether 18 U.S.C. § 1030 applies where, as here, an individual authorized to access certain computer systems does access certain computer systems.

2. Whether 18 U.S.C. § 2701 applies where, as here, an individual authorized to access certain computer systems does access certain computer systems.

3. Whether Cal. Penal Code § 502 applies where, as here, an individual with permission to access certain computer systems does access certain computer systems.

## V. MOTIONS

**Joint Statement**

Neither Party intends to seek a transfer of venue. Defendant anticipates seeking judgment on the pleadings. Both Parties anticipate seeking summary judgment or adjudication, if appropriate.

## VI. AMENDMENT OF PLEADINGS

**Plaintiff's Statement**

Plaintiff does not expect that any parties, claims, or defenses will be added to or dismissed from this case.

**Defendant's Statement**

Defendant anticipates filing a motion for judgment on the pleadings with respect to each of the causes of action asserted against him in this action.

## VII. EVIDENCE PRESERVATION

**Joint Statement**

The Parties confirm their counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f).

## VIII. DISCLOSURES

**Joint Statement**

The Parties agree no changes should be made to the form or requirement for disclosures under Rule 26(a)(1).

Plaintiff provided initial disclosures as required by Fed. R. Civ. P. 26.

Defendant will provide initial disclosures within 30 days.

## IX. DISCOVERY

**Joint Statement**

No discovery has been taken to date. The Parties agree that a protective order is appropriate in this case and have agreed to meet and confer concerning the same. The Parties agree that it is not appropriate to limit or modify the discovery rules at this time.

**Plaintiff's Statement**

Without limitation, Plaintiff anticipates that discovery will be needed on subjects related to: Plaintiff's request that Defendant voluntarily relinquish his role as CEO/President; Defendant's refusal to step down as CEO/President; Defendant's decision to harm Plaintiff; Defendant's computer activity; and Plaintiff's harm.

Plaintiff anticipates that it will serve discovery after receiving Defendant's initial disclosures.

**Defendant's Statement**

Defendant anticipates filing a motion for judgment on the pleadings with respect to each of the causes of action asserted against him in this action. Defendant has not yet answered Plaintiff's complaint,

and has therefore not yet asserted affirmative defenses to any of the causes of action asserted against him. Because the Parties are not and cannot presently be certain of the causes of action and/or affirmative defenses that will remain in this action, Defendant believes that it is premature to set forth a discovery plan. Nonetheless, Defendant anticipates that discovery may become necessary with respect to all claims set forth in the Complaint, as well as any affirmative defenses relevant to the action.

## X.     RELATED CASES

**Joint Statement**

The Parties are unaware of any cases related to this action currently pending before another judge of this court, or before any other court or administrative body.

## XI.     RELIEF

**Plaintiff's Statement**

Plaintiff seeks the following categories of relief:

(1)     General and compensatory damages, according to proof at trial, the value of which (a) will not be determinable until the Parties engage in discovery, and (b) may be the subject of expert testimony;

(2)     Punitive damages as provided by the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; the federal Stored Communications Act ("SCA"), 18 U.S.C. § 2701; and the California Comprehensive Computer Data Access and Fraud Act ("CCDAFA"), California Penal Code § 502;

(3)     Statutory penalties pursuant to applicable law, including the CFAA, the SCA, and the CCDAFA;

(4)     Pre- and post-judgment interest on any amounts awarded pursuant to applicable law;

(5)     Costs of suit;

(6)     Attorneys' fees pursuant to applicable law, including the CFAA, the SCA, and the CCDAFA;

(7)     Declaratory relief; and

(8)     Any such other and further relief as the Court may deem proper.

**Defendant's Statement**

Defendant disputes that Plaintiff is entitled to any relief whatsoever in connection with any of the three causes of action Plaintiff has asserted in this action. Defendant has not yet answered Plaintiff's

complaint and has therefore not yet asserted affirmative defenses to any of the causes of action asserted against him, but will seek any and all appropriate relief in connection with any affirmative defenses he may assert.

### XII. SETTLEMENT AND ADR

**Plaintiff's Statement**

Plaintiff is amenable to participating in an ADR process.

**Defendant's Statement**

Defendant is amenable to participating in an ADR process but believes that any such ADR process is premature at this time in light of the early stages of these proceedings.

### XIII. CONSENT TO MAGISTRATE JUDGES FOR ALL PURPOSES

The Parties do not consent to having a magistrate judge conduct all further proceedings.

### XIV. OTHER REFERENCES

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

The Parties do not believe it is possible to narrow the issues at this time. The Parties will consider appropriate proposals to expedite the presentation of evidence at trial.

### XVI. EXPEDITED TRIAL PROCEDURE

The Parties do not believe this case should be resolved under the Expedited Trial Procedure of General Order No. 64.

### XVII. SCHEDULING

**Defendant's Statement**

Defendant believes that it is premature to set forth a case timeline. Defendant anticipates filing a motion for judgment on the pleadings with respect to each of the causes of action asserted against him in this action. Defendant has not yet answered Plaintiff's complaint, and has therefore not yet asserted affirmative defenses to any of the causes of action asserted against him. Because the Parties are not and cannot presently be certain of the causes of action and/or affirmative defenses that will remain in this action, Defendant believes that it is premature to set forth a case timeline.

**Joint Statement**

The Parties agree that this case may be ready for trial as early as summer or fall of 2022. Accordingly, the Parties propose the following dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial:

| Event | Days Before Trial | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|---|
| Close of Non-Expert Discovery | 100 | Feb. 28, 2022 | Jun. 24, 2022 |
| Last Day for Initial Expert Disclosure | 100 | Feb. 28, 2022 | Jun. 24, 2022 |
| Last Day for Expert Discovery | 70 | Mar. 28, 2022 | Jul. 25, 2022 |
| Last Day to Hear Dispositive Motions | 70 | Mar. 28, 2022 | Jul. 25, 2022 |
| Last Day to Hear *Daubert* Motions | 56 | Apr. 11, 2022 | Aug. 8, 2022 |
| Last Day to lodge and serve witness list and exhibit list | 49 | Apr. 18, 2022 | Aug. 15, 2022 |
| Last Day to file Motions in Limine | 35 | May 2, 2022 | Aug. 29, 2022 |
| Last Day to file Joint Preposed Pretrial Order | 35 | May 2, 2022 | Aug. 29, 2022 |
| Last Day to file Joint Proposed Jury Instructions | 21 | May 16, 2022 | Sept. 12, 2022 |
| Pretrial Conference | 14 | May 23, 2022 | Sept. 19, 2022 |
| Trial Date | 0 | Jun. 6, 2022 | Oct. 3, 2022 |

### XVIII. TRIAL

The Parties seek a trial by jury and anticipate that trial will require approximately 5-7 days.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Plaintiff's Statement**

Plaintiff filed its Certification of Interested Entities or Persons as required by Civil Local Rule 3-

15 on April 14, 2021. Dkt No. 6. Plaintiff has no interested parties to disclose.

**Defendant's Statement**

Defendant filed its Certification of Interested Entities or Persons as required by Civil Local Rule 3-15 on July 22, 2021. (Dkt. No. 20.) Defendant has no interested parties to disclose.

### XX. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### XXI. OTHER

Counsel are not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: July 23, 2021

**SV EMPLOYMENT LAW FIRM PC**

By: ___/s/ Galen P. Sallomi___
Steven L. Friedlander
Galen P. Sallomi
Carl J. Kaplan

Attorneys for Plaintiff TRUSTLABS, INC.

Dated: July 23, 2021

**NOVIAN & NOVIAN, LLP**

By: ___/s/ Alexander Brendon Gura___
Farhad Novian
Alexander Brendon Gura

Attorneys for Defendant DANIEL JAIYONG AN

**FILING CONSENT CERTIFICATION**

Pursuant to Civil Local Rule 5-1(i)(3) of the United States District Court for the Northern District of California, I hereby certify that counsel for Defendant consented to the above filing and application of a typed /s/ signature in their signature block.

                          */s/ Galen P. Sallomi*
                          Galen P. Sallomi
                          gsallomi@svelf.com
                          160 Bovet Road, Suite 401 / San Mateo, California 94402
                          Telephone:     (650) 265-0222
                          Facsimile:     (650) 265-0223
                          *One of the Attorneys for Plaintiff*