FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
ALEXANDER BRENDON GURA (SBN 305096)
gura@novianlaw.com
**NOVIAN & NOVIAN, LLP**
1801 Century Park East, Suite 1201
Los Angeles, CA 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222

*Attorneys for Daniel Jaiyong An*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTLABS, INC., a Delaware Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DANIEL JAIYONG AN,<br><br>　　　　　　　Defendant. | Case No.: 3:21-cv-02606-CRB<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed: Apr. 9. 2021 |

ANSWER TO COMPLAINT

Defendant Daniel Jaiyong An ("Defendant"), by and through his undersigned counsel, hereby answers Plaintiff TrustLabs, Inc.'s Complaint ("Plaintiff" or "TrustLabs" and the "Complaint") and affirmatively alleges as follows:

## INTRODUCTION

1. Defendant admits that in or about 2015, he and one other co-founded TrustLabs. Defendant admits that from in or about 2015 until on or about July 6, 2020, he served as TrustLabs' Chief Executive Officer ("CEO") and President, and sat on TrustLabs' Board of Directors (the "Board"). Defendant denies the remaining allegations in paragraph 1.

2. Defendant states that paragraph 2 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in paragraph 2.

## PARTIES

3. Defendant admits that TrustLabs is a cryptocurrency company incorporated in Delaware in 2015 and headquartered in Willits, California. Defendant admits that a majority of TrustLabs' employees resided in California during the time period at issue.

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits that he is an individual, and that from TrustLabs incorporation in 2015 until on or about July 6, 2020, Defendant served as TrustLabs' CEO and President and sat on the Board.

## JURISDICTION AND VENUE

6. Defendant states that paragraph 6 contains legal conclusions to which no response is required. To the extent any response is required, Defendant admits that Plaintiff purports to assert claims for breach of the Computer Fraud and Abuse Act ("CFAA") and Stored Communications Act ("SCA") and that claims under the CFAA and SCA arise under the laws of the United States.

7. Defendant states that paragraph 7 contains legal conclusions to which no response is required. To the extent any response is required, Defendant admits that

Plaintiff purports to assert a claim for breach of the California Comprehensive Computer Data Access and Fraud Act ("CCDAFA") and that such claim is part of the same case or controversy as Plaintiff's claims under the CFAA and SCA.

8. Defendant states that paragraph 8 contains legal conclusions to which no response is required. To the extent any response is required, Defendant admits that he resided in California during at least some of the relevant time period.

9. Defendant states that paragraph 9 contains legal conclusions to which no response is required. To the extent any response is required, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Defendant states that paragraph 10 contains legal conclusions to which no response is required. To the extent any response is required, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Defendant admits that he conducted substantial business in California while working on behalf of TrustLabs, and was a resident of California from 2015 through at least Q1 2020. Defendant denies that his last known residence is in Texas.

12. Defendant denies the allegations contained in paragraph 12.

## GENERAL ALLEGATIONS

13. Defendant admits that he co-founded TrustLabs in 2015, and that from TrustLabs' incorporation until in or about 2020 served as TrustLabs' Chief Executive Officer and President, and sat on TrustLabs' Board of Directors.

14. Defendant denies that he took actions that were not in the best interests of the Company. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

///

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Defendant admits that TrustLabs' Slack services were registered under his email address and that he was the sole administrator of TrustLabs' Slack platform. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Defendant denies that he intentionally and maliciously deleted TrustLabs' Slack messaging system or that he intended to harm TrustLabs. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Defendant admits that on or about July 8, 2020, Plaintiff sent to Defendant a letter. Defendant respectfully refers the Court to the aforementioned letter for a true, correct, and complete statement of its contents.

23. Defendant denies the allegations in paragraph 23.

24. Defendant admits that on or about July 14, 202, Plaintiff sent to defendant a letter. Defendant respectfully refers the Court to the aforementioned letter for a true, correct, and complete statement of its contents.

25. Defendant admits that on or about July 14, 202, Plaintiff sent to defendant a letter. Defendant respectfully refers the Court to the aforementioned letter for a true, correct, and complete statement of its contents.

///

///

## FIRST CLAIM

### (Violation of 18 U.S.C. § 1030)

26. Defendant realleges the responses set forth in Paragraphs 1 through 25 above and incorporates them as though set forth herein in full.

27. Defendant states that paragraph 27 contains legal conclusions to which no response is required. To the extent any response is required, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Defendant states that paragraph 28 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in paragraph 28.

29. Defendant states that paragraph 29 contains legal conclusions to which no response is required. To the extent any response is required, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Defendant states that paragraph 30 contains legal conclusions to which no response is required. To the extent any response is required, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

## SECOND CLAIM

### (Violation of 18 U.S.C. § 2701)

31. Defendant realleges the responses set forth in Paragraphs 1 through 30 above and incorporates them as though set forth herein in full.

32. Defendant states that paragraph 32 contains legal conclusions to which no response is required. To the extent any response is required, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

///

33. Defendant states that paragraph 33 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in paragraph 33.

34. Defendant states that paragraph 34 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in paragraph 34.

## THIRD CLAIM

### (Violation of California Penal Code § 502)

35. Defendant realleges the responses set forth in Paragraphs 1 through 30 above and incorporates them as though set forth herein in full.

36. Defendant states that paragraph 36 contains legal conclusions to which no response is required. To the extent any response is required, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. Defendant states that paragraph 37 contains legal conclusions to which no response is required. To the extent any response is required, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Defendant states that paragraph 38 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in paragraph 38.

39. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Defendant states that paragraph 40 contains legal conclusions to which no response is required. To the extent any response is required, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

///

# AFFIRMATIVE DEFENSES

Further answering the Complaint, Defendant alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. As a separate and affirmative defense, Defendant alleges that Plaintiff has failed on each and all of its causes of action to allege facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

2. As a separate and affirmative defense, Defendant alleges that Plaintiff failed to take reasonable action to mitigate its alleged damages.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

3. As a separate and affirmative defense, Defendant alleges that Plaintiff is further barred by the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Contributory Conduct of Plaintiff)

4. As a separate and affirmative defense, Defendant alleges that Plaintiff's alleged damages, if any, were wholly or partly contributed to or proximately caused by Plaintiff's conduct and activities, including Plaintiff's negligence and carelessness. Defendant is entitled to a reduction of damages, if any, in accordance with Plaintiff's negligence or wrongdoing.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

5. As a separate and affirmative defense, Defendant alleges that Plaintiff has waived any right to recovery upon the facts alleged in the Complaint and is, therefore, barred from asserting such claims.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

6. As a separate and affirmative defense, Defendant alleges that Plaintiff is barred from any recovery upon the facts alleged in the Complaint on the grounds of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

7. As a separate and affirmative defense, Defendant alleges that the Complaint and each purported cause of action therein are barred by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Consent)**

8. As a separate and affirmative defense, Defendant alleges that Plaintiff is barred from any recovery in this action in that it willingly and voluntarily consented, expressly and impliedly, to any such acts and conduct as may be shown on the part of these answering defendants.

**NINTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

9. As a separate and affirmative defense, Defendant alleges that at all times relevant herein, Defendant acted in good faith and had no knowledge or reasonable ground to believe in the existence of any of the facts now complained of and did not directly or indirectly induce the act(s) complained of in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Justification and Privileges)**

10. As a separate and affirmative defense, Defendant alleges that his conduct was justified, reasonable, supported by good cause, and/or privileged under the circumstances.

///

///

///

## ELEVENTH AFFIRMATIVE DEFENSE

**(No Punitive Damages)**

11. As a separate and affirmative defense, Defendant alleges that his conduct was without fraud, oppression, or malice towards Plaintiff, thereby precluding any claims for punitive and/or exemplary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of its Complaint;
2. For an award of attorneys' fees and costs; and
4. For such other and further relief as the court may deem just and proper.

Dated: August 6, 2021          NOVIAN & NOVIAN, LLP

                                        Attorneys at Law

                                        By:    /s/   Alexander Brendon Gura
                                                   FARHAD NOVIAN
                                                   ALEXANDER BRENDON GURA

                                        *Attorneys for Defendant Daniel Jaiyong An*