STEVEN L. FRIEDLANDER (SBN 154146)
CARL J. KAPLAN (SBN 323019)
SV EMPLOYMENT LAW FIRM PC
160 Bovet Road, Suite 401
San Mateo, California 94402
Telephone:      (650) 265-0222
Facsimile:      (650) 265-0223
Email:          sfriedlander@svelf.com
                ckaplan@svelf.com

Attorneys for Plaintiff TRUSTLABS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTLABS, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL JAIYONG AN, an individual<br><br>Defendant. | Case No. 3:21-cv-02606-CRB<br><br>**PLAINTIFF'S STATEMENT ON DISCOVERY DISPUTE**<br><br>Complaint Filed:   April 9, 2021<br>Judge:                    Hon. Charles R. Breyer<br>                              Hon. Thomas S. Hixson |

The undersigned attests that he has diligently attempted to meet and confer in good faith to attempt to resolve the discovery dispute discussed herein.

Dated: March 22, 2023

By:   _/s/ Carl J. Kaplan_
                              Carl J. Kaplan

Plaintiff TrustLabs, Inc. ("Plaintiff") hereby submits this statement pursuant to the Court's March 15, 2023 Discovery Order. Dkt. No. 59.

This discovery dispute concerns amended discovery responses that defendant Daniel Jaiyong An ("Defendant"), served through his prior counsel, Jason Takenouchi of Kasowitz Benson Torres LLP, on March , 2022, and which plaintiff TrustLabs, Inc. ("Plaintiff") contends are woefully deficient.[1]

On May 12, 2022, Defendant served amended responses and objections to Plaintiff's Requests for Production, Set One, Interrogatories, Set One, and Requests for Admission, Set One.  Plaintiff's amended responses to the aforementioned discovery are filed concurrently herewith as **Exhibits A**, **B**, and **C**, respectively.  On June 3, 2022, Defendant made his first—and, to date, only—production of documents. Plaintiff thereafter resumed meet and confer efforts with Mr. Takenouchi.  On June 24, 2022, the parties conducted a telephonic conference, which was summarized in an email sent by Plaintiff's counsel on July 6, 2022.  This email is filed concurrently herewith as **Exhibit D**.   Although Plaintiff attempted to continue to meet and confer with Defendant's counsel, before any resolution could be reached, Kasowitz Benson Torres LLP withdrew as Defendant's counsel.  Dkt. No. 50.  Plaintiff's subsequent attempts to meet and confer with Defendant have proven fruitless.

# I.   PLAINTIFF'S POSITION

## A.   Defendant's Evasive Meet and Confer Responses are Delaying Discovery

Following Mr. Takenouchi's withdrawal as counsel for Defendant, Plaintiff's counsel sought to resume the meet and confer process directly with Defendant, and on December 5, 2022, sent Defendant a letter addressing the outstanding issues with Defendant's discovery responses.   This letter is filed concurrently herewith as **Exhibit E**.   The parties thereafter exchanged several rounds of email correspondence in a further meet and confer effort.  Collectively, the parties email communications are filed concurrently herewith as **Exhibit F**.

Unfortunately, the meet and confer process was significantly hampered by Defendant's professed confusion over commonly used words and phrases, and by Defendant's practice of taking inconsistent positions—for instance by first indicating that he would be invoking the protections of the Fifth

---

[1] This in turn followed extensive meet and confer with Plaintiff's initial counsel, Alexander Gura of Novian & Novian. Mr. Gura filed a March 9, 2022 motion to withdraw (Dkt. No. 34), which the Court granted on March 31, 2022. Dkt. No. 40.

1   Amendment to the United States Constitution, and then disavowing that representation when Plaintiff

2   sought to confirm his invocation of the Fifth Amendment.  Ultimately, Defendant refused to confirm

3   whether he would agree to supplement his responses as requested by Plaintiff, and further refused to

4   participate in a telephonic meet and confer session to discuss the issues animating this discovery dispute.

5   Given Defendant's evasive written communications and refusal to engage in a telephonic meet and confer,

6   and in view of the pending close of fact discovery, Plaintiff has no choice but to seek Court intervention.

7       **B.    <u>The Discovery At Issue</u>**

8       This discovery dispute pertains to a limited number of discovery responses—eight in total—with

9   respect to which Defendant has either (i) attempted to unilaterally limit the scope of his response, (ii)

10  wholly refused to respond, or (iii) agreed to search for and produce documents, but has neither produced

11  responsive documents nor confirmed none exists in his possession, custody, or control.

12      ***Request for Production Nos. 3 and 7:*** Plaintiff alleges that, following the termination of

13  Defendant's employment, Defendant attempted to access certain of Plaintiff's online accounts.  Dkt. No.

14  1 at ¶ 23.  Accordingly, Plaintiff served Request for Production ("RFP") No. 3, asking for documents

15  sufficient to indicate each time that Defendant attempted to access Plaintiff's accounts during the time

16  period of July 6, 2020 through September 1, 2020.  In his amended response, Defendant agreed to "perform

17  a reasonable search and produce any responsive, non-privileged documents, if any exist."  **Exhibit A** at 5.

18      Plaintiff understands that, following his termination, Defendant contacted certain other entities and

19  individuals—including investors in Plaintiff—and represented that he was still Plaintiff's Chief Executive

20  Officer.  Accordingly, Plaintiff propounded (i) RFP No. 7, asking for all documents and communications

21  in which Defendant held himself out to be or represented that he was affiliated with Plaintiff on or after

22  the date of his termination (July 6, 2020).  As with RFP No. 3, Defendant agreed, in his amended response,

23  to "perform a reasonable search and produce any responsive, non-privileged documents, if any exist."

24      To date, Defendant has neither produced documents relevant to RFP Nos. 3 or 7, nor has he

25  provided Plaintiff with an indication of his inability to comply therewith.  Plaintiff requests that the Court

26  compel Plaintiff to produce all responsive, non-privileged documents in his possession, custody, or control,

27  or to affirmatively state, in a verified response, that no such documents exist.

28      ***Interrogatory No. 2:*** This interrogatory asks Plaintiff to list each communication in which he held

2

himself out to be or represented that he was affiliated with Plaintiff on or after July 6, 2020.  In his amended response to Interrogatory No. 2, Defendant attempted to unilaterally limit the definition of "affiliated with" to mean "employed by," and on the basis of that purported scope limitation, represented that he had "no communications to disclose."  **Exhibit B** at 4.

At the parties' June 24, 2022 teleconference, Plaintiff's counsel explained that Plaintiff sought all communications by Defendant with any third party, wherein Defendant discussed Plaintiff's business or attempted to negotiate on its behalf  **Exhibit D**.  During the parties subsequent meet and confer, Plaintiff's counsel explained to Defendant that he should understand the term "affiliated" according to its ordinary meaning—"i.e., 'a attached, associated, or connected with a person, entity, or organization.'"  **Exhibit F**.  Despite these clarifications, Defendant has failed to supplement his response.

***Requests for Admissions Nos. 4 - 6:*** Plaintiff's Requests for Admission ("RFAs") Nos. 4 and 6 ask Defendant to admit that (i) he was not authorized to delete Plaintiff's slack account on July 6, 2020 (RFA 4); and (ii) he was not authorized to access any accounts belonging to Defendant following his termination on July 6, 2020.  In response to both RFAs Nos. 4 and 6, Defendant professed confusion regarding the word "authorized."  Further, with respect to RFA Nos. 5 and 6, Defendant attempted to limit the scope of the request to pertain to "events after July 7, 2020"—despite the fact that the plain language of RFAs Nos. 5 and 6 establish the timeframe to begin on July 6, 2020. **Exhibit C** at 4-5.

In subsequent meet and confer correspondence, Plaintiff has explained to Defendant that he should understand "authorized" according to its ordinary meaning—i.e., to mean "given official permission for or approval." **Exhibit F**.  Plaintiff also corrected Defendant's attempt, in RFAs Nos. 5 and 6, to limit his response to the period following July 7, 2020, pointing out that the requests cover the period beginning July *6*, 2020. **Exhibit D**.  Despite these clarifications, Plaintiff has refused to amend his responses.

***Interrogatories Nos. 6 and 7:*** Plaintiff has also sought further responses to its Interrogatories Nos. 6 and 7.  Interrogatory No. 6 asks Defendant to, for all of his RFA response that are not unqualified admissions, (i) state the factual bases for his response; (ii) identify all persons with knowledge of those facts; and (iii) describe all documents and tangible things that support Defendant's response.  Interrogatory No. 7 similarly asked Defendant for the factual bases, witnesses, and documentary support for each of his denials of a material allegation and each special or affirmative defense in his pleadings.  Defendant

provided a limited response to Interrogatory No. 6, and no substantive response to Interrogatory No. 7, on the basis that both Interrogatories constituted compound requests.  At the parties' June 24, 2022 teleconference, Defendant, through prior counsel, agreed to provide supplemental responses, provided the parties agree that each subpart of Interrogatories 6 and 7 constitute a separate interrogatory.

Accordingly, in Plaintiff's subsequent meet and confer efforts with Defendant, Plaintiff proposed that the parties agree that, with respect to Interrogatory No. 6, it would be deemed a separate Interrogatory with respect to each of Defendant's responses to each of Plaintiff's RFAs.  Plaintiff similarly proposed that Interrogatory No. 7 be considered a separate interrogatory with respect to each of Plaintiff's special or affirmative defenses.  However, despite these proposed compromises, Defendant has not agreed to supplement his responses to either Interrogatory.

## II.      DEFENDANT FAILED TO PROVIDE A POSITION

Counsel for Plaintiff repeatedly asked Defendant to provide an insert with his position on this discovery dispute.  For example, on Friday, March 17, 2023, counsel for Plaintiff informed Defendant that "[w]e will provide our portion of the brief by early next week, with a placeholder for your portion.  Please make sure to return the letter brief with your portion inserted in by no later than **4pm Pacific Time on March 22, 2023** so that we can ensure a timely filing." A copy of these email communications is filed concurrently herewith as **Exhibit G**.  Plaintiff's counsel provided Defendant with Plaintiff's portion of the brief at 9:15 a.m. on March 21, 2023, and again requested that Defendant return his portion of the brief by 4pm Pacific Time on March 22, 2023.  Plaintiff's counsel advised Defendant that if Plaintiff did not receive Defendant's portion by that time, Plaintiff would need to file separately.  Defendant did not timely provide an insert with this position.  As a result, Plaintiff submits this statement solely on Plaintiff's behalf.

Dated: March 22, 2023

Respectfully Submitted,

/s/ Carl J. Kaplan

Steven L. Friedlander
Carl J. Kaplan
Attorneys for Plaintiff TRUSTLABS, INC.

# EXHIBIT A

1 KASOWITZ BENSON TORRES LLP
Jason S. Takenouchi (SBN 234835)
2 101 California Street, Suite 3000
San Francisco, California 94111
3 Telephone:    (415) 421-6140
Facsimile:    (415) 398-5030
4 JTakenouchi@kasowitz.com

5 Attorneys for Defendant
DANIEL JAIYONG AN

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 TRUSTLABS, INC., a Delaware Corporation,          Case No. 3:21-cv-02606-CRB

12                   Plaintiff,          **DEFENDANT'S AMENDED
                                         RESPONSES AND OBJECTIONS TO
13          v.                           PLAINTIFF'S REQUESTS FOR
                                         PRODUCTION OF DOCUMENTS (SET
14 DANIEL JAIYONG AN,                    ONE)**

15                   Defendant.          Dept:        6
                                         Judge:       Charles R. Breyer
16                                       Trial Date: TBA
                                         Date Action Filed: April 4, 2021
17

18 PROPOUNDING PARTY:    Plaintiff TRUSTLABS, INC.

19 RESPONDING PARTY:     Defendant DANIEL JAIYONG AN

20 SET NUMBER:           One

21          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"),

22 and the Local Civil Rules for the Northern District of California (the "Local Rules"), defendant

23 Daniel Jaiyong An ("Defendant" or "Jaiyong An") hereby submits his amended responses and

24 objections to plaintiff TrustLabs, Inc.'s ("Plaintiff" or "TrustLabs") First Set of Requests for

25 Production of Documents (the "Requests," and each a "Request") as follows:

26 :

27                    **PRELIMINARY STATEMENT**

28          1.       Defendant's investigation and development of all facts and circumstances relating

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1  to this action is ongoing.  These responses and objections are made without prejudice to, and are

2  not a waiver of, Defendant's right to rely on other facts or documents at trial.

3        2.      By making the accompanying responses and objections to Plaintiff's requests and

4  interrogatories, Defendant does not waive, and hereby expressly reserves, his right to assert any

5  and all objections as to the admissibility of such responses into evidence in this action, or in any

6  other proceedings, on any and all grounds including, but not limited to, competency, relevancy,

7  materiality, and privilege.  Further, Defendant makes the responses and objections herein without

8  in any way implying that he considers the requests and interrogatories, and responses to the

9  requests and interrogatories, to be relevant or material to the subject matter of this action.

10        3.      A response to a request or interrogatory stating and/or indicating that documents

11  will be produced shall not be deemed or construed to be a statement that there are, in fact,

12  responsive documents, that Defendant performed any of the acts described in the request,

13  interrogatory, or definitions and/or instructions applicable to the request or interrogatory, or that

14  Defendant acquiesces in the characterization of the conduct or activities contained in the request,

15  interrogatory, or definitions and/or instructions applicable to the request or interrogatory.

16        4.      Responding Party expressly reserves the right to supplement, clarify, revise, or

17  correct any or all of the responses and objections herein, and to assert additional objections or

18  privileges, in one or more subsequent supplemental response(s).

19                              **GENERAL OBJECTIONS**

20        These General Objections to Plaintiff's First Set of Requests for Production of Documents

21  are incorporated in each response below as if repeated and stated separately in each response.

22        1.      Defendant objects to each instruction, definition, request, and interrogatory to the

23  extent that it purports to impose any requirement or discovery obligation greater than or different

24  from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the

25  Court.

26        2.      Defendant objects to each request and interrogatory that is overly broad, unduly

27  burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

28        3.      Defendant objects to each instruction, definition, request, and interrogatory to the

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                                          Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1   extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney

2   work product doctrine, or any other applicable privilege.  Should any such disclosure by

3   Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

4          4.      Defendant objects to each instruction, definition, request, and interrogatory as

5   overbroad and unduly burdensome to the extent it seeks documents or information that are readily

6   or more accessible to Plaintiff from Plaintiff's own files, or from documents or information in

7   Plaintiff's possession.  Responding to such requests and interrogatories would be oppressive,

8   unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests

9   and interrogatories are substantially the same or less for Plaintiff as for Defendant.

10         5.      To the extent any of Plaintiff's requests or interrogatories seek documents or

11  answers that include expert material, including but not limited to survey materials, Defendant

12  objects to any such requests and interrogatories as premature and expressly reserves the right to

13  supplement, clarify, revise, or correct any or all responses to such requests, and to assert

14  additional objections or privileges, in one or more subsequent supplemental response(s) in

15  accordance with the time period for exchanging expert reports set by the Court.

16         6.      Defendant incorporates by reference every general objection set forth above into

17  each specific response set forth below.  A specific response may repeat a general objection for

18  emphasis or some other reason.  The failure to include any general objection in any specific

19  response does not waive any general objection to that request.  Moreover, Responding Party does

20  not waive his right to amend his responses.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS REFERRING TO PLAINTIFF'S SLACK
ACCOUNT during the period of September 1, 2019 to September 1, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant incorporates his General Objections by reference.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1      Defendant objects to this request as vague and ambiguous due to the use of the phrase

2 "during the period."  Defendant will limit his reasonable search, if any, to documents generated

3 between September 1, 2019, and September 1, 2020.

4      Defendant objects to this request to the extent it seeks the collection of documents that are

5 more accessible to Plaintiff than to Defendant.

6      Defendant objects to this request to the extent it seeks the production of documents

7 protected by the work product doctrine and/or attorney-client privilege, or any other protection or

8 privilege from discovery.

9      Subject to and without waiver of the objections above, Defendant responds as follows:

10 Defendant will perform a reasonable search and produce any responsive, non-privileged

11 documents.  Defendant reserves the right to supplement or amend this response as discovery

12 commences.

13 **REQUEST FOR PRODUCTION NO. 2:**

14      All COMMUNICATIONS between YOU and any SLACK employee REFERRING TO

15 PLAINTIFF's SLACK ACCOUNT during the period of January 1, 2020 to September 1, 2020.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

17      Defendant incorporates his General Objections by reference.

18      Defendant objects to this request as vague and ambiguous due to the use of the phrase

19 "during the period."  Defendant will limit his reasonable search, if any, to documents generated

20 between September 1, 2019, and September 1, 2020.

21      Defendant objects to this request to the extent it seeks the collection of documents that are

22 more accessible to Plaintiff than to Defendant.

23      Defendant objects to this request to the extent it seeks the production of documents

24 protected by the work product doctrine and/or attorney-client privilege, or any other protection or

25 privilege from discovery.

26      Subject to and without waiver of the objections above, Defendant responds as follows:

27 Defendant will perform a reasonable search and produce any responsive, non-privileged

28

1    documents.  Defendant reserves the right to supplement or amend this response as discovery

2    commences.

3    **REQUEST FOR PRODUCTION NO. 3:**

4          DOCUMENTS sufficient to list each time YOU attempted to access any accounts

5    belonging to PLAINTIFF (including, without limitation, accounts with REDDIT or HUBSPOT)

6    during the period of July 6, 2020 to September 1, 2020.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

8          Defendant incorporates his General Objections by reference.

9          Defendant objects to this request as vague and ambiguous due to the use of the phrase

10   "during the period."  Defendant will limit his reasonable search, if any, to documents generated

11   between July 6, 2020, and September 1, 2020.

12         Defendant objects to this request as vague and ambiguous due to the use of the phrase

13   "sufficient to list."  Defendant's reasonable search, if any, will be limited to documents showing

14   "attempt[s] to access" the specified accounts.

15         Defendant objects to this request to the extent it seeks the collection of documents that are

16   more accessible to Plaintiff than to Defendant.

17         Defendant objects to this request to the extent it seeks the production of documents

18   protected by the work product doctrine, the attorney-client privilege, or any other protection or

19   privilege from discovery.

20         Subject to and without waiver of the objections above, Defendant responds as follows:

21   Defendant will perform a reasonable search and produce any responsive, non-privileged

22   documents, if any exist.  Defendant reserves the right to supplement or amend this response as

23   discovery commences.

24   **REQUEST FOR PRODUCTION NO. 4:**

25         All DOCUMENTS and COMMUNICATIONS REFERRING TO the termination of

26   YOUR positions as PLAINTIFF's CEO and/or President and/or Board Member.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

28         Defendant incorporates his General Objections by reference.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1    Defendant objects to this request as overbroad to the extent it does not contain a date

2    range.  Defendant will limit his reasonable search, if any, to documents generated before the

3    initiation of this litigation.

4    Defendant objects to this request to the extent it seeks the collection of documents that are

5    more accessible to Plaintiff than to Defendant.

6    Defendant objects to this request to the extent it seeks the production of documents

7    protected by the work product doctrine, the attorney-client privilege, or any other protection or

8    privilege from discovery.

9    Subject to and without waiver of the objections above, Defendant responds as follows:

10    Defendant will perform a reasonable search and produce any responsive, non-privileged

11    documents, if any exist.  Defendant reserves the right to supplement or amend this response as

12    discovery commences.

13    **REQUEST FOR PRODUCTION NO. 5:**

14    All DOCUMENTS and COMMUNICATIONS REFERRING TO the reassignment of

15    YOUR duties as PLAINTIFF's CEO, President and/or Board Member.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

17    Defendant incorporates his General Objections by reference.

18    Defendant objects to this request as overbroad to the extent it does not contain a date

19    range.  Defendant will limit his reasonable search, if any, to documents generated before the

20    initiation of this litigation.

21    Defendant objects to this request as vague and ambiguous due to the use of the phrase

22    "reassignment of YOUR duties."  Defendant's reasonable search, if any, will be limited to

23    documents referencing the full "reassignment" of all od Defendant's duties.

24    Defendant objects to this request to the extent it seeks the collection of documents that are

25    more accessible to Plaintiff than to Defendant.

26    Defendant objects to this request to the extent it seeks the production of documents

27    protected by the work product doctrine, the attorney-client privilege, or any other protection or

28    privilege from discovery.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1    Subject to and without waiver of the objections above, Defendant responds as follows:

2    Defendant will perform a reasonable search and produce any responsive, non-privileged

3    documents, if any exist.  .  Defendant reserves the right to supplement or amend this response as

4    discovery commences.

5    **REQUEST FOR PRODUCTION NO. 6:**

6    All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR agreement to

7    provide PLAINTIFF with a resignation of employment letter by 4 p.m. Pacific Time on Monday,

8    July 6, 2020.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

10    Defendant incorporates his General Objections by reference.

11    Defendant objects to this request as overbroad to the extent it does not contain a date

12    range.  Defendant will limit his reasonable search, if any, to documents generated before the

13    initiation of this litigation.

14    Defendant objects to this request to the extent it seeks the collection of documents that are

15    more accessible to Plaintiff than to Defendant.

16    Defendant objects to this request to the extent it seeks the production of documents

17    protected by the work product doctrine, the attorney-client privilege, or any other protection or

18    privilege from discovery.

19    Subject to and without waiver of the objections above, Defendant responds as follows:

20    Defendant will perform a reasonable search and produce any responsive, non-privileged

21    documents, if any exist.  Defendant reserves the right to supplement or amend this response as

22    discovery commences.

23    **REQUEST FOR PRODUCTION NO. 7:**

24    All DOCUMENTS and COMMUNICATIONS in which YOU held yourself out to be or

25    represented that you were affiliated with PLAINTIFF on or after July 6, 2020.

26    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

27    Defendant incorporates his General Objections by reference.

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1      Defendant objects to this request as overbroad to the extent it does not contain a date

2 range.  Defendant will limit his reasonable search, if any, to documents generated before the

3 initiation of this litigation.

4      Defendant objects to this request to the extent it seeks the collection of documents that are

5 more accessible to Plaintiff than to Defendant.

6      Defendant objects to this request to the extent it seeks the production of documents

7 protected by the work product doctrine, the attorney-client privilege, or any other protection or

8 privilege from discovery.

9      Subject to and without waiver of the objections above, Defendant responds as follows:

10 Defendant will perform a reasonable search and produce any responsive, non-privileged

11 documents, if any exist.  Defendant reserves the right to supplement or amend this response as

12 discovery commences.

13 **REQUEST FOR PRODUCTION NO. 8:**

14      All DOCUMENTS and COMMUNICATIONS REFERRING TO the transition of

15 PLAINTIFF's online chat communications from a paid subscription service to no-cost options.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

17      Defendant incorporates his General Objections by reference.

18      Defendant objects to this request as overbroad to the extent it does not contain a date

19 range.  Defendant will limit his reasonable search, if any, to documents generated before the

20 initiation of this litigation.

21      Defendant objects to this request to the extent it seeks the collection of documents that are

22 more accessible to Plaintiff than to Defendant.

23      Defendant objects to this request to the extent it seeks the production of documents

24 protected by the work product doctrine, the attorney-client privilege, or any other protection or

25 privilege from discovery.

26      Subject to and without waiver of the objections above, Defendant responds as follows:

27 Defendant will perform a reasonable search and produce any responsive, non-privileged

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8      Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1    documents.  Defendant reserves the right to supplement or amend this response as discovery

2    commences.

3    **REQUEST FOR PRODUCTION NO. 9:**

4         All DOCUMENTS and COMMUNICATIONS REFERRING TO the transition of

5    PLAINTIFF's online chat communications from SLACK to other options.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

7         Defendant incorporates his General Objections by reference.

8         Defendant objects to this request as overbroad to the extent it does not contain a date

9    range.  Defendant will limit his reasonable search, if any, to documents generated before the

10   initiation of this litigation.

11        Defendant objects to this request to the extent it seeks the collection of documents that are

12   more accessible to Plaintiff than to Defendant.

13        Defendant objects to this request to the extent it seeks the production of documents

14   protected by the work product doctrine, the attorney-client privilege, or any other protection or

15   privilege from discovery.

16        Subject to and without waiver of the objections above, Defendant responds as follows:

17   Defendant will perform a reasonable search and produce any responsive, non-privileged

18   documents, if any exist.  Defendant reserves the right to supplement or amend this response as

19   discovery commences.

20   **REQUEST FOR PRODUCTION NO. 10:**

21        All DOCUMENTS and COMMUNICATIONS purporting to give YOU authority to

22   delete PLAINTIFF's SLACK ACCOUNT.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

24        Defendant incorporates his General Objections by reference.

25        Defendant objects to this request as overbroad to the extent it does not contain a date

26   range.  Defendant will limit his reasonable search, if any, to documents generated before the

27   initiation of this litigation.

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1    Defendant objects to this request to the extent it seeks the collection of documents that are

2    more accessible to Plaintiff than to Defendant.

3    Defendant objects to this request to the extent it seeks the production of documents

4    protected by the work product doctrine, the attorney-client privilege, or any other protection or

5    privilege from discovery.

6    Subject to and without waiver of the objections above, Defendant responds as follows:

7    Defendant will perform a reasonable search and produce any responsive, non-privileged

8    documents, if any exist.  Defendant reserves the right to supplement or amend this response as

9    discovery commences.

10    **REQUEST FOR PRODUCTION NO. 11:**

11    ALL DOCUMENTS that YOU identified in your responses to the special interrogatories,

12    served herewith.

13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

14    Defendant incorporates his amended objections and responses to Plaintiff's first set of

15    interrogatories.

16    Defendant incorporates his General Objections by reference.

17    Defendant objects to this request as overbroad to the extent it does not contain a date

18    range.  Defendant will limit his reasonable search, if any, to documents generated before the

19    initiation of this litigation.

20    Defendant objects to this request to the extent it seeks the collection of documents that are

21    more accessible to Plaintiff than to Defendant.

22    Defendant objects to this request to the extent it seeks the production of documents

23    protected by the work product doctrine, the attorney-client privilege, or any other protection or

24    privilege from discovery.

25    Subject to and without waiver of the objections above, Defendant responds as follows:

26    Defendant will perform a reasonable search and produce any responsive, non-privileged

27    documents, if any exist.  Defendant reserves the right to supplement or amend this response as

28    discovery commences.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and COMMUNICATIONS REFERRING TO any of the factual events alleged in PLAINTIFF's Complaint or YOUR Answer to PLAINTIFF's Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant incorporates his General Objections by reference.

Defendant objects to this request as overbroad to the extent it does not contain a date range.  Defendant will limit his reasonable search, if any, to documents generated before the initiation of this litigation.

Defendant objects to this request to the extent it seeks the collection of documents that are more accessible to Plaintiff than to Defendant.

Defendant objects to this request as overbroad and unduly burdensome.

Defendant objects to this request to the extent it seeks the production of documents protected by the work product doctrine, the attorney-client privilege, or any other protection or privilege from discovery.

Subject to and without waiver of the objections above, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiff about a reasonable scope for this request. Defendant reserves the right to supplement or amend this response as discovery commences.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS REFERRING TO PLAINTIFF that YOU have not returned to PLAINTIFF as of the termination of YOUR employment by PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant incorporates his General Objections by reference.

Defendant objects to this request as overbroad to the extent it does not contain a date range.  Defendant will limit his reasonable search, if any, to documents generated before the initiation of this litigation.

Defendant objects to this request to the extent it seeks the collection of documents that are more accessible to Plaintiff than to Defendant.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1      Defendant objects to this request as overbroad and unduly burdensome to the extent it

2  seeks all documents "referring to plaintiff," regardless of whether plaintiff has any cognizable

3  right to the return of such documents.

4      Defendant objects to this request to the extent it seeks the production of documents

5  protected by the work product doctrine, the attorney-client privilege, or any other protection or

6  privilege from discovery.

7      Subject to and without waiver of the objections above, Defendant responds as follows:

8  Defendant is willing to meet and confer with Plaintiff about a reasonable scope for this request.

9  Defendant reserves the right to supplement or amend this response as discovery commences.

10

11  Dated: May 12, 2022                        KASOWITZ BENSON TORRES LLP

12

13                                             By: /s/ Jason S. Takenouchi
                                                   Jason S. Takenouchi
14

15                                             Attorneys for Defendant
                                               DANIEL JAIYONG AN
16

17

18

19

20

21

22

23

24

25

26

27

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1

**CERTIFICATE OF SERVICE**

2

I, Linda L. Rich, declare that I am employed by Kasowitz Benson Torres LLP, located in

3

the City and County of San Francisco, at the business address of 101 California Street, Suite

4

3000, San Francisco, California 94111.  I am over the age of eighteen years and am not a party to

5

this matter.

6

On May 12, 2022, I served the following document(s):

7

- **DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)**

8

9

On the interested parties in this action as follows:

10

☒  **BY EMAIL**.  I caused the document(s) to be transmitted to the person(s) at the electronic service address above.

11

☒  **BY MAIL**.  I placed the above-documents in sealed envelope(s), with postage

12

thereon fully prepaid, for collection and mailing at San Francisco, California, following ordinary business practices.  I am readily familiar with the practices of Kasowitz Benson Torres LLP for processing of correspondence, said practice being that in the ordinary course of business,

13

correspondence is deposited in the United States Postal Service the same day as it is placed for

14

processing.

15

| | |
|---|---|
| STEVEN L. FRIEDLANDER | *Attorneys for Plaintiff* |
| GALEN P. SALLOMI | *Trustlabs, Inc.* |
| CARL KAPLAN | |
| SV EMPLOYMENT LAW FIRM PC | |
| 160 Bovet Road, Suite 401 | |
| San Mateo, California 94402 | |
| Telephone: (650) 265-0222 | |
| Facsimile: (650) 265-0223 | |
| Email: sfriedlander@svelf.com | |
| gsallomi@svelf.com | |
| ckaplan@svelf.com | |

16

17

18

19

20

21

22

I declare under penalty of perjury that the foregoing is true and correct. Executed on

May 12, 2022, in San Francisco, California.

23

24

25

_Linda L. Rich_

26

Linda L. Rich

27

28

# EXHIBIT B

1   KASOWITZ BENSON TORRES LLP
    Jason S. Takenouchi (SBN 234835)
2   101 California Street, Suite 3000
    San Francisco, California  94111
3   Telephone:      (415) 421-6140
    Facsimile:      (415) 398-5030
4   JTakenouchi@kasowitz.com

5   Attorneys for Defendant
    DANIEL JAIYONG AN
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  TRUSTLABS, INC., a Delaware Corporation,        Case No. 3:21-cv-02606-CRB

12                 Plaintiff,                        **DEFENDANT'S AMENDED
                                                     RESPONSES AND OBJECTIONS TO
13          v.                                       PLAINTIFF'S INTERROGATORIES
                                                     (SET ONE)**
14  DANIEL JAIYONG AN,
                                                     Dept:        6
15                 Defendant.                        Judge:      Charles R. Breyer
                                                     Trial Date: TBA
16                                                   Date Action Filed: April 4, 2021

17

18
    PROPOUNDING PARTY:    Plaintiff TRUSTLABS, INC.
19
    RESPONDING PARTY:     Defendant DANIEL JAIYONG AN
20
    SET NUMBER:           One
21

22

23

24

25

26

27

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2    and the Local Civil Rules for the Northern District of California (the "Local Rules"), defendant

3    Daniel Jaiyong An ("Defendant" or "Jaiyong An") hereby submits his amended responses and

4    objections to plaintiff TrustLabs, Inc. ("Plaintiff" or "TrustLabs") First Set of Interrogatories as

5    follows:

6                                  **PRELIMINARY STATEMENT**

7            1.    Defendant's investigation and development of all facts and circumstances relating

8    to this action is ongoing.  These responses and objections are made without prejudice to, and are

9    not a waiver of, Defendant's right to rely on other facts or documents at trial.

10           2.    By making the accompanying responses and objections to Plaintiff's requests and

11   interrogatories, Defendant does not waive, and hereby expressly reserves, his right to assert any

12   and all objections as to the admissibility of such responses into evidence in this action, or in any

13   other proceedings, on any and all grounds including, but not limited to, competency, relevancy,

14   materiality, and privilege.  Further, Defendant makes the responses and objections herein without

15   in any way implying that he considers the requests and interrogatories, and responses to the

16   requests and interrogatories, to be relevant or material to the subject matter of this action.

17           3.    A response to a request or interrogatory stating and/or indicating that documents

18   will be produced shall not be deemed or construed to be a statement that there are, in fact,

19   responsive documents, that Defendant performed any of the acts described in the request,

20   interrogatory, or definitions and/or instructions applicable to the request or interrogatory, or that

21   Defendant acquiesces in the characterization of the conduct or activities contained in the request,

22   interrogatory, or definitions and/or instructions applicable to the request or interrogatory.

23           4.    Responding Party expressly reserves the right to supplement, clarify, revise, or

24   correct any or all of the responses and objections herein, and to assert additional objections or

25   privileges, in one or more subsequent supplemental response(s).

26                                  **GENERAL OBJECTIONS**

27           These General Objections to Plaintiff's First Set of Interrogatories are incorporated in

28   each response below as if repeated and stated separately in each response.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1.      Defendant objects to each instruction, definition, request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Defendant objects to each request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendant objects to each instruction, definition, request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  Should any such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.      Defendant objects to each instruction, definition, request, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Plaintiff from Plaintiff's own files, or from documents or information in Plaintiff's possession.  Responding to such requests and interrogatories would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatories are substantially the same or less for Plaintiff as for Defendant.

5.      To the extent any of Plaintiff's requests or interrogatories seek documents or answers that include expert material, including but not limited to survey materials, Defendant objects to any such requests and interrogatories as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

6.      Defendant incorporates by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.  Moreover, Responding Party does not waive his right to amend his responses.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1

**RESPONSES TO INTERROGATORIES**

2

**INTERROGATORY NO. 1:**

3    IDENTIFY each PERSON who knew in advance that you would delete PLAINTIFF's

4    SLACK ACCOUNT.

5

**RESPONSE TO INTERROGATORY NO. 1:**

6    Defendant incorporates his General Objections by reference.  Defendant objects to the

7    extent this Interrogatory seeks information that is not in Defendant's knowledge—*i.e.*, the identity

8    of everyone "who knew in advance," regardless of whether Defendant was aware of that person's

9    knowledge.  Defendant will limit his response to only those individuals whom Defendant

10    currently recalls he informed of his plan to delete the Slack account.

11    Defendant objects to the term "Identify" to the extent it requests anything other than the

12    name of persons who are associated with Plaintiff.

13    Subject to and without waiver of the objections above, Defendant responds as follows:

14    Rafael Cosman.  Defendant reserves the right to supplement or amend this response as discovery

15    commences.

16

**INTERROGATORY NO. 2:**

17    List each COMMUNICATION in which YOU held yourself out to be or represented that

18    you were affiliated with PLAINTIFF on or after July 6, 2020 and IDENTIFY each PERSON who

19    participated in such COMMUNICATIONS.

20

**RESPONSE TO INTERROGATORY NO. 2:**

21    Defendant incorporates his General Objections by reference.  Defendant objects to this

22    interrogatory as vague to the extent it uses the undefined term "affiliated with."  Defendant will

23    define this term to mean "employed by."

24    Subject to and without waiver of the objections above, Defendant responds as follows:

25    Defendant has no communications to disclose.  Defendant reserves the right to supplement or

26    amend this response as discovery commences.

27

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1    **INTERROGATORY NO. 3:**

2        Do you contend that you deleted PLAINTIFF's SLACK account on July 6, 2020 in order

3    to "transition TrustLabs's online chat communications from a paid subscription service to a no-

4    cost option as a cost reduction measure"? If so, state each fact which you believe supports your

5    contention.

6    **RESPONSE TO INTERROGATORY NO. 3:**

7        Defendant incorporates his General Objections by reference.  Defendant objects to this

8    interrogatory as premature to the extent it seeks "each fact" in support of the stated contention.

9    Defendant will respond based on his current knowledge, and reserves the right to supplement or

10   amend this response as discovery commences.

11       Subject to and without waiver of the objections above, Defendant responds as follows:

12   Defendant believed at the time he deleted the Slack account that one of the benefits of moving to

13   a no-cost option was the reduction of costs for the company.  Defendant believed that Slack

14   charged or was planning to charge on a per-user basis.  Defendant reserves the right to

15   supplement or amend this response as discovery commences.

16   **INTERROGATORY NO. 4:**

17       Do you contend that you were authorized to delete PLAINTIFF's SLACK account? If so,

18   state each fact which you believe supports your contention.

19   **RESPONSE TO INTERROGATORY NO. 4:**

20       Defendant incorporates his General Objections by reference.  Defendant objects to this

21   interrogatory as premature to the extent it seeks "each fact" in support of the stated contention.

22   Defendant will respond based on his current knowledge, and reserves the right to supplement or

23   amend this response as discovery commences.

24       Subject to and without waiver of the objections above, Defendant responds as follows:

25   Defendant established and was the sole administrator of the Slack account.  As president and

26   CEO of the company, and one of two board members at the time, Defendant was authorized to

27   make decisions about the company's operations, including the Slack account.  Defendant reserves

28   the right to supplement or amend this response as discovery commences.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                          Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

**INTERROGATORY NO. 5:**

Do you contend that you were authorized to access any accounts belonging to PLAINTIFF (including, without limitation, accounts with REDDIT or HUBSPOT) after PLAINTIFF terminated YOUR employment on July 6, 2020? If so, state each fact which you believe supports your contention.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant incorporates his General Objections by reference.  Defendant objects to this interrogatory as premature to the extent it seeks "each fact" in support of the stated contention. Defendant will respond based on his current knowledge, and reserves the right to supplement or amend this response as discovery commences.

Defendant objects to this interrogatory as unintelligible to the extent it is premised on Plaintiff's assertion that it "terminated YOUR employment on July 6, 2020."  In its complaint Plaintiff asserts that the termination was July 7.

Subject to and without waiver of the objections above, Defendant responds as follows: Defendant does not contend he was authorized to access the specified accounts after July 7, 2020, if he had been properly terminated by Plaintiff on that date.  Defendant has served discovery on Plaintiff seeking documents concerning the purported termination on July 7.  Defendant reserves the right to supplement or amend this response as discovery commences.

**INTERROGATORY NO. 6:**

Is your response to each Request for Admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) IDENTIFY all PERSONS who have knowledge of those facts; and d) describe all DOCUMENTS and tangible things that support your response and IDENTIFY each PERSON who has each DOCUMENT or thing.

**RESPONSE TO INTERROGATORY NO. 6A, 6B, 6C AND 6D:**

Defendant incorporates his General Objections by reference.  Defendant objects to this interrogatory as premature to the extent it seeks "all facts," "all Persons" and "All Documents."

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Defendant's response, if any, will be based on his current knowledge, and he reserves the right to

2   supplement or amend any response as discovery commences.

3        Defendant objects to this interrogatory as compound.  It seeks information on a range of

4   Requests for Admission, and seeks different categories of information as to each Request for

5   Admission.  Defendant will respond as to the first Request for Admission that is not an

6   unqualified admission, and will treat this interrogatory as four separate interrogatories (i.e., (A)

7   state all facts upon which you base your response; (B) IDENTIFY all PERSONS who have

8   knowledge of those facts; (C) describe all DOCUMENTS and tangible things that support your

9   response, and (D) IDENTIFY each PERSON who has each DOCUMENT or thing").

10        Defendant objects to the term "Identify" to the extent it requests anything other than the

11   name of persons who are associated with Plaintiff.

12        Defendant objects to the extent this interrogatory seeks information protected by the

13   attorney-client privilege, the attorney work product doctrine, or any similar privilege or protection

14   from discovery.

15        Subject to and without waiver of the objections above, Defendant responds as follows:

16   Defendant's response to Request for Admission No. 1 is not an unqualified admission.  With

17   respect to Request for Admission No. 1, Defendant responds as follows:

18   - 6A: Alex de Lorraine discussed holding a shareholder vote regarding Defendant's

19     role before he was informed of his purported termination.  Defendant does not

20     recall that the discussion focused on "reassigning YOUR duties."

21   - 6B: Alex de Lorraine, Rafael Cosman.

22   - 6C: Defendant does not currently have documents to disclose.

23   - 6D: Defendant is not aware whether the individuals listed in response to

24     interrogatory 6B are in possession of documents responsive to this interrogatory.

25        Defendant reserves the right to supplement or amend this response as discovery

26   commences.

27

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**INTERROGATORY NO. 7:**

2      Identify each denial of a material allegation and each special or affirmative defense in

3  your pleadings and for each: (a) state all facts upon which you base the denial or special or

4  affirmative defense; (b) IDENTIFY all PERSONS who have knowledge of those facts; (c)

5  describe all DOCUMENTS and tangible things that support your denial or special or affirmative

6  defense and IDENTIFY each PERSON who has each DOCUMENT or thing.

7  **RESPONSE TO INTERROGATORY NO. 7:**

8      Defendant incorporates his General Objections by reference.  Defendant objects to this

9  interrogatory as premature to the extent it seeks "all facts," "all Persons" and "All Documents."

10  Defendant's response, if any, will be based on his current knowledge, and he reserves the right to

11  supplement or amend any response as discovery commences.

12      Defendant objects to this interrogatory as compound.  It seeks information on a range of

13  "material allegation[s]" and "each special or affirmative defense," and seeks different categories

14  of information with respect to each.

15      Defendant objects to the term "Identify" to the extent it requests anything other than the

16  name of persons who are associated with Plaintiff.

17      Defendant objects to the extent this interrogatory seeks information protected by the

18  attorney-client privilege, the attorney work product doctrine, or any similar privilege or protection

19  from discovery.

20      Subject to and without waiver of the objections above, Defendant responds as follows:

21  Defendant is willing to meet and confer with Plaintiff about the scope of this interrogatory and

22  the number of interrogatories Plaintiff intends.  Defendant reserves the right to supplement or

23  amend this response as discovery commences.

24

25

26

27

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8            Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1    Dated: May 12, 2022                    KASOWITZ BENSON TORRES LLP

2

3                                           By: /s/ Jason S. Takenouchi

4                                              Jason S. Takenouchi

5                                           Attorneys for Defendant
                                            DANIEL JAIYONG AN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>VERIFICATION</u>**

I, Daniel Jaiyong An, declare as follows:

I am the defendant in the above-captioned action.  I have read the foregoing

DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S

INTERROGATORIES (SET ONE).  As to those matters of which I have personal knowledge, I

verify that they are true and correct.  As to those matters of which I have no personal knowledge,

I am informed and to the best of my knowledge believe the matters therein to be true, and on that

ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.  Executed at San Juan, Puerto Rico on this 11th day of May, 2022.

_____

Daniel Jaiyong An

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10         Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

## CERTIFICATE OF SERVICE

I**,** Linda L. Rich, declare that I am employed by Kasowitz Benson Torres LLP, located in the City and County of San Francisco, at the business address of 101 California Street, Suite 3000, San Francisco, California 94111.  I am over the age of eighteen years and am not a party to this matter.

On May 12, 2022, I served the following document(s):

- **DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

On the interested parties in this action as follows:

☒  **BY EMAIL**.  I caused the document(s) to be transmitted to the person(s) at the electronic service address above.

☒  **BY MAIL**.  I placed the above-documents in sealed envelope(s), with postage thereon fully prepaid, for collection and mailing at San Francisco, California, following ordinary business practices.  I am readily familiar with the practices of Kasowitz Benson Torres LLP for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

| | |
|---|---|
| STEVEN L. FRIEDLANDER<br>GALEN P. SALLOMI<br>CARL KAPLAN<br>SV EMPLOYMENT LAW FIRM PC<br>160 Bovet Road, Suite 401<br>San Mateo, California 94402<br>Telephone: (650) 265-0222<br>Facsimile: (650) 265-0223<br>Email: sfriedlander@svelf.com<br>      gsallomi@svelf.com<br>      ckaplan@svelf.com | *Attorneys for Plaintiff*<br>*Trustlabs, Inc.* |

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 12, 2022, in San Francisco, California.

Linda L. Rich

_____
Linda L. Rich

# EXHIBIT C

KASOWITZ BENSON TORRES LLP
Jason S. Takenouchi (SBN 234835)
101 California Street, Suite 3000
San Francisco, California  94111
Telephone:      (415) 421-6140
Facsimile:      (415) 398-5030
JTakenouchi@kasowitz.com

Attorneys for Defendant
DANIEL JAIYONG AN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTLABS, INC., a Delaware Corporation, | Case No. 3:21-cv-02606-CRB |
| Plaintiff, | **DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)** |
| v. | |
| DANIEL JAIYONG AN, | Dept:        6 |
| Defendant. | Judge:      Charles R. Breyer<br>Trial Date: TBA<br>Date Action Filed: April 4, 2021 |

PROPOUNDING PARTY:     Plaintiff TRUSTLABS, INC.

RESPONDING PARTY:     Defendant DANIEL JAIYONG AN

SET NUMBER:           One

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"), and the Local Civil Rules for the Northern District of California (the "Local Rules"), defendant Daniel Jaiyong An ("Defendant" or "Jaiyong An") hereby submits his amended responses and objections to the First Set of Requests for Admission (the "Requests," and each a "Request") from plaintiff TrustLabs, Inc. ("Plaintiff" or "TrustLabs") as follows:

**PRELIMINARY STATEMENT**

1.     Defendant's investigation and development of all facts and circumstances relating to this action is ongoing.  These responses and objections are made without prejudice to, and are

1    not a waiver of Defendant's right to rely on other facts or documents at trial.

2         2.      By making the accompanying responses and objections to Plaintiff's requests and

3    interrogatories, Defendant does not waive, and hereby expressly reserves, his right to assert any

4    and all objections as to the admissibility of such responses into evidence in this action, or in any

5    other proceedings, on any and all grounds including, but not limited to, competency, relevancy,

6    materiality, and privilege.  Further, Defendant makes the responses and objections herein without

7    in any way implying that he considers the requests and interrogatories, and responses to the

8    requests and interrogatories, to be relevant or material to the subject matter of this action.

9         3.      Defendanty reserves the right to supplement, clarify, revise, or correct any or all of

10   the responses and objections herein, and to assert additional objections or privileges, in one or

11   more subsequent supplemental response(s).

12                              **GENERAL OBJECTIONS**

13        1.      Defendant objects to each instruction, definition, request, and interrogatory to the

14   extent that it purports to impose any requirement or discovery obligation greater than or different

15   from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the

16   Court.

17        2.      Defendant objects to each request and interrogatory that is overly broad, unduly

18   burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

19        3.      Defendant objects to each instruction, definition, request, and interrogatory to the

20   extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney

21   work product doctrine, or any other applicable privilege.  Should any such disclosure by

22   Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

23        4.      To the extent any of Plaintiff's requests or interrogatories seek documents or

24   answers that include expert material, Defendant objects to any such requests and interrogatories

25   as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all

26   responses to such requests, and to assert additional objections or privileges, in one or more

27   subsequent supplemental response(s) in accordance with the time period for exchanging expert

28   reports set by the Court.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                          Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)

1

## RESPONSES TO REQUESTS FOR ADMISSION

2 **REQUEST FOR ADMISSION NO. 1:**

3      Admit that YOU and PLAINTIFF discussed reassigning YOUR duties as CEO and

4 President to Rafael Cosman and/or Alex de Lorraine.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

6      Defendant incorporates his General Objections by reference.

7      Defendant objects to this request as compound to the extent it uses the term "and/or."

8 Defendant will treat this request as stating "and" rather than "and/or."

9      Defendant objects to this request as vague and unduly burdensome to the extent it uses the

10 undefined phrase "reassigning YOUR duties."  Defendant will interpret this to mean a full

11 reassignment of all duties that Defendant had as CEO and President.

12      Subject to and without waiver of the objections above, Defendant responds as follows:

13 Denied.

14 **REQUEST FOR ADMISSION NO. 2:**

15      Admit that YOU agreed to provide a letter of employment resignation to PLAINTIFF by 4

16 p.m. Pacific Time on Monday, July 6, 2020.

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

18      Defendant incorporates his General Objections by reference.  Defendant objects to this

19 request as ambiguous to the extent it could be interpreted as asking whether he made the specified

20 agreement "on Monday, July 6."  Defendant will interpret the request as asking whether he made

21 the specified agreement at some before 4 p.m. Pacific Time on Monday, July 6, 2020, and

22 whether that agreement was that he would provide a resignation letter by 4 p.m. Pacific Time on

23 Monday, July 6, 2020.

24      Subject to and without waiver of the objections above, Defendant responds as follows:

25 Denied.

26 **REQUEST FOR ADMISSION NO. 3:**

27      Admit that YOU deleted PLAINTIFF's SLACK ACCOUNT on July 6, 2020.

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

2          Defendant incorporates his General Objections by reference.

3          Subject to and without waiver of the objections above, Defendant responds as follows:

4    Admitted.

5    **REQUEST FOR ADMISSION NO. 4:**

6          Admit that YOU were not authorized to delete PLAINTIFF's SLACK ACCOUNT on July

7    6, 2020.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

9          Defendant incorporates his General Objections by reference.

10         Defendant objects to this request as vague and ambiguous to the extent it uses the

11   undefined term "authorized," and to the extent that term could be construed to call for a legal

12   conclusion.  Defendant will apply the common sense definition of "authorized" to this request.

13         Subject to and without waiver of the objections above, Defendant responds as follows:

14   Denied.

15   **REQUEST FOR ADMISSION NO. 5:**

16         Admit that YOU accessed or attempted to access accounts belonging to PLAINTIFF

17   (including, without limitation, accounts with REDDIT or HUBSPOT) after PLAINTIFF

18   terminated YOUR employment on July 6, 2020.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

20         Defendant incorporates his General Objections by reference.

21         Defendant objects to this request as compound to the extent it uses the term "or."

22   Defendant will limit this request to "accessed," and exclude the term "attempted to access.

23         Defendant objects to this request to the extent it misstates the date of his purported

24   termination.  Defendant will interpret this request to focus on events after July 7, 2020, which is

25   the date Plaintiff claims he was terminated.

26         Subject to and without waiver of the objections above, Defendant responds as follows:

27   Denied.

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                      Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)

1

**REQUEST FOR ADMISSION NO. 6:**

2      Admit that YOU were not authorized to access accounts belonging to PLAINTIFF

3   (including, without limitation, accounts with REDDIT or HUBSPOT) after PLAINTIFF

4   terminated YOUR employment on July 6, 2020.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

6      Defendant incorporates his General Objections by reference.

7      Defendant objects to this request as vague and ambiguous to the extent it uses the

8   undefined term "authorized," and to the extent that term could be construed to call for a legal

9   conclusion.  Defendant will apply the common sense definition of "authorized" to this request.

10      Defendant objects to this request to the extent it misstates the date of his purported

11   termination.  Defendant will interpret this request to focus on events after July 7, 2020, which is

12   the date Plaintiff claims he was terminated.

13      Defendant objects to this request to the extent it assumes Defendant was notified of

14   Plaintiff's purported termination of his employment on July 7, 2020.

15      Subject to and without waiver of the objections above, Defendant responds as follows:

16   Denied.

17

18   Dated: May 12, 2022                    KASOWITZ BENSON TORRES LLP

19

20                                          By:/s/ Jason S. Takenouchi

21                                             Jason S. Takenouchi

22                                          Attorneys for Defendant
                                            DANIEL JAIYONG AN

23

24

25

26

27

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                          Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)

1

## CERTIFICATE OF SERVICE

2

     I**,** Linda L. Rich, declare that I am employed by Kasowitz Benson Torres LLP, located in

3

the City and County of San Francisco, at the business address of 101 California Street, Suite

4

3000, San Francisco, California 94111.  I am over the age of eighteen years and am not a party to

5

this matter.

6

     On May 12, 2022, I served the following document(s):

7

- **DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)**

8

9

     On the interested parties in this action as follows:

10

     ☒  **BY EMAIL**.  I caused the document(s) to be transmitted to the person(s) at the electronic service address above.

11

     ☒  **BY MAIL**.  I placed the above-documents in sealed envelope(s), with postage

12

thereon fully prepaid, for collection and mailing at San Francisco, California, following ordinary business practices.  I am readily familiar with the practices of Kasowitz Benson Torres LLP for processing of correspondence, said practice being that in the ordinary course of business,

13

correspondence is deposited in the United States Postal Service the same day as it is placed for

14

processing.

15

| | |
|---|---|
| STEVEN L. FRIEDLANDER<br>GALEN P. SALLOMI<br>CARL KAPLAN<br>SV EMPLOYMENT LAW FIRM PC<br>160 Bovet Road, Suite 401<br>San Mateo, California 94402<br>Telephone: (650) 265-0222<br>Facsimile: (650) 265-0223<br>Email: sfriedlander@svelf.com<br>     gsallomi@svelf.com<br>     ckaplan@svelf.com | *Attorneys for Plaintiff*<br>*Trustlabs, Inc.* |

16

17

18

19

20

21

     I declare under penalty of perjury that the foregoing is true and correct. Executed on

22

May 12, 2022, in San Francisco, California.

23

24

25

*Linda L. Rich*

26

_____
     Linda L. Rich

27

28

# EXHIBIT D

| From: | Galen Sallomi |
|---|---|
| To: | Jason S. Takenouchi |
| Cc: | Steven Friedlander; Carl Kaplan; Katheryn Wenger |
| Subject: | Trustlabs v. An - Follow-up re meet and confer about discovery responses |
| Date: | Wednesday, July 6, 2022 4:06:00 PM |
| Attachments: | image001.png |

Hi Jason,

The purpose of this email is to summarize our June 24 conversation about the parties' discovery responses and to respond to the questions you asked on our call.  Please let us know if anything in the summary paragraphs below does not comport with your understanding.

As a preliminary matter, we understand you disagree with our position that Mr. An's new objections are improper and that we are at an impasse on this point.  We discussed several objections in detail.

- We explained that RFP No. 3 requested a document (or documents) that showed each time Mr. An tried to access any account belonging to Trustlabs after he was terminated as CEO during the relevant time-period, including a browser history showing whether he accessed any relevant websites and any emails that were sent to his accounts showing that he accessed or attempted to access these accounts.  You agreed to search for these documents.

- We then discussed the definition of "held yourself out to be or represented that you were affiliated" as the phrase is used in RFP No. 7 and SROG No. 2, and I explained that we are seeking all communications Mr. An had with any third party where he discussed Trustlabs' business or negotiated on behalf of Trustlabs.  We explained Trustlabs is aware he continued to communicate with TrustLabs' investors (*i.e.*, people and entities that hold Trustlabs assets or tokens) or potential investors after he was removed from his position as CEO.  You agreed to search for these documents.

- We then discussed the definition of the word "authorized" as used in RFA Nos. 4, 6 and I explained we were seeking Mr. An's legal position on whether he was authorized, as the word is used in the statutes that form the basis for Plaintiff's cause of action, to perform the specified actions.  Please confirm you will provide an amended response to these requests.

- We also explained that RFA No. 5 was asking whether Plaintiff accessed or attempted to access accounts belonging to Plaintiff after July 6, 2020 (not after July 7, 2020).  Please confirm you will provide an amended response to this request.

- We discussed SROG No. 6 & 7.  You argued the objections were proper because these were based on the California form interrogatories and are not proper in federal court.  You offered to respond if we agreed these would count for multiple interrogatories.

Please provide Mr. An's second amended responses to RFP Nos. 3, 7, SROG No. 2, and (assuming you agree) RFA Nos 4–6, please do so by July 15, 2022 (*i.e.*, three weeks from our conversation).

We then discussed the basis for Defendant's RFPs.  In summary, you argued this information was

relevant for two reasons: 1) to show Defendant was not actually terminated and thus was authorized to access the accounts; and 2) that Trustlabs terminated Defendant's employment in order to prevent him from issuing a refund to token-holders and to prevent him from disclosing information, which would show that Trustlabs had unclean hands.

- Regarding the first category, I explained we would produce all non-privileged documents that referred to the termination of Defendants' employment, the reasons for the termination, and any documents that were considered or relied upon when making that decision.  We will also produce documents evincing the logistics of the termination and the emergency board meeting.  I agreed to determine whether it would be possible to produce all documents where someone raised a concern about An and, if the scope of this request is not overly burdensome, agreed to produce these documents.  Please confirm this resolves the first issue.
- Regarding the second issue, I asked you to send us any relevant authority that supported this theory, *i.e.*, where a Court held a party was not liable for violating 18 U.S.C. § 1030, 18 U.S.C. § 2701, or Cal. Pen. code § 502 because of the victim's unclean hands.

We discussed the challenges with collecting and producing documents from the different data sources the parties used to communicate with each other and third parties.  We agreed to make efforts to provide responsive documents as promptly as possible.

Regards,
Galen

Galen P. Sallomi
(He, Him, His)
**SV Employment Law Firm PC**

160 Bovet Road, Suite 401
San Mateo, CA  94402
gsallomi@svelf.com
**tel**: (650) 265-0222; **cell**: (415) 940-5998
**fax**: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT E



Carl J. Kaplan
(650) 265-0222
ckaplan@svelf.com

December 5, 2022

*VIA EMAIL (djan92@gmail.com)*

Daniel Jaiyong An
404 Ave De La Constitucion
San Juan, Puerto Rico  00901

> RE:    *TrustLabs, Inc. vs. Daniel Jaiyong An*
>        Case No. 3:21-cv-02606-CRB

Dear Mr. An:

We write to address certain deficiencies in your responses to plaintiff TrustLabs, Inc.'s ("Plaintiff" or "TrustLabs") written discovery. We have previously raised these issues with your prior counsel; as you are now representing yourself *pro per*, we address these issues directly to you. Also attached for your reference are (1) TrustLabs' first set of written discovery in this matter (collectively, Exhibit 1 hereto); and (2) your amended responses to TrustLabs' first set of written discovery (collectively, Exhibit 2 hereto).

Please review the following and confirm whether you will agree to voluntarily provide the information and documents referenced therein by no later than close of business on **Monday, December 19, 2022**.

## Request for Production No. 3

This request asks for a document (or documents) listing each time that you attempted to access any account belonging to TrustLabs after you were terminated as CEO, during the time period of July 6, 2020, through September 1, 2020, including a browser history demonstrating whether you accessed any relevant websites, as well as emails sent to your accounts demonstrating that you either accessed or attempted to access these accounts.

Your prior counsel, Mr. Takenouchi of Kasowitz Benson Torres LLP, agreed to search for these documents. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

## Request for Production No. 7; Special Interrogatory No. 2:

Mr. Takenouchi and our firm previously discussed the phrase "held yourself out to be represented that you were affiliated" as used in TrustLabs' Request for Production No. 7 and Special Interrogatory No. 2. We explained that we are seeking identification and production of all

Daniel Jaiyong An
December 5, 2022
Page 2

communications you had with any third parties in which you discussed TrustLabs' business or attempted to negotiate on behalf of TrustLabs on or after July 6, 2020 (i.e., the date of your termination).  We also explained to Mr. Takenouchi that TrustLabs is aware that, following your removal as CEO, you continued to communicate with TrustLabs' investors (i.e., individuals and entities that hold TrustLabs assets and/or tokens) or potential investors, purportedly on behalf of the company.

Mr. Takenouchi agreed to search for documents relevant to these requests.  Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

## Requests for Admissions Nos. 4 and 6

Mr. Takenouchi and our firm also discussed the definition of the word "authorized" as used in TrustLabs' Requests for Admissions, Nos. 4 and 6, to which you had previously objected as vague and ambiguous.  We explained that we were seeking your legal position on whether you were authorized, as the word is used in the statutes that form the bases for TrustLabs' causes of action,[1] to perform the specified actions.

Please provide amended responses to these requests by no later than two weeks from the date of this letter.

## Request for Admissions No. 5

We also previously explained to Mr. Takenouchi that TrustLabs' Request for Admission No. 5 asks whether you accessed or attempted to access accounts belonging to TrustLabs after **July 6, 2020** (and not, as your response provides, after July 7, 2020).

Please provide an amended response to this request by no later than two weeks from the date of this letter.

## Special Interrogatories Nos. 6 and 7.

In discussing your objections to these special interrogatories, Mr. Takenouchi agreed to provide further responses to these interrogatories, provided that we agreed these would count for multiple interrogatories.

With respect to Special Interrogatory No. 6, we will agree that this interrogatory will be deemed a separate interrogatory with respect to your responses to each of  TrustLabs' Requests for Admission that is not an unqualified admission. For instance, your response with respect to

---

[1] See 18 U.S.C. § 1030 (TrustLabs' first cause of action); 18 U.S.C. § 2701 (TrustLabs' second cause of action); Cal. Penal Code, § 502 (TrustLabs' third cause of action).

Daniel Jaiyong An
December 5, 2022
Page 3

Request for Admission No. 2, inclusive of subparts (a)-(d) in Special Interrogatory No. 6, would constitute a response to a separate special interrogatory.

At present, you have provided answers that are not unqualified admissions to TrustLabs' Requests for Admissions Nos. 1, 2, 4, 5, and 6 (though, as discussed above, that number may be subject to change depending on your amended responses to Requests for Admission Nos. 4, 5, and 6). Accordingly, under our proposal, your responses to Special Interrogatory No. 6 with respect to each such Request for Admission would constitute a total of five separate special interrogatories.

We will agree to a similar treatment of your responses to Special Interrogatory No. 7, such that your response with respect to each affirmative defense raised in your Answer, inclusive of subparts (a)-(c) of Special Interrogatory No. 7, would constitute a response to a separate special interrogatory.

You have pleaded 11 affirmative defenses. Accordingly, under our proposal, your response to Special Interrogatory No. 7, (a)-(c), with respect to each such affirmative defense would constitute a total of 11 separate special interrogatories.

Please provide supplemental responses to Special Interrogatories Nos. 6 and 7 in view of the foregoing proposal by no later than two weeks from the date of this letter.

*Conclusion*

Thank you for your attention to this matter, and we look forward to your response. As noted above, we request your responses by no later than two weeks from the date of this letter, on Monday, December 19, 2022.

Sincerely,

Carl J. Kaplan
**SV EMPLOYMENT LAW FIRM PC**

cc:     Steven L. Friedlander, Esq.

Borel Financial Center  •  160 Bovet Road, Suite 401  •  San Mateo, CA 94402
www.svelf.com

# EXHIBIT 1

STEVEN L. FRIEDLANDER (SBN 154146)
GALEN P. SALLOMI (SBN 306743)
CARL J. KAPLAN (SBN 323019)
SV EMPLOYMENT LAW FIRM PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
Telephone:      (650) 265-0222
Facsimile:      (650) 265-0223
Email:          sfriedlander@svelf.com
                gsallomi@svelf.com
                ckaplan@svelf.com

Attorneys for Plaintiff TRUSTLABS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTLABS, INC., a Delaware Corporation, | Case No. 3:21-cv-2606-CRB |
| Plaintiff, | |
| vs. | **PLAINTIFF'S INTERROGATORIES TO DEFENDANT DANIEL JAIYONG AN (SET ONE)** |
| DANIEL JAIYONG AN, | |
| Defendant. | |

**PROPOUNDING PARTY:**      PLAINTIFF TRUSTLABS, INC.

**RESPONDING PARTY:**       DEFENDANT DANIEL JAIYONG AN

**SET NUMBER:**             ONE

1

1    YOU ARE HEREBY REQUESTED, pursuant to Rules 26 and 33 of the Federal Rules of Civil
2 Procedure, to answer the following Interrogatories separately, fully, and under oath within thirty (30) days
3 of the original service of these Interrogatories.

4                                              **DEFINITIONS**

5        As used herein, the following terms are intended to have the meanings indicated:

6    1.       "COMMUNICATION" or "COMMUNICATIONS" means any transmission or exchange
7 of information, opinions, or thoughts, whether orally, in writing, or otherwise, including but not limited to
8 the following: (i) any written letter, memorandum, report, note, facsimile, electronic message, email, or
9 other document; (ii) any telephone call, text message, or voicemail message; and (iii) any conversation or
10 meeting between two or more PERSONS.

11   2.       "DOCUMENT" or "DOCUMENTS" means a writing as defined by Federal Rules of
12 Evidence Rule 1001.

13   3.       "INCLUDING" means "including but not limited to and without limitation" and
14 "INCLUDES" means "includes but is not limited to and without limitation."

15   4.       "PERSON" or "PERSONS" means, without limitation, any natural person, firm, entity,
16 individual, corporation, partnership, limited partnership, association, joint venture, and/or any other
17 governmental and non-governmental entity.

18   5.       "IDENTIFY" means to provide the name, address, phone number, e-mail address, current
19 job title, and employer for the PERSON described in the interrogatory.

20   6.       "REFER TO," "REFERS TO," or "REFERRING TO" when used in connection with a
21 request includes DOCUMENTS including COMMUNICATIONS that discuss, analyze, reflect,
22 memorialize, evidence, embody, identify, concern, show, constitute, summarize, mention, or refer to, in
23 any way, the subject matter described in the request.

24   7.       "YOU," "YOUR," "DEFENDANT," or "AN" means Daniel Jaiyong An, as well as his
25 agents, representatives, accountants, brokers, attorneys, consultants, advisors, partners, and all PERSONS
26 or entities acting on behalf of Daniel Jaiyong An and subject to his control.

27   8.       "SLACK" means Slack Technologies, Inc. and "SLACK ACCOUNT" means the account
28

                                                        2

1  for the messaging system provided by Slack Technologies, Inc. and used by TrustLabs, Inc.

2      9.    "PLAINTIFF" means Plaintiff TrustLabs, Inc. as well as any affiliated entity or
3  employee.

4      10.    "HUBSPOT" means HubSpot, Inc.

5      11.    "REDDIT" means Reddit, Inc.

6      12.    In these Discovery Requests, each singular word shall include its plural and each plural
7  word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or
8  subjunctively as necessary to bring within the scope of discovery all responses which might otherwise be
9  construed to be outside its scope. Each of the following words includes the meaning of every other word:
10  "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the
11  past tense shall be construed to include the present tense.

12  ## INSTRUCTIONS

13      1.    In answering these Interrogatories, furnish all information available to Defendant, including
14  information in the possession of his attorneys, investigators, and all persons acting on his behalf. If
15  Defendant cannot answer any Interrogatory in full after exercising due diligence to secure the information,
16  so state and answer to the fullest extent possible, specifying thereafter the reason(s) why Defendant was
17  unable to answer the full Interrogatory and stating whatever information or knowledge Defendant has
18  concerning the unanswered portions.

19      2.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, the following Interrogatories
20  are to be considered as continuing, and Defendant is requested to provide, by way of supplemental answers
21  thereto, such additional information or documents as Defendant or any person(s) acting on his behalf may
22  hereafter obtain which would augment, clarify, or otherwise modify the answers now given to these
23  Interrogatories. Such supplemental responses are to be filed and served upon counsel for Plaintiff after
24  Defendant knows, or should know, of such information or documents.

3

1

**INTERROGATORIES**

2  **Interrogatory No. 1**

3        IDENTIFY each PERSON who knew in advance that you would delete PLAINTIFF's SLACK
4  ACCOUNT.

5  **Interrogatory No. 2**

6        List each COMMUNICATION in which YOU held yourself out to be or represented that you were
7  affiliated with PLAINTIFF on or after July 6, 2020 and IDENTIFY each PERSON who participated in
8  such COMMUNICATIONS.

9  **Interrogatory No. 3**

10       Do you contend that you deleted PLAINTIFF's SLACK account on July 6, 2020 in order to
11 "transition TrustLabs's online chat communications from a paid subscription service to a no-cost option as
12 a cost reduction measure"? If so, state each fact which you believe supports your contention.

13 **Interrogatory No. 4**

14       Do you contend that you were authorized to delete PLAINTIFF's SLACK account? If so, state
15 each fact which you believe supports your contention.

16 **Interrogatory No. 5**

17       Do you contend that you were authorized to access any accounts belonging to PLAINTIFF
18 (including, without limitation, accounts with REDDIT or HUBSPOT) after PLAINTIFF terminated YOUR
19 employment on July 6, 2020? If so, state each fact which you believe supports your contention.

20 **Interrogatory No. 6**

21       Is your response to each Request for Admission served with these interrogatories an unqualified
22 admission? If not, for each response that is not an unqualified admission: a) state the number of the request;
23 b) state all facts upon which you base your response; c) IDENTIFY all PERSONS who have knowledge
24 of those facts; and d) describe all DOCUMENTS and tangible things that support your response and
25 IDENTIFY each PERSON who has each DOCUMENT or thing.

26

27

28

4

**Interrogatory No. 7**

Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts upon which you base the denial or special or affirmative defense; (b) IDENTIFY all PERSONS who have knowledge of those facts; (c) describe all DOCUMENTS and tangible things that support your denial or special or affirmative defense and IDENTIFY each PERSON who has each DOCUMENT or thing.

Dated: August 13, 2021

**SV EMPLOYMENT LAW FIRM PC**

By: _____

Steven L. Friedlander
Galen P. Sallomi
Carl J. Kaplan

Attorneys for Plaintiff
TRUSTLABS, INC.

5

1

## CERTIFICATE OF SERVICE

2        I, the undersigned, hereby certify that a true and correct copy of PLAINTIFF'S

3   INTERROGATORIES TO DEFENDANT DANIEL JAIYONG AN (SET ONE) was served on

4   Defendant's counsel of record via email and U.S. Mail.

5

6                                                    By: _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1  STEVEN L. FRIEDLANDER (SBN 154146)
   GALEN P. SALLOMI (SBN 306743)
2  CARL J. KAPLAN (SBN 323019)
   SV EMPLOYMENT LAW FIRM PC
3  160 Bovet Road, Suite 401
   San Mateo, CA 94402
4  Telephone:      (650) 265-0222
   Facsimile:      (650) 265-0223
5  Email:          sfriedlander@svelf.com
                   gsallomi@svelf.com
6                  ckaplan@svelf.com

7  Attorneys for Plaintiff TRUSTLABS, INC.

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | TRUSTLABS, INC., a Delaware Corporation,          Case No. 3:21-cv-02606-CRB

12 |                  Plaintiff,

13 |                                                    **PLAINTIFF'S REQUESTS FOR**
                                                        **ADMISSIONS TO DEFENDANT**
14 |                  vs.                               **DANIEL JAIYONG AN (SET ONE)**

15 | DANIEL JAIYONG AN,

16 |                  Defendant.

17

18 | **PROPOUNDING PARTY:**        PLAINTIFF TRUSTLABS, INC.

19 | **RESPONDING PARTY:**         DEFENDANT DANIEL JAIYONG AN

20 | **SET NUMBER:**               ONE

21

22

23

24

25

26

27

28

1

1    YOU ARE HEREBY REQUESTED, pursuant to Rules 26 and 36 of the Federal Rules of Civil
2   Procedure, to answer all of the following requests for admissions, in writing and under oath, to be answered
3   within thirty (30) days of the original service of these requests for admissions.

4                                              **DEFINITIONS**

5          As used herein, the following terms are intended to have the meanings indicated:

6          1.      "INCLUDING" means "including but not limited to and without limitation" and
7   "INCLUDES" means "includes but is not limited to and without limitation."

8          2.      "PERSON" or "PERSONS" means, without limitation, any natural person, firm, entity,
9   individual, corporation, partnership, limited partnership, association, joint venture, and/or any other
10  governmental and non-governmental entity.

11         3.      "YOU" means Daniel Jaiyong An, as well as his agents, representatives, accountants,
12  brokers, attorneys, consultants, advisors, partners, and all PERSONS or entities acting on behalf of Daniel
13  Jaiyong An and subject to his control.

14         4.      "SLACK" means Slack Technologies, Inc. and "SLACK ACCOUNT" means the
15  messaging system provided by Slack Technologies, Inc. and used by TrustLabs, Inc.

16         5.      "PLAINTIFF" means Plaintiff TrustLabs, Inc. as well as any affiliated entity or employee.

17         6.      "HUBSPOT" means HubSpot, Inc.

18         7.      "REDDIT" means Reddit, Inc.

19         8.      In these Discovery Requests, each singular word shall include its plural and each plural
20  word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or
21  subjunctively as necessary to bring within the scope of discovery all responses which might otherwise be
22  construed to be outside its scope. Each of the following words includes the meaning of every other word:
23  "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the
24  past tense shall be construed to include the present tense.

25  //

26  //

27  //

28

2

1

## REQUESTS FOR ADMISSIONS

2 **REQUEST NO. 1**

3        Admit that YOU and PLAINTIFF discussed reassigning YOUR duties as CEO and President to
4 Rafael Cosman and/or Alex de Lorraine.

5 **REQUEST NO. 2**

6        Admit that YOU agreed to provide a letter of employment resignation to PLAINTIFF by 4 p.m.
7 Pacific Time on Monday, July 6, 2020.

8 **REQUEST NO. 3**

9        Admit that YOU deleted PLAINTIFF's SLACK ACCOUNT on July 6, 2020.

10 **REQUEST NO. 4**

11        Admit that YOU were not authorized to delete PLAINTIFF's SLACK ACCOUNT on July 6, 2020.

12 **REQUEST NO. 5**

13        Admit that YOU accessed or attempted to access accounts belonging to PLAINTIFF (including,
14 without limitation, accounts with REDDIT or HUBSPOT) after PLAINTIFF terminated YOUR
15 employment on July 6, 2020.

16 **REQUEST NO. 6**

17        Admit that YOU were not authorized to access accounts belonging to PLAINTIFF (including,
18 without limitation, accounts with REDDIT or HUBSPOT) after PLAINTIFF terminated YOUR
19 employment on July 6, 2020.

20

21

22 Dated: August 13, 2021                    **SV EMPLOYMENT LAW FIRM PC**

23

24                                          By:

25                                              Steven L. Friedlander
26                                              Galen P. Sallomi
                                                Carl J. Kaplan
27
                                              Attorneys for Plaintiff
28                                            TRUSTLABS, INC.

3

1

## CERTIFICATE OF SERVICE

2    I, the undersigned, hereby certify that a true and correct copy of PLAINTIFF'S REQUESTS FOR

3  ADMISSIONS TO DEFENDANT DANIEL JAIYONG AN (SET ONE) was served on Defendant's

4  counsel of record via email and U.S. Mail.

5

6                                                      By:

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1  STEVEN L. FRIEDLANDER (SBN 154146)
   GALEN P. SALLOMI (SBN 306743)
2  CARL J. KAPLAN (SBN 323019)
   SV EMPLOYMENT LAW FIRM PC
3  160 Bovet Road, Suite 401
   San Mateo, CA 94402
4  Telephone:     (650) 265-0222
   Facsimile:     (650) 265-0223
5  Email:         sfriedlander@svelf.com
                  gsallomi@svelf.com
6                 ckaplan@svelf.com

7  Attorneys for Plaintiff TRUSTLABS, INC.

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 TRUSTLABS, INC., a Delaware Corporation,        Case No. 3:21-cv-2606-CRB

12              Plaintiff,

13                                                 **PLAINTIFF'S REQUESTS FOR
                                                   PRODUCTION TO DEFENDANT**
14        vs.                                      **DANIEL JAIYONG AN (SET ONE)**

15 DANIEL JAIYONG AN,

16              Defendant.

17

18 **PROPOUNDING PARTY:**       PLAINTIFF TRUSTLABS, INC.

19 **RESPONDING PARTY:**        DEFENDANT DANIEL JAIYONG AN

20 **SET NUMBER:**              ONE

21

22

23

24

25

26

27

28

                                    1

1   YOU ARE HEREBY REQUESTED, pursuant to Rules 26 and 34 of the Federal Rules of Civil

2   Procedure, to produce the following documents within thirty (30) days of the original service of the requests

3   at the law offices of Plaintiff's counsel, SV Employment Law Firm PC, 160 Bovet Road, Suite 401, San

4   Mateo, CA 94402.

**DEFINITIONS**

As used herein, the following terms are intended to have the meanings indicated:

1.      "COMMUNICATION" or "COMMUNICATIONS" means any transmission or exchange of information, opinions, or thoughts, whether orally, in writing, or otherwise, including but not limited to the following: (i) any written letter, memorandum, report, note, facsimile, electronic message, email, or other document; (ii) any telephone call, text message, or voicemail message; and (iii) any conversation or meeting between two or more PERSONS.

2.      "DOCUMENT" or "DOCUMENTS" means a writing as defined by Federal Rules of Evidence Rule 1001.

3.      "INCLUDING" means "including but not limited to and without limitation" and "INCLUDES" means "includes but is not limited to and without limitation."

4.      "PERSON" or "PERSONS" means, without limitation, any natural person, firm, entity, individual, corporation, partnership, limited partnership, association, joint venture, and/or any other governmental and non-governmental entity.

5.      "REFER TO," "REFERS TO," or "REFERRING TO" when used in connection with a request includes DOCUMENTS including COMMUNICATIONS that discuss, analyze, reflect, memorialize, evidence, embody, identify, concern, show, constitute, summarize, mention, or refer to, in any way, the subject matter described in the request.

6.      "YOU," "YOUR," "DEFENDANT," or "AN" means Daniel Jaiyong An, as well as his agents, representatives, accountants, brokers, attorneys, consultants, advisors, partners, and all PERSONS or entities acting on behalf of Daniel Jaiyong An and subject to his control.

7.      "SLACK" means Slack Technologies, Inc. and "SLACK ACCOUNT" means the account for the messaging system provided by Slack Technologies, Inc. and used by TrustLabs, Inc.

1  8.  "PLAINTIFF" means Plaintiff TrustLabs, Inc. as well as any affiliated entity or employee.

2  9.  "HUBSPOT" means HubSpot, Inc.

3  10.  "REDDIT" means Reddit, Inc.

4  11.  In these Discovery Requests, each singular word shall include its plural and each plural
5 word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or
6 subjunctively as necessary to bring within the scope of discovery all responses which might otherwise be
7 construed to be outside its scope. Each of the following words includes the meaning of every other word:
8 "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the
9 past tense shall be construed to include the present tense.

10
## INSTRUCTIONS

11  1.  The Requests require YOU to produce all documents that are in YOUR actual or
12 constructive possession, custody, or control, or in the possession, custody, or control of YOUR attorneys,
13 accountants, representatives, consultants, agents, employees, or anyone else acting on YOUR behalf.

14  2.  A DOCUMENT is deemed to be in YOUR possession, custody, or control if it is in YOUR
15 physical custody, or if it is in the physical custody of any other person and YOU (a) own such DOCUMENT
16 in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such
17 DOCUMENT on any terms; (c) have an understanding, express or implied, that YOU may use, inspect,
18 examine, or copy such DOCUMENT on any terms; or (d) have, as a practical matter, been able to use,
19 inspect, examine or copy such DOCUMENT when you have sought to do so. Such DOCUMENT shall
20 include, without limitation, DOCUMENTS that are in the custody or control of YOUR attorney(s) or other
21 agents.

22  3.  If YOU claim a DOCUMENT responsive to any Discovery request is no longer in YOUR
23 possession, custody, or control, state the following in YOUR response:

24    a.  The contents of the DOCUMENT;

25    b.  When such DOCUMENT was made;

26    c.  What was done with the DOCUMENT;

27    d.  The identity and address of the current custodian(s) of the DOCUMENT;

28

3

1     e. The name, address, and telephone number of the PERSON(S) who made the

2      decision to transfer or dispose of the DOCUMENT; and

3     f. The reasons for the transfer or disposition.

4   4. If YOU claim a DOCUMENT responsive to any Discovery Request has ceased to exist, set

5 forth the following in YOUR response:

6     a. The contents of the DOCUMENT;

7     b. The location(s) of any copies of the DOCUMENT;

8     c. The date upon which it ceased to exist;

9     d. The name, address, and telephone number of the PERSON(S) having knowledge of

10      the contents thereof.

11   5. YOU are to produce the original of each DOCUMENT where available. Where the original

12 of a DOCUMENT is not available, YOU are to produce a true and correct copy of such DOCUMENT.

13   6. If YOU claim any form of privilege or protection or other reason, whether based on statute

14 or otherwise, as a ground for not producing or providing the requested DOCUMENTS, please provide a

15 privilege log that identifies such DOCUMENT as privileged and states the legal and factual basis for the

16 claim of privilege. In the case of DOCUMENTS to which any form of privilege or protection is asserted,

17 in YOUR response, identify the following:

18     a. The title of the DOCUMENT;

19     b. The nature of the DOCUMENT (e.g., interoffice memorandum, correspondence,

20      report);

21     c. The author(s) or sender(s);

22     d. The addressee(s);

23     e. The date of the DOCUMENT;

24     f. The name of each PERSON to whom the original or a copy was shown or circulated;

25     g. The names appearing on any circulation list relating to the DOCUMENT;

26     h. The basis on which privilege is claimed; and

27     i. A summary statement of the subject matter of the DOCUMENT in sufficient detail

28

1          to permit the court to rule on the propriety of the objection.

2      7.      Where anything has been deleted or redacted from a DOCUMENT produced in response to

3  a Discovery Request:

4          a.      Specify the nature of the material deleted or redacted;

5          b.      Specify the reason for the deletion or redaction;

6          c.      Identify the PERSON responsible for the deletion; and

7          d.      Indicate on the DOCUMENT where material has been deleted.

8      8.      If, after exercising due diligence to secure the DOCUMENTS requested, YOU cannot

9  produce all responsive DOCUMENTS, so state, produce to the extent possible, specify the reasons why

10  YOU were unable to provide a full and complete response, and state what information and knowledge

11  YOU do have concerning the unproduced portion.

12      9.      DOCUMENTS produced in response to these Document Requests shall be identified as

13  responsive to the Request number to which the DOCUMENTS relate.

14      10.     All DOCUMENTS are to be produced I the form, order, and manner in which they are

15  maintained in YOUR files. DOCUMENTS are to be produced in the folders, cartons, or contains in which

16  they have been maintained, stored, clipped, stapled, or otherwise arranged in the same form and manner in

17  which they are found.

18      11.     ELECTRONICALLY STORED INFORMATION must be produced in native format

19  together with a description of the system from which it was derived and any executables or other files

20  necessary to permit rendering the materials intelligible.

21      12.     If YOU claim that all or any part of a Discovery Request is vague or ambiguous, identify

22  the specific language YOU consider vague or ambiguous and state the interpretation of the language in

23  question that YOU used to frame YOUR response.

24      13.     Pursuant to Federal Rule of Civil Procedure 26(e), each Request shall be deemed continuing,

25  and YOU shall be required to promptly provide further and supplemental production if YOU receive,

26  discover, become aware of, or create additional responsive documents subsequent to the date of the

27  Requests.

28

5

1 **REQUESTS FOR PRODUCTION**

2 **REQUEST NO. 1:**

3     All DOCUMENTS and COMMUNICATIONS REFERRING TO PLAINTIFF'S SLACK

4 ACCOUNT during the period of September 1, 2019 to September 1, 2020.

5 **REQUEST NO. 2:**

6     All COMMUNICATIONS between YOU and any SLACK employee REFERRING TO

7 PLAINTIFF's SLACK ACCOUNT during the period of January 1, 2020 to September 1, 2020.

8 **REQUEST NO. 3:**

9     DOCUMENTS sufficient to list each time YOU attempted to access any accounts belonging to

10 PLAINTIFF (including, without limitation, accounts with REDDIT or HUBSPOT) during the period of

11 July 6, 2020 to September 1, 2020.

12 **REQUEST NO. 4:**

13     All DOCUMENTS and COMMUNICATIONS REFERRING TO the termination of YOUR

14 positions as PLAINTIFF's CEO and/or President and/or Board Member.

15 **REQUEST NO. 5:**

16     All DOCUMENTS and COMMUNICATIONS REFERRING TO the reassignment of YOUR

17 duties as PLAINTIFF's CEO, President and/or Board Member.

18 **REQUEST NO. 6:**

19     All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR agreement to provide

20 PLAINTIFF with a resignation of employment letter by 4 p.m. Pacific Time on Monday, July 6, 2020.

21 **REQUEST NO. 7:**

22     All DOCUMENTS and COMMUNICATIONS in which YOU held yourself out to be or

23 represented that you were affiliated with PLAINTIFF on or after July 6, 2020.

24 **REQUEST NO. 8:**

25     All DOCUMENTS and COMMUNICATIONS REFERRING TO the transition of PLAINTIFF's

26 online chat communications from a paid subscription service to no-cost options.

27 **REQUEST NO. 9:**

28

1   All DOCUMENTS and COMMUNICATIONS REFERRING TO the transition of PLAINTIFF's

2   online chat communications from SLACK to other options.

3   **REQUEST NO. 10:**

4   All DOCUMENTS and COMMUNICATIONS purporting to give YOU authority to delete

5   PLAINTIFF's SLACK ACCOUNT.

6   **REQUEST NO. 11**

7   ALL DOCUMENTS that YOU identified in your responses to the special interrogatories, served

8   herewith.

9   **REQUEST NO. 12**

10   All DOCUMENTS and COMMUNICATIONS REFERRING TO any of the factual events

11   alleged in PLAINTIFF's Complaint or YOUR Answer to PLAINTIFF's Complaint.

12   **REQUEST NO. 13**

13   All DOCUMENTS REFERRING TO PLAINTIFF that YOU have not returned to PLAINTIFF as

14   of the termination of YOUR employment by PLAINTIFF.

15

16   Dated:  August 13, 2021                     **SV EMPLOYMENT LAW FIRM PC**

17

18                                              By:

19                                                   Steven L. Friedlander
                                                     Galen P. Sallomi
20                                                   Carl J. Kaplan

21                                                   Attorneys for Plaintiff
22                                                   TRUSTLABS, INC.

23

24

25

26

27

28

7

1 | **CERTIFICATE OF SERVICE**

2 |     I, the undersigned, hereby certify that a true and correct copy of PLAINTIFF'S REQUESTS FOR

3 | PRODUCTION TO DEFENDANT DANIEL JAIYONG AN (SET ONE) was served on Defendant's

4 | counsel of record via email and U.S. Mail.

6 | By: _____

8

# EXHIBIT 2

1

2

3

4

KASOWITZ BENSON TORRES LLP
Jason S. Takenouchi (SBN 234835)
101 California Street, Suite 3000
San Francisco, California  94111
Telephone:     (415) 421-6140
Facsimile:     (415) 398-5030
JTakenouchi@kasowitz.com

5

6

Attorneys for Defendant
DANIEL JAIYONG AN

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

TRUSTLABS, INC., a Delaware Corporation,

12

Plaintiff,

13

v.

14

DANIEL JAIYONG AN,

15

Defendant.

16

Case No. 3:21-cv-02606-CRB

**DEFENDANT'S AMENDED
RESPONSES AND OBJECTIONS TO
PLAINTIFF'S INTERROGATORIES
(SET ONE)**

Dept:          6
Judge:     Charles R. Breyer
Trial Date: TBA
Date Action Filed: April 4, 2021

17

18

19

PROPOUNDING PARTY:   Plaintiff TRUSTLABS, INC.

RESPONDING PARTY:    Defendant DANIEL JAIYONG AN

20

SET NUMBER:          One

21

22

23

24

25

26

27

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1      Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2    and the Local Civil Rules for the Northern District of California (the "Local Rules"), defendant

3    Daniel Jaiyong An ("Defendant" or "Jaiyong An") hereby submits his amended responses and

4    objections to plaintiff TrustLabs, Inc. ("Plaintiff" or "TrustLabs") First Set of Interrogatories as

5    follows:

6                                    **PRELIMINARY STATEMENT**

7      1.      Defendant's investigation and development of all facts and circumstances relating

8    to this action is ongoing.  These responses and objections are made without prejudice to, and are

9    not a waiver of, Defendant's right to rely on other facts or documents at trial.

10     2.      By making the accompanying responses and objections to Plaintiff's requests and

11   interrogatories, Defendant does not waive, and hereby expressly reserves, his right to assert any

12   and all objections as to the admissibility of such responses into evidence in this action, or in any

13   other proceedings, on any and all grounds including, but not limited to, competency, relevancy,

14   materiality, and privilege.  Further, Defendant makes the responses and objections herein without

15   in any way implying that he considers the requests and interrogatories, and responses to the

16   requests and interrogatories, to be relevant or material to the subject matter of this action.

17     3.      A response to a request or interrogatory stating and/or indicating that documents

18   will be produced shall not be deemed or construed to be a statement that there are, in fact,

19   responsive documents, that Defendant performed any of the acts described in the request,

20   interrogatory, or definitions and/or instructions applicable to the request or interrogatory, or that

21   Defendant acquiesces in the characterization of the conduct or activities contained in the request,

22   interrogatory, or definitions and/or instructions applicable to the request or interrogatory.

23     4.      Responding Party expressly reserves the right to supplement, clarify, revise, or

24   correct any or all of the responses and objections herein, and to assert additional objections or

25   privileges, in one or more subsequent supplemental response(s).

26                                    **GENERAL OBJECTIONS**

27     These General Objections to Plaintiff's First Set of Interrogatories are incorporated in

28   each response below as if repeated and stated separately in each response.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2          Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1        1.      Defendant objects to each instruction, definition, request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Defendant objects to each request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendant objects to each instruction, definition, request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  Should any such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.      Defendant objects to each instruction, definition, request, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Plaintiff from Plaintiff's own files, or from documents or information in Plaintiff's possession.  Responding to such requests and interrogatories would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatories are substantially the same or less for Plaintiff as for Defendant.

5.      To the extent any of Plaintiff's requests or interrogatories seek documents or answers that include expert material, including but not limited to survey materials, Defendant objects to any such requests and interrogatories as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

6.      Defendant incorporates by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.  Moreover, Responding Party does not waive his right to amend his responses.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3           Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

IDENTIFY each PERSON who knew in advance that you would delete PLAINTIFF's SLACK ACCOUNT.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates his General Objections by reference.  Defendant objects to the extent this Interrogatory seeks information that is not in Defendant's knowledge—*i.e.*, the identity of everyone "who knew in advance," regardless of whether Defendant was aware of that person's knowledge.  Defendant will limit his response to only those individuals whom Defendant currently recalls he informed of his plan to delete the Slack account.

Defendant objects to the term "Identify" to the extent it requests anything other than the name of persons who are associated with Plaintiff.

Subject to and without waiver of the objections above, Defendant responds as follows: Rafael Cosman.  Defendant reserves the right to supplement or amend this response as discovery commences.

**INTERROGATORY NO. 2:**

List each COMMUNICATION in which YOU held yourself out to be or represented that you were affiliated with PLAINTIFF on or after July 6, 2020 and IDENTIFY each PERSON who participated in such COMMUNICATIONS.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates his General Objections by reference.  Defendant objects to this interrogatory as vague to the extent it uses the undefined term "affiliated with."  Defendant will define this term to mean "employed by."

Subject to and without waiver of the objections above, Defendant responds as follows: Defendant has no communications to disclose.  Defendant reserves the right to supplement or amend this response as discovery commences.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

**INTERROGATORY NO. 3:**

Do you contend that you deleted PLAINTIFF's SLACK account on July 6, 2020 in order to "transition TrustLabs's online chat communications from a paid subscription service to a no-cost option as a cost reduction measure"? If so, state each fact which you believe supports your contention.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant incorporates his General Objections by reference.  Defendant objects to this interrogatory as premature to the extent it seeks "each fact" in support of the stated contention. Defendant will respond based on his current knowledge, and reserves the right to supplement or amend this response as discovery commences.

Subject to and without waiver of the objections above, Defendant responds as follows: Defendant believed at the time he deleted the Slack account that one of the benefits of moving to a no-cost option was the reduction of costs for the company.  Defendant believed that Slack charged or was planning to charge on a per-user basis.  Defendant reserves the right to supplement or amend this response as discovery commences.

**INTERROGATORY NO. 4:**

Do you contend that you were authorized to delete PLAINTIFF's SLACK account? If so, state each fact which you believe supports your contention.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant incorporates his General Objections by reference.  Defendant objects to this interrogatory as premature to the extent it seeks "each fact" in support of the stated contention. Defendant will respond based on his current knowledge, and reserves the right to supplement or amend this response as discovery commences.

Subject to and without waiver of the objections above, Defendant responds as follows: Defendant established and was the sole administrator of the Slack account.  As president and CEO of the company, and one of two board members at the time, Defendant was authorized to make decisions about the company's operations, including the Slack account.  Defendant reserves the right to supplement or amend this response as discovery commences.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                     Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

**INTERROGATORY NO. 5:**

Do you contend that you were authorized to access any accounts belonging to PLAINTIFF (including, without limitation, accounts with REDDIT or HUBSPOT) after PLAINTIFF terminated YOUR employment on July 6, 2020? If so, state each fact which you believe supports your contention.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant incorporates his General Objections by reference.  Defendant objects to this interrogatory as premature to the extent it seeks "each fact" in support of the stated contention. Defendant will respond based on his current knowledge, and reserves the right to supplement or amend this response as discovery commences.

Defendant objects to this interrogatory as unintelligible to the extent it is premised on Plaintiff's assertion that it "terminated YOUR employment on July 6, 2020."  In its complaint Plaintiff asserts that the termination was July 7.

Subject to and without waiver of the objections above, Defendant responds as follows: Defendant does not contend he was authorized to access the specified accounts after July 7, 2020, if he had been properly terminated by Plaintiff on that date.  Defendant has served discovery on Plaintiff seeking documents concerning the purported termination on July 7.  Defendant reserves the right to supplement or amend this response as discovery commences.

**INTERROGATORY NO. 6:**

Is your response to each Request for Admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) IDENTIFY all PERSONS who have knowledge of those facts; and d) describe all DOCUMENTS and tangible things that support your response and IDENTIFY each PERSON who has each DOCUMENT or thing.

**RESPONSE TO INTERROGATORY NO. 6A, 6B, 6C AND 6D:**

Defendant incorporates his General Objections by reference.  Defendant objects to this interrogatory as premature to the extent it seeks "all facts," "all Persons" and "All Documents."

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6                Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1   Defendant's response, if any, will be based on his current knowledge, and he reserves the right to

2   supplement or amend any response as discovery commences.

3         Defendant objects to this interrogatory as compound.  It seeks information on a range of

4   Requests for Admission, and seeks different categories of information as to each Request for

5   Admission.  Defendant will respond as to the first Request for Admission that is not an

6   unqualified admission, and will treat this interrogatory as four separate interrogatories (i.e., (A)

7   state all facts upon which you base your response; (B) IDENTIFY all PERSONS who have

8   knowledge of those facts; (C) describe all DOCUMENTS and tangible things that support your

9   response, and (D) IDENTIFY each PERSON who has each DOCUMENT or thing").

10        Defendant objects to the term "Identify" to the extent it requests anything other than the

11  name of persons who are associated with Plaintiff.

12        Defendant objects to the extent this interrogatory seeks information protected by the

13  attorney-client privilege, the attorney work product doctrine, or any similar privilege or protection

14  from discovery.

15        Subject to and without waiver of the objections above, Defendant responds as follows:

16  Defendant's response to Request for Admission No. 1 is not an unqualified admission.  With

17  respect to Request for Admission No. 1, Defendant responds as follows:

18        • 6A: Alex de Lorraine discussed holding a shareholder vote regarding Defendant's

19             role before he was informed of his purported termination.  Defendant does not

20             recall that the discussion focused on "reassigning YOUR duties."

21        • 6B: Alex de Lorraine, Rafael Cosman.

22        • 6C: Defendant does not currently have documents to disclose.

23        • 6D: Defendant is not aware whether the individuals listed in response to

24             interrogatory 6B are in possession of documents responsive to this interrogatory.

25        Defendant reserves the right to supplement or amend this response as discovery

26  commences.

27

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7                          Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1    **INTERROGATORY NO. 7:**

2        Identify each denial of a material allegation and each special or affirmative defense in

3    your pleadings and for each: (a) state all facts upon which you base the denial or special or

4    affirmative defense; (b) IDENTIFY all PERSONS who have knowledge of those facts; (c)

5    describe all DOCUMENTS and tangible things that support your denial or special or affirmative

6    defense and IDENTIFY each PERSON who has each DOCUMENT or thing.

7    **RESPONSE TO INTERROGATORY NO. 7:**

8        Defendant incorporates his General Objections by reference.  Defendant objects to this

9    interrogatory as premature to the extent it seeks "all facts," "all Persons" and "All Documents."

10   Defendant's response, if any, will be based on his current knowledge, and he reserves the right to

11   supplement or amend any response as discovery commences.

12       Defendant objects to this interrogatory as compound.  It seeks information on a range of

13   "material allegation[s]" and "each special or affirmative defense," and seeks different categories

14   of information with respect to each.

15       Defendant objects to the term "Identify" to the extent it requests anything other than the

16   name of persons who are associated with Plaintiff.

17       Defendant objects to the extent this interrogatory seeks information protected by the

18   attorney-client privilege, the attorney work product doctrine, or any similar privilege or protection

19   from discovery.

20       Subject to and without waiver of the objections above, Defendant responds as follows:

21   Defendant is willing to meet and confer with Plaintiff about the scope of this interrogatory and

22   the number of interrogatories Plaintiff intends.  Defendant reserves the right to supplement or

23   amend this response as discovery commences.

24

25

26

27

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1    Dated: May 12, 2022                          KASOWITZ BENSON TORRES LLP

2

3                                                 By: /s/ Jason S. Takenouchi
                                                      Jason S. Takenouchi
4
                                                  Attorneys for Defendant
5                                                 DANIEL JAIYONG AN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                                          9                  Case No. 3:21-cv-02606-CRB
                    DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>VERIFICATION</u>**

I, Daniel Jaiyong An, declare as follows:

I am the defendant in the above-captioned action.  I have read the foregoing

DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S

INTERROGATORIES (SET ONE).  As to those matters of which I have personal knowledge, I

verify that they are true and correct.  As to those matters of which I have no personal knowledge,

I am informed and to the best of my knowledge believe the matters therein to be true, and on that

ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.  Executed at San Juan, Puerto Rico on this 11th day of May, 2022.


_____

Daniel Jaiyong An

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10                          Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

## CERTIFICATE OF SERVICE

I, Linda L. Rich, declare that I am employed by Kasowitz Benson Torres LLP, located in the City and County of San Francisco, at the business address of 101 California Street, Suite 3000, San Francisco, California 94111.  I am over the age of eighteen years and am not a party to this matter.

On May 12, 2022, I served the following document(s):

- **DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

On the interested parties in this action as follows:

☒ **BY EMAIL**.  I caused the document(s) to be transmitted to the person(s) at the electronic service address above.

☒ **BY MAIL**.  I placed the above-documents in sealed envelope(s), with postage thereon fully prepaid, for collection and mailing at San Francisco, California, following ordinary business practices.  I am readily familiar with the practices of Kasowitz Benson Torres LLP for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

| | |
|---|---|
| STEVEN L. FRIEDLANDER<br>GALEN P. SALLOMI<br>CARL KAPLAN<br>SV EMPLOYMENT LAW FIRM PC<br>160 Bovet Road, Suite 401<br>San Mateo, California 94402<br>Telephone: (650) 265-0222<br>Facsimile: (650) 265-0223<br>Email: sfriedlander@svelf.com<br>     gsallomi@svelf.com<br>     ckaplan@svelf.com | *Attorneys for Plaintiff*<br>*Trustlabs, Inc.* |

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 12, 2022, in San Francisco, California.

_____
Linda L. Rich

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1                                    Case No. 3:21-cv-02606-CRB
CERTIFICATE OF SERVICE

1    KASOWITZ BENSON TORRES LLP
     Jason S. Takenouchi (SBN 234835)
2    101 California Street, Suite 3000
     San Francisco, California  94111
3    Telephone:     (415) 421-6140
     Facsimile:      (415) 398-5030
4    JTakenouchi@kasowitz.com

5    Attorneys for Defendant
     DANIEL JAIYONG AN

6

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11   TRUSTLABS, INC., a Delaware Corporation,      Case No. 3:21-cv-02606-CRB

12                      Plaintiff,                 **DEFENDANT'S AMENDED
                                                   RESPONSES AND OBJECTIONS TO
13              v.                                 PLAINTIFF'S REQUESTS FOR
                                                   ADMISSION (SET ONE)**
14   DANIEL JAIYONG AN,
                                                   Dept:          6
15                      Defendant.                 Judge:      Charles R. Breyer
                                                   Trial Date: TBA
16                                                 Date Action Filed: April 4, 2021

17

18   PROPOUNDING PARTY:    Plaintiff TRUSTLABS, INC.

19   RESPONDING PARTY:    Defendant DANIEL JAIYONG AN

     SET NUMBER:          One
20
            Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),
21
     and the Local Civil Rules for the Northern District of California (the "Local Rules"), defendant
22
     Daniel Jaiyong An ("Defendant" or "Jaiyong An") hereby submits his amended responses and
23
     objections to the First Set of Requests for Admission (the "Requests," and each a "Request")
24
     from plaintiff TrustLabs, Inc. ("Plaintiff" or "TrustLabs") as follows:
25
                            **PRELIMINARY STATEMENT**
26
            1.      Defendant's investigation and development of all facts and circumstances relating
27
     to this action is ongoing.  These responses and objections are made without prejudice to, and are
28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)

1    not a waiver of, Defendant's right to rely on other facts or documents at trial.

2         2.      By making the accompanying responses and objections to Plaintiff's requests and

3    interrogatories, Defendant does not waive, and hereby expressly reserves, his right to assert any

4    and all objections as to the admissibility of such responses into evidence in this action, or in any

5    other proceedings, on any and all grounds including, but not limited to, competency, relevancy,

6    materiality, and privilege.  Further, Defendant makes the responses and objections herein without

7    in any way implying that he considers the requests and interrogatories, and responses to the

8    requests and interrogatories, to be relevant or material to the subject matter of this action.

9         3.      Defendanty reserves the right to supplement, clarify, revise, or correct any or all of

10   the responses and objections herein, and to assert additional objections or privileges, in one or

11   more subsequent supplemental response(s).

12                              **GENERAL OBJECTIONS**

13        1.      Defendant objects to each instruction, definition, request, and interrogatory to the

14   extent that it purports to impose any requirement or discovery obligation greater than or different

15   from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the

16   Court.

17        2.      Defendant objects to each request and interrogatory that is overly broad, unduly

18   burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

19        3.      Defendant objects to each instruction, definition, request, and interrogatory to the

20   extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney

21   work product doctrine, or any other applicable privilege.  Should any such disclosure by

22   Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

23        4.      To the extent any of Plaintiff's requests or interrogatories seek documents or

24   answers that include expert material, Defendant objects to any such requests and interrogatories

25   as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all

26   responses to such requests, and to assert additional objections or privileges, in one or more

27   subsequent supplemental response(s) in accordance with the time period for exchanging expert

28   reports set by the Court.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU and PLAINTIFF discussed reassigning YOUR duties as CEO and President to Rafael Cosman and/or Alex de Lorraine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendant incorporates his General Objections by reference.

Defendant objects to this request as compound to the extent it uses the term "and/or." Defendant will treat this request as stating "and" rather than "and/or."

Defendant objects to this request as vague and unduly burdensome to the extent it uses the undefined phrase "reassigning YOUR duties." Defendant will interpret this to mean a full reassignment of all duties that Defendant had as CEO and President.

Subject to and without waiver of the objections above, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU agreed to provide a letter of employment resignation to PLAINTIFF by 4 p.m. Pacific Time on Monday, July 6, 2020.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendant incorporates his General Objections by reference. Defendant objects to this request as ambiguous to the extent it could be interpreted as asking whether he made the specified agreement "on Monday, July 6." Defendant will interpret the request as asking whether he made the specified agreement at some before 4 p.m. Pacific Time on Monday, July 6, 2020, and whether that agreement was that he would provide a resignation letter by 4 p.m. Pacific Time on Monday, July 6, 2020.

Subject to and without waiver of the objections above, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU deleted PLAINTIFF's SLACK ACCOUNT on July 6, 2020.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendant incorporates his General Objections by reference.

Subject to and without waiver of the objections above, Defendant responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU were not authorized to delete PLAINTIFF's SLACK ACCOUNT on July 6, 2020.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendant incorporates his General Objections by reference.

Defendant objects to this request as vague and ambiguous to the extent it uses the undefined term "authorized," and to the extent that term could be construed to call for a legal conclusion.  Defendant will apply the common sense definition of "authorized" to this request.

Subject to and without waiver of the objections above, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU accessed or attempted to access accounts belonging to PLAINTIFF (including, without limitation, accounts with REDDIT or HUBSPOT) after PLAINTIFF terminated YOUR employment on July 6, 2020.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant incorporates his General Objections by reference.

Defendant objects to this request as compound to the extent it uses the term "or." Defendant will limit this request to "accessed," and exclude the term "attempted to access.

Defendant objects to this request to the extent it misstates the date of his purported termination.  Defendant will interpret this request to focus on events after July 7, 2020, which is the date Plaintiff claims he was terminated.

Subject to and without waiver of the objections above, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU were not authorized to access accounts belonging to PLAINTIFF (including, without limitation, accounts with REDDIT or HUBSPOT) after PLAINTIFF terminated YOUR employment on July 6, 2020.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendant incorporates his General Objections by reference.

Defendant objects to this request as vague and ambiguous to the extent it uses the undefined term "authorized," and to the extent that term could be construed to call for a legal conclusion.  Defendant will apply the common sense definition of "authorized" to this request.

Defendant objects to this request to the extent it misstates the date of his purported termination.  Defendant will interpret this request to focus on events after July 7, 2020, which is the date Plaintiff claims he was terminated.

Defendant objects to this request to the extent it assumes Defendant was notified of Plaintiff's purported termination of his employment on July 7, 2020.

Subject to and without waiver of the objections above, Defendant responds as follows: Denied.

Dated: May 12, 2022                          KASOWITZ BENSON TORRES LLP


                                             By:/s/ Jason S. Takenouchi
                                                 Jason S. Takenouchi

                                             Attorneys for Defendant
                                             DANIEL JAIYONG AN

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                          Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)

## CERTIFICATE OF SERVICE

I, Linda L. Rich, declare that I am employed by Kasowitz Benson Torres LLP, located in the City and County of San Francisco, at the business address of 101 California Street, Suite 3000, San Francisco, California 94111.  I am over the age of eighteen years and am not a party to this matter.

On May 12, 2022, I served the following document(s):

- **DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)**

On the interested parties in this action as follows:

☒ **BY EMAIL**.  I caused the document(s) to be transmitted to the person(s) at the electronic service address above.

☒ **BY MAIL**.  I placed the above-documents in sealed envelope(s), with postage thereon fully prepaid, for collection and mailing at San Francisco, California, following ordinary business practices.  I am readily familiar with the practices of Kasowitz Benson Torres LLP for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

| | |
|---|---|
| STEVEN L. FRIEDLANDER<br>GALEN P. SALLOMI<br>CARL KAPLAN<br>SV EMPLOYMENT LAW FIRM PC<br>160 Bovet Road, Suite 401<br>San Mateo, California 94402<br>Telephone: (650) 265-0222<br>Facsimile: (650) 265-0223<br>Email: sfriedlander@svelf.com<br>gsallomi@svelf.com<br>ckaplan@svelf.com | *Attorneys for Plaintiff Trustlabs, Inc.* |

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 12, 2022, in San Francisco, California.

_____
Linda L. Rich

KASOWITZ BENSON TORRES LLP
Jason S. Takenouchi (SBN 234835)
101 California Street, Suite 3000
San Francisco, California  94111
Telephone:     (415) 421-6140
Facsimile:     (415) 398-5030
JTakenouchi@kasowitz.com

Attorneys for Defendant
DANIEL JAIYONG AN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTLABS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL JAIYONG AN,<br><br>Defendant. | Case No. 3:21-cv-02606-CRB<br><br>**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)**<br><br>Dept:          6<br>Judge:        Charles R. Breyer<br>Trial Date: TBA<br>Date Action Filed: April 4, 2021 |

PROPOUNDING PARTY:    Plaintiff TRUSTLABS, INC.

RESPONDING PARTY:      Defendant DANIEL JAIYONG AN

SET NUMBER:                  One

     Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), and the Local Civil Rules for the Northern District of California (the "Local Rules"), defendant Daniel Jaiyong An ("Defendant" or "Jaiyong An") hereby submits his amended responses and objections to plaintiff TrustLabs, Inc.'s ("Plaintiff" or "TrustLabs") First Set of Requests for Production of Documents (the "Requests," and each a "Request") as follows:
:

## **PRELIMINARY STATEMENT**

     1.     Defendant's investigation and development of all facts and circumstances relating

Case No. 3:21-cv-02606-CRB

1  to this action is ongoing.  These responses and objections are made without prejudice to, and are

2  not a waiver of, Defendant's right to rely on other facts or documents at trial.

3       2.    By making the accompanying responses and objections to Plaintiff's requests and

4  interrogatories, Defendant does not waive, and hereby expressly reserves, his right to assert any

5  and all objections as to the admissibility of such responses into evidence in this action, or in any

6  other proceedings, on any and all grounds including, but not limited to, competency, relevancy,

7  materiality, and privilege.  Further, Defendant makes the responses and objections herein without

8  in any way implying that he considers the requests and interrogatories, and responses to the

9  requests and interrogatories, to be relevant or material to the subject matter of this action.

10       3.    A response to a request or interrogatory stating and/or indicating that documents

11  will be produced shall not be deemed or construed to be a statement that there are, in fact,

12  responsive documents, that Defendant performed any of the acts described in the request,

13  interrogatory, or definitions and/or instructions applicable to the request or interrogatory, or that

14  Defendant acquiesces in the characterization of the conduct or activities contained in the request,

15  interrogatory, or definitions and/or instructions applicable to the request or interrogatory.

16       4.    Responding Party expressly reserves the right to supplement, clarify, revise, or

17  correct any or all of the responses and objections herein, and to assert additional objections or

18  privileges, in one or more subsequent supplemental response(s).

19  **GENERAL OBJECTIONS**

20       These General Objections to Plaintiff's First Set of Requests for Production of Documents

21  are incorporated in each response below as if repeated and stated separately in each response.

22       1.    Defendant objects to each instruction, definition, request, and interrogatory to the

23  extent that it purports to impose any requirement or discovery obligation greater than or different

24  from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the

25  Court.

26       2.    Defendant objects to each request and interrogatory that is overly broad, unduly

27  burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

28       3.    Defendant objects to each instruction, definition, request, and interrogatory to the

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney

2    work product doctrine, or any other applicable privilege.  Should any such disclosure by

3    Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

4        4.    Defendant objects to each instruction, definition, request, and interrogatory as

5    overbroad and unduly burdensome to the extent it seeks documents or information that are readily

6    or more accessible to Plaintiff from Plaintiff's own files, or from documents or information in

7    Plaintiff's possession.  Responding to such requests and interrogatories would be oppressive,

8    unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests

9    and interrogatories are substantially the same or less for Plaintiff as for Defendant.

10       5.    To the extent any of Plaintiff's requests or interrogatories seek documents or

11   answers that include expert material, including but not limited to survey materials, Defendant

12   objects to any such requests and interrogatories as premature and expressly reserves the right to

13   supplement, clarify, revise, or correct any or all responses to such requests, and to assert

14   additional objections or privileges, in one or more subsequent supplemental response(s) in

15   accordance with the time period for exchanging expert reports set by the Court.

16       6.    Defendant incorporates by reference every general objection set forth above into

17   each specific response set forth below.  A specific response may repeat a general objection for

18   emphasis or some other reason.  The failure to include any general objection in any specific

19   response does not waive any general objection to that request.  Moreover, Responding Party does

20   not waive his right to amend his responses.

21              **RESPONSES TO REQUESTS FOR PRODUCTION**

22   **REQUEST FOR PRODUCTION NO. 1:**

23       All DOCUMENTS and COMMUNICATIONS REFERRING TO PLAINTIFF'S SLACK

24   ACCOUNT during the period of September 1, 2019 to September 1, 2020.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

26       Defendant incorporates his General Objections by reference.

27

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1    Defendant objects to this request as vague and ambiguous due to the use of the phrase

2  "during the period."  Defendant will limit his reasonable search, if any, to documents generated

3  between September 1, 2019, and September 1, 2020.

4    Defendant objects to this request to the extent it seeks the collection of documents that are

5  more accessible to Plaintiff than to Defendant.

6    Defendant objects to this request to the extent it seeks the production of documents

7  protected by the work product doctrine and/or attorney-client privilege, or any other protection or

8  privilege from discovery.

9    Subject to and without waiver of the objections above, Defendant responds as follows:

10  Defendant will perform a reasonable search and produce any responsive, non-privileged

11  documents.  Defendant reserves the right to supplement or amend this response as discovery

12  commences.

13  **REQUEST FOR PRODUCTION NO. 2:**

14    All COMMUNICATIONS between YOU and any SLACK employee REFERRING TO

15  PLAINTIFF's SLACK ACCOUNT during the period of January 1, 2020 to September 1, 2020.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

17    Defendant incorporates his General Objections by reference.

18    Defendant objects to this request as vague and ambiguous due to the use of the phrase

19  "during the period."  Defendant will limit his reasonable search, if any, to documents generated

20  between September 1, 2019, and September 1, 2020.

21    Defendant objects to this request to the extent it seeks the collection of documents that are

22  more accessible to Plaintiff than to Defendant.

23    Defendant objects to this request to the extent it seeks the production of documents

24  protected by the work product doctrine and/or attorney-client privilege, or any other protection or

25  privilege from discovery.

26    Subject to and without waiver of the objections above, Defendant responds as follows:

27  Defendant will perform a reasonable search and produce any responsive, non-privileged

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1  documents.  Defendant reserves the right to supplement or amend this response as discovery

2  commences.

3  **REQUEST FOR PRODUCTION NO. 3:**

4      DOCUMENTS sufficient to list each time YOU attempted to access any accounts

5  belonging to PLAINTIFF (including, without limitation, accounts with REDDIT or HUBSPOT)

6  during the period of July 6, 2020 to September 1, 2020.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

8      Defendant incorporates his General Objections by reference.

9      Defendant objects to this request as vague and ambiguous due to the use of the phrase

10  "during the period."  Defendant will limit his reasonable search, if any, to documents generated

11  between July 6, 2020, and September 1, 2020.

12      Defendant objects to this request as vague and ambiguous due to the use of the phrase

13  "sufficient to list."  Defendant's reasonable search, if any, will be limited to documents showing

14  "attempt[s] to access" the specified accounts.

15      Defendant objects to this request to the extent it seeks the collection of documents that are

16  more accessible to Plaintiff than to Defendant.

17      Defendant objects to this request to the extent it seeks the production of documents

18  protected by the work product doctrine, the attorney-client privilege, or any other protection or

19  privilege from discovery.

20      Subject to and without waiver of the objections above, Defendant responds as follows:

21  Defendant will perform a reasonable search and produce any responsive, non-privileged

22  documents, if any exist.  Defendant reserves the right to supplement or amend this response as

23  discovery commences.

24  **REQUEST FOR PRODUCTION NO. 4:**

25      All DOCUMENTS and COMMUNICATIONS REFERRING TO the termination of

26  YOUR positions as PLAINTIFF's CEO and/or President and/or Board Member.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

28      Defendant incorporates his General Objections by reference.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1    Defendant objects to this request as overbroad to the extent it does not contain a date

2    range.  Defendant will limit his reasonable search, if any, to documents generated before the

3    initiation of this litigation.

4    Defendant objects to this request to the extent it seeks the collection of documents that are

5    more accessible to Plaintiff than to Defendant.

6    Defendant objects to this request to the extent it seeks the production of documents

7    protected by the work product doctrine, the attorney-client privilege, or any other protection or

8    privilege from discovery.

9    Subject to and without waiver of the objections above, Defendant responds as follows:

10    Defendant will perform a reasonable search and produce any responsive, non-privileged

11    documents, if any exist.  Defendant reserves the right to supplement or amend this response as

12    discovery commences.

13    **REQUEST FOR PRODUCTION NO. 5:**

14    All DOCUMENTS and COMMUNICATIONS REFERRING TO the reassignment of

15    YOUR duties as PLAINTIFF's CEO, President and/or Board Member.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

17    Defendant incorporates his General Objections by reference.

18    Defendant objects to this request as overbroad to the extent it does not contain a date

19    range.  Defendant will limit his reasonable search, if any, to documents generated before the

20    initiation of this litigation.

21    Defendant objects to this request as vague and ambiguous due to the use of the phrase

22    "reassignment of YOUR duties."  Defendant's reasonable search, if any, will be limited to

23    documents referencing the full "reassignment" of all od Defendant's duties.

24    Defendant objects to this request to the extent it seeks the collection of documents that are

25    more accessible to Plaintiff than to Defendant.

26    Defendant objects to this request to the extent it seeks the production of documents

27    protected by the work product doctrine, the attorney-client privilege, or any other protection or

28    privilege from discovery.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1      Subject to and without waiver of the objections above, Defendant responds as follows:

2   Defendant will perform a reasonable search and produce any responsive, non-privileged

3   documents, if any exist.  .  Defendant reserves the right to supplement or amend this response as

4   discovery commences.

5   **REQUEST FOR PRODUCTION NO. 6:**

6      All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR agreement to

7   provide PLAINTIFF with a resignation of employment letter by 4 p.m. Pacific Time on Monday,

8   July 6, 2020.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

10      Defendant incorporates his General Objections by reference.

11      Defendant objects to this request as overbroad to the extent it does not contain a date

12   range.  Defendant will limit his reasonable search, if any, to documents generated before the

13   initiation of this litigation.

14      Defendant objects to this request to the extent it seeks the collection of documents that are

15   more accessible to Plaintiff than to Defendant.

16      Defendant objects to this request to the extent it seeks the production of documents

17   protected by the work product doctrine, the attorney-client privilege, or any other protection or

18   privilege from discovery.

19      Subject to and without waiver of the objections above, Defendant responds as follows:

20   Defendant will perform a reasonable search and produce any responsive, non-privileged

21   documents, if any exist.  Defendant reserves the right to supplement or amend this response as

22   discovery commences.

23   **REQUEST FOR PRODUCTION NO. 7:**

24      All DOCUMENTS and COMMUNICATIONS in which YOU held yourself out to be or

25   represented that you were affiliated with PLAINTIFF on or after July 6, 2020.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

27      Defendant incorporates his General Objections by reference.

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7      Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1    Defendant objects to this request as overbroad to the extent it does not contain a date

2    range.  Defendant will limit his reasonable search, if any, to documents generated before the

3    initiation of this litigation.

4    Defendant objects to this request to the extent it seeks the collection of documents that are

5    more accessible to Plaintiff than to Defendant.

6    Defendant objects to this request to the extent it seeks the production of documents

7    protected by the work product doctrine, the attorney-client privilege, or any other protection or

8    privilege from discovery.

9    Subject to and without waiver of the objections above, Defendant responds as follows:

10   Defendant will perform a reasonable search and produce any responsive, non-privileged

11   documents, if any exist.  Defendant reserves the right to supplement or amend this response as

12   discovery commences.

13   **REQUEST FOR PRODUCTION NO. 8:**

14   All DOCUMENTS and COMMUNICATIONS REFERRING TO the transition of

15   PLAINTIFF's online chat communications from a paid subscription service to no-cost options.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

17   Defendant incorporates his General Objections by reference.

18   Defendant objects to this request as overbroad to the extent it does not contain a date

19   range.  Defendant will limit his reasonable search, if any, to documents generated before the

20   initiation of this litigation.

21   Defendant objects to this request to the extent it seeks the collection of documents that are

22   more accessible to Plaintiff than to Defendant.

23   Defendant objects to this request to the extent it seeks the production of documents

24   protected by the work product doctrine, the attorney-client privilege, or any other protection or

25   privilege from discovery.

26   Subject to and without waiver of the objections above, Defendant responds as follows:

27   Defendant will perform a reasonable search and produce any responsive, non-privileged

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8                     Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1  documents.  Defendant reserves the right to supplement or amend this response as discovery

2  commences.

3  **REQUEST FOR PRODUCTION NO. 9:**

4      All DOCUMENTS and COMMUNICATIONS REFERRING TO the transition of

5  PLAINTIFF's online chat communications from SLACK to other options.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

7      Defendant incorporates his General Objections by reference.

8      Defendant objects to this request as overbroad to the extent it does not contain a date

9  range.  Defendant will limit his reasonable search, if any, to documents generated before the

10  initiation of this litigation.

11      Defendant objects to this request to the extent it seeks the collection of documents that are

12  more accessible to Plaintiff than to Defendant.

13      Defendant objects to this request to the extent it seeks the production of documents

14  protected by the work product doctrine, the attorney-client privilege, or any other protection or

15  privilege from discovery.

16      Subject to and without waiver of the objections above, Defendant responds as follows:

17  Defendant will perform a reasonable search and produce any responsive, non-privileged

18  documents, if any exist.  Defendant reserves the right to supplement or amend this response as

19  discovery commences.

20  **REQUEST FOR PRODUCTION NO. 10:**

21      All DOCUMENTS and COMMUNICATIONS purporting to give YOU authority to

22  delete PLAINTIFF's SLACK ACCOUNT.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

24      Defendant incorporates his General Objections by reference.

25      Defendant objects to this request as overbroad to the extent it does not contain a date

26  range.  Defendant will limit his reasonable search, if any, to documents generated before the

27  initiation of this litigation.

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1   Defendant objects to this request to the extent it seeks the collection of documents that are
2   more accessible to Plaintiff than to Defendant.

3   Defendant objects to this request to the extent it seeks the production of documents
4   protected by the work product doctrine, the attorney-client privilege, or any other protection or
5   privilege from discovery.

6   Subject to and without waiver of the objections above, Defendant responds as follows:
7   Defendant will perform a reasonable search and produce any responsive, non-privileged
8   documents, if any exist.  Defendant reserves the right to supplement or amend this response as
9   discovery commences.

10  **REQUEST FOR PRODUCTION NO. 11:**

11  ALL DOCUMENTS that YOU identified in your responses to the special interrogatories,
12  served herewith.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

14  Defendant incorporates his amended objections and responses to Plaintiff's first set of
15  interrogatories.

16  Defendant incorporates his General Objections by reference.

17  Defendant objects to this request as overbroad to the extent it does not contain a date
18  range.  Defendant will limit his reasonable search, if any, to documents generated before the
19  initiation of this litigation.

20  Defendant objects to this request to the extent it seeks the collection of documents that are
21  more accessible to Plaintiff than to Defendant.

22  Defendant objects to this request to the extent it seeks the production of documents
23  protected by the work product doctrine, the attorney-client privilege, or any other protection or
24  privilege from discovery.

25  Subject to and without waiver of the objections above, Defendant responds as follows:
26  Defendant will perform a reasonable search and produce any responsive, non-privileged
27  documents, if any exist.  Defendant reserves the right to supplement or amend this response as
28  discovery commences.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10                    Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1  **REQUEST FOR PRODUCTION NO. 12:**

2  All DOCUMENTS and COMMUNICATIONS REFERRING TO any of the factual

3  events alleged in PLAINTIFF's Complaint or YOUR Answer to PLAINTIFF's Complaint.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

5  Defendant incorporates his General Objections by reference.

6  Defendant objects to this request as overbroad to the extent it does not contain a date

7  range.  Defendant will limit his reasonable search, if any, to documents generated before the

8  initiation of this litigation.

9  Defendant objects to this request to the extent it seeks the collection of documents that are

10  more accessible to Plaintiff than to Defendant.

11  Defendant objects to this request as overbroad and unduly burdensome.

12  Defendant objects to this request to the extent it seeks the production of documents

13  protected by the work product doctrine, the attorney-client privilege, or any other protection or

14  privilege from discovery.

15  Subject to and without waiver of the objections above, Defendant responds as follows:

16  Defendant is willing to meet and confer with Plaintiff about a reasonable scope for this request.

17  Defendant reserves the right to supplement or amend this response as discovery commences.

18  **REQUEST FOR PRODUCTION NO. 13:**

19  All DOCUMENTS REFERRING TO PLAINTIFF that YOU have not returned to

20  PLAINTIFF as of the termination of YOUR employment by PLAINTIFF.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

22  Defendant incorporates his General Objections by reference.

23  Defendant objects to this request as overbroad to the extent it does not contain a date

24  range.  Defendant will limit his reasonable search, if any, to documents generated before the

25  initiation of this litigation.

26  Defendant objects to this request to the extent it seeks the collection of documents that are

27  more accessible to Plaintiff than to Defendant.

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11          Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

1        Defendant objects to this request as overbroad and unduly burdensome to the extent it

2  seeks all documents "referring to plaintiff," regardless of whether plaintiff has any cognizable

3  right to the return of such documents.

4        Defendant objects to this request to the extent it seeks the production of documents

5  protected by the work product doctrine, the attorney-client privilege, or any other protection or

6  privilege from discovery.

7        Subject to and without waiver of the objections above, Defendant responds as follows:

8  Defendant is willing to meet and confer with Plaintiff about a reasonable scope for this request.

9  Defendant reserves the right to supplement or amend this response as discovery commences.

10

11  Dated: May 12, 2022               KASOWITZ BENSON TORRES LLP

12

13                       By: /s/ Jason S. Takenouchi

14                         Jason S. Takenouchi

15                     Attorneys for Defendant
                          DANIEL JAIYONG AN

16

17

18

19

20

21

22

23

24

25

26

27

28

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12         Case No. 3:21-cv-02606-CRB
DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET ONE)

**CERTIFICATE OF SERVICE**

I, Linda L. Rich, declare that I am employed by Kasowitz Benson Torres LLP, located in the City and County of San Francisco, at the business address of 101 California Street, Suite 3000, San Francisco, California 94111.  I am over the age of eighteen years and am not a party to this matter.

On May 12, 2022, I served the following document(s):

- **DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)**

On the interested parties in this action as follows:

☒ **BY EMAIL**.  I caused the document(s) to be transmitted to the person(s) at the electronic service address above.

☒ **BY MAIL**.  I placed the above-documents in sealed envelope(s), with postage thereon fully prepaid, for collection and mailing at San Francisco, California, following ordinary business practices.  I am readily familiar with the practices of Kasowitz Benson Torres LLP for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

| | |
|---|---|
| STEVEN L. FRIEDLANDER<br>GALEN P. SALLOMI<br>CARL KAPLAN<br>SV EMPLOYMENT LAW FIRM PC<br>160 Bovet Road, Suite 401<br>San Mateo, California 94402<br>Telephone: (650) 265-0222<br>Facsimile: (650) 265-0223<br>Email: sfriedlander@svelf.com<br>        gsallomi@svelf.com<br>        ckaplan@svelf.com | *Attorneys for Plaintiff*<br>*Trustlabs, Inc.* |

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 12, 2022, in San Francisco, California.

*Linda L. Rich*

_____
Linda L. Rich

Kasowitz Benson
Torres LLP
Attorneys at Law
San Francisco

1                     Case No. 3:21-cv-02606-CRB
CERTIFICATE OF SERVICE

# EXHIBIT F

**From:** Carl Kaplan
**To:** jai an
**Cc:** Steven Friedlander
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses
**Date:** Monday, February 13, 2023 1:41:00 PM
**Attachments:** image001.png

Dear Mr. An,

We understand from your prior correspondence that you are invoking the Fifth Amendment with respect to any further supplemental responses to Plaintiff's discovery requests. Please confirm by **5pm Pacific time Wednesday** (2/15/23) if this is the case, and, if so, whether you will provide supplemental, verified discovery responses stating that you are invoking the Fifth Amendment by no later than **5pm Pacific time, February 17, 2023.**

Thank you for your attention to this matter; we look forward to your prompt response. I am available to discuss further over the phone if that would be helpful.

Best,

Carl Kaplan
**SV Employment Law Firm PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel:** (650) 265-0222
**fax:** (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privi eged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, p ease contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail.com>
**Sent:** Monday, January 30, 2023 5:32 AM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

Hi Carl, I take the fifth. On availability: March 6-8 2023. I will be traveling abroad during February. Thank you.

On Sun, Jan 29 2023 at 12:10 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

As a final attempt to resolve this dispute without involving the court, please provide your availability to meet and confer this coming week by no later than **5:00 p.m. Pacific time tomorrow (1/30/23)**. Additionally, as mentioned in my January 11, 2023 email, we intend to notice your deposition for February 2023. Please confirm several days of your availability in this timeframe and we will select a mutually convenient deposition date. If you fail to provide your availability, we will notice your deposition for a date that works for us.

I am available to discuss further and look forward to your prompt response.

Thank you,

Carl Kaplan
**SV Employment Law Firm PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel:** (650) 265-0222
**fax:** (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the so e use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, p ease contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail com>
**Sent:** Friday, January 13, 2023 1:33 PM
**To:** Carl Kaplan <ckaplan@svelf com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

**Hi Carl, thanks for emailing. Responses below above the "---" lines:**

As noted in my below email, if we do not receive your inserts by **noon today**, we will need to file separately with the Court. Additionally, it has come to our attention that your prior counsel did not provide your full address in his motion to withdraw – we understand that "404 Ave De La Constitucion, San Juan, Puerto Rico 00901" (the address provided) is a condominium with many units, and your prior counsel did not specify your unit. Regardless of whether you will be joining our case management statement, please respond to this email **by noon today** with your unit number so that we may effect service of our statement. Additionally, as I noted in my below email, please confirm if you will agree that electronic service (i.e., service via e-mail) will be effective service for all purposes going forward in this matter.


**Address Below:**
**Daniel An**
**27 Calle Orta 3D APT Cond Los Nardos A**
**San Juan Puerto Rico 00907**
**Puerto Rico**

To clarify my prior email—and as it is already past noon in Puerto Rico—I refer to 12:00pm pacific time.

I thought you were referring to 3pm PT in the previous emails. Since you've changed the datetime, I've just registered to pacer for efiling to efile the CMC, thanks:



---

I am writing for three reasons:

*First*, I write to follow up on my requests to schedule a telephonic meet and confer in this matter. As I have previously expressed, and given the upcoming close of fact discovery, if you do not make yourself available for a meet and confer conference by **January 18, 2023**, we will need to seek recourse from the Court.  Additionally, we hope to discuss during our meet and confer correspondence your availability to sit for deposition in this matter. We are glad to discuss scheduling and procedural issues further during a call, but unless you agree to a meet and confer call on a date certain between now and January 19, 2023, we will need to seek Court guidance on this issue as well.

**I am currently considering and discussing whether to continue to represent myself pro per. Since I am not aware of rules, I will take the fifth until being made more aware. Thank you.**

---

***Second***, as your prior counsel may have advised you, the parties have a deadline to submit case management statements to the court by this Friday, January 13, 2023.  Please see attached e-mail for reference.  Pursuant to the Court's local rules, and given that you are not represented by counsel, we may either submit separate statements, or a joint statement.  (See Local Rule 16-9(a).)  We have attached our draft statement; if you would like to submit jointly, please **(i)** provide your inserts in the attached (in the sections designated "Defendant") by no later than **12pm on January 13, 2023**; and **(ii)** once finalized, sign and return the document for filing by no later than **3pm on January 13, 2023** (or, confirm you consent to our affixing your typed /s/ signature, as set forth in the draft Filing Consent Certification on page 4 of the attached).

**I will look into e-filing the above, when Pacer allows me to do so by accepting my e file registration.**

---

***Third,*** please confirm if you will agree that electronic service (i.e., service via e-mail) will be effective service for all purposes going forward in this matter.

**Does this mean all correspondence occurs via email going forward? If so, yes.**

---

Thank you for your attention to this matter. I look forward to receiving your response, as well as your availability for a meet and confer conference.


---

Request for Production No. 3

This request asks for a document (or documents) listing each time that you attempted to access any account belonging to TrustLabs after you were terminated as CEO, during the time period of July 6, 2020, through September 1, 2020, including a browser history demonstrating whether you accessed any relevant websites, as well as emails sent to your accounts demonstrating that you either accessed or attempted to access these accounts. Your prior counsel, Mr. Takenouchi of Kasowitz Benson Torres LLP, agreed to search for these documents. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Hi all devices with any browser history were sent to TrustLabs. Thanks.

<span style="color:red">**Response:** This request asks for a list of instances on which you attempted to access a TrustLabs account, not for browser history demonstrating those instances. Please list, to the best of your recollection, each instance in which you attempted to access TrustLabs accounts during the period of July 6, 2020-September 1, 2020. Also, to the extent that you attempted to access any TrustLabs accounts during the period of July 6, 2020-September 1, 2020, from devices other than those you returned to TrustLabs, you must list those instances as well, or affirmatively state that you did not do so.</span>

<span style="color:red">Please confirm you will update your response accordingly.</span>

**I take the fifth.**

---

Request for Production No. 7; Special Interrogatory No. 2:

Mr. Takenouchi and our firm previously discussed the phrase "held yourself out to be represented that you were affiliated" as used in TrustLabs' Request for Production No. 7 and Special Interrogatory No. 2. We explained that we are seeking identification and production of all communications you had with any third parties in which you discussed TrustLabs' business or attempted to negotiate on behalf of TrustLabs on or after July 6, 2020 (i.e., the date of your termination). We also explained to Mr. Takenouchi that TrustLabs is aware that, following your removal as CEO, you continued to communicate with TrustLabs' investors (i.e., individuals and entities that hold TrustLabs assets and/or tokens) or potential investors, purportedly on behalf of the company. Mr. Takenouchi agreed to search for documents relevant to these requests. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

<span style="color:red">**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.</span>

<span style="color:red">To clarify, TrustLabs' Interrogatory No. 2 (which this section addresses in part), asks for a "list" of each communication in which you held yourself out to be or represented that you were affiliated with TrustLabs on or after July 6, 2020, and also to identify each person who participated in those communications.  Accordingly, if you have any independent recollection of any such communication(s) you made after July 6, 2020, you must list those communications (and identify the party or parties with whom you communicated), regardless of whether all devices with "any historical record" are in TrustLabs' possession.  Please update your response accordingly.</span>

<span style="color:red">Similarly, to the extent that you do not have any documents in your possession, custody, or control that are responsive to TrustLabs' Request for Production No. 7 (seeking all documents and communications in which you held yourself out to be or represented that you were affiliated with Plaintiff on</span>

or after July 6, 2020), please confirm.  If, however, you have any documents that are responsive to Request for Production No. 7 in your possession, custody, or control, you must produce such documents.

**I take the fifth.**

---

Requests for Admissions Nos. 4 and 6
Mr. Takenouchi and our firm also discussed the definition of the word "authorized" as used in TrustLabs' Requests for Admissions, Nos. 4 and 6, to which you had previously objected as vague and ambiguous. We explained that we were seeking your legal position on whether you were authorized, as the word is used in the statutes that form the bases for TrustLabs' causes of action,1 to perform the specified actions.
Please provide amended responses to these requests by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" on the definition of the word "authorized" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.

These requests for admission do not ask for historical records that may be contained on devices that were sent back to TrustLabs; they ask you to admit (or deny) certain contentions.

For instance, Request for Admission, No. 4 asks you to admit that you were not authorized to delete TrustLabs' slack account on July 6, 2020. No reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

Similarly, Request for Admission, No.  6 asks you to admit that you were not authorized to access accounts belonging to TrustLabs, including, for instance, TrustLabs' Reddit or Hubspot accounts, after TrustLabs terminated your employment on July 6, 2020. As with Request for Admission, No. 4, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request

**I take the fifth.**

---

Request for Admissions No. 5
We also previously explained to Mr. Takenouchi that TrustLabs' Request for Admission No. 5 asks whether you accessed or attempted to access accounts belonging to TrustLabs after July 6, 2020 (and not, as your response provides, after July 7, 2020).
Please provide an amended response to this request by no later than two weeks from the date of this letter.

Could you specify which accounts you are referring to? Correspondence with TrustLabs occurred on TrustLabs devices that were all sent back.

**Response:** This request pertains to any and all accounts owned by TrustLabs, including, but not limited to, TrustLabs' Reddit and Hubspot accounts. As with TrustLabs' Requests for Admissions Nos. 4 and 6, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

**I take the fifth.**

---

Special Interrogatories Nos. 6 and 7.
In discussing your objections to these special interrogatories, Mr. Takenouchi agreed to provide further responses to these interrogatories, provided that we agreed these would count for multiple interrogatories.
With respect to Special Interrogatory No. 6, we will agree that this interrogatory will be deemed a separate interrogatory with respect to your responses to each of TrustLabs' Requests for Admission that is not an unqualified admission. For instance, your response with respect to Request for Admission No. 2, inclusive of subparts (a)-(d) in Special Interrogatory No. 6, would constitute a response to a separate special interrogatory.
At present, you have provided answers that are not unqualified admissions to TrustLabs' Requests for Admissions Nos. 1, 2, 4, 5, and 6 (though, as discussed above, that number may be subject to change depending on your amended responses to Requests for Admission Nos. 4, 5, and 6). Accordingly, under our proposal, your responses to Special Interrogatory No. 6 with respect to each such Request for Admission would constitute a total of five separate special interrogatories.
We will agree to a similar treatment of your responses to Special Interrogatory No. 7, such that your response with respect to each affirmative defense raised in your Answer, inclusive of subparts (a)-(c) of Special Interrogatory No. 7, would constitute a response to a separate special interrogatory.
You have pleaded 11 affirmative defenses. Accordingly, under our proposal, your response to Special Interrogatory No. 7, (a)-(c), with respect to each such affirmative defense would constitute a total of 11 separate special interrogatories.
Please provide supplemental responses to Special Interrogatories Nos. 6 and 7 in view of the foregoing proposal by no later than two weeks from the date of this letter.

I am not able to understand what is being requested here. Could you explain this component more simply? Thank you.

**Response:** This section addresses TrustLabs' Interrogatories nos. 6 and 7. Please see attached requests. For ease of reference, the requests state the following (capitalized terms below are subject to the definitions in the attached). I have provided explanations of what each interrogatory seeks below, but it may be more efficient for us to discuss over the phone. Please let me know when in the next week would be a convenient time to speak.

**Interrogatory No. 6:** Is your response to each Request for Admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) IDENTIFY all PERSONS who have knowledge of those facts; and d) describe all DOCUMENTS and tangible things that support your response and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of TrustLabs' Requests for Admission (attached for reference), to which you have not provided an unqualified admission. Please provide the information requested in subsections (a)-(d) of Interrogatory No. 6, above.

**Interrogatory No. 7:** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts upon which you base your denial or special or affirmative defense; (b) IDENTIFY all PERSONS who have knowledge of those facts; (c) describe all DOCUMENTS and tangible things that support your denial or special or affirmative defense and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of your denials of a material allegation or special or affirmative defenses in this matter. Your denials of TrustLabs' allegations and special and affirmative defenses are set forth in your answer to TrustLabs complaint, which I have also attached for your reference.

**I take the fifth.**

---

On Wed, Jan 11 2023 at 6:06 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

I am writing for three reasons:

*First*, I write to follow up on my requests to schedule a telephonic meet and confer in this matter. As I have previously expressed, and given the upcoming close of fact discovery, if you do not make yourself available for a meet and confer conference by **January 18, 2023**, we will need to seek recourse from the Court.  Additionally, we hope to discuss during our meet and confer correspondence your availability to sit for deposition in this matter. We are glad to discuss scheduling and procedural issues further during a call, but unless you agree to a meet and confer call on a date certain between now and January 19, 2023, we will need to seek Court guidance on this issue as well.

*Second*, as your prior counsel may have advised you, the parties have a deadline to submit case management statements to the court by this Friday, January 13, 2023.  Please see attached e-mail for reference.  Pursuant to the Court's local rules, and given that you are not represented by counsel, we may either submit separate statements, or a joint statement.  (See Local Rule 16-9(a).)  We have attached our draft statement; if you would like to submit jointly, please **(i)** provide your inserts in the attached (in the sections designated "Defendant") by no later than **12pm on January 13, 2023**; and **(ii)** once finalized, sign and return the document for filing by no later than **3pm on January 13, 2023** (or, confirm you consent to our affixing your typed /s/ signature, as set forth in the draft Filing Consent Certification on page 4 of the attached).

*Third,* please confirm if you will agree that electronic service (i.e., service via e-mail) will be effective service for all purposes going forward in this matter.

Thank you for your attention to this matter. I look forward to receiving your response, as well as your availability for a meet and confer conference.

Best,

Carl Kaplan
SV **Employment** Law Firm PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
tel: (650) 265-0222
fax: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Carl Kaplan
**Sent:** Tuesday, January 10, 2023 1:38 PM
**To:** jai an <djan92@gmail.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

Thank you for the email, Mr. An. As stated below, please let me know your availability this week for a call on the issues raised in my prior correspondence.

Best,

Carl Kaplan

**SV** Employment Law Firm **PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail.com>
**Sent:** Monday, January 9, 2023 3:45 PM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

Hi coming back online from travels and vacation - catching up on emailing and can respond back

On Fri, Jan 6 2023 at 5:34 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

Following up on this—please let me know your availability next week (1/9/23-1/13/23) for a call to address the issues raised in my below emails.  If we do not hear from you by the end of next week, we will need to seek guidance from the Court.

Thank you in advance for your attention to this matter, and I look forward to hearing from you soon.

Best,

Carl Kaplan
**SV** Employment Law Firm **PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privi eged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Carl Kaplan
**Sent:** Thursday, December 29, 2022 4:08 PM
**To:** jai an <djan92@gmail.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

Dear Mr. An:

Thank you for your response email.  I have responded in-line to each of your comments, below, in red ink. Please review and let me know when you are free to discuss between January 3, 2023 and January 9, 2023. I am also available tomorrow, December 30, 2022, if you have availability.

Best,

Carl Kaplan
**SV** Employment Law Firm **PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222

**fax:** (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail.com>
**Sent:** Monday, December 19, 2022 3:02 PM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

> **CAUTION: EXTERNAL EMAIL**

Hi Carl, thanks for emailing. Responses below above the "---" lines:

Request for Production No. 3

This request asks for a document (or documents) listing each time that you attempted to access any account belonging to TrustLabs after you were terminated as CEO, during the time period of July 6, 2020, through September 1, 2020, including a browser history demonstrating whether you accessed any relevant websites, as well as emails sent to your accounts demonstrating that you either accessed or attempted to access these accounts. Your prior counsel, Mr. Takenouchi of Kasowitz Benson Torres LLP, agreed to search for these documents. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Hi all devices with any browser history were sent to TrustLabs. Thanks.

**Response:** This request asks for a list of instances on which you attempted to access a TrustLabs account, not for browser history demonstrating those instances. Please list, to the best of your recollection, each instance in which you attempted to access TrustLabs accounts during the period of July 6, 2020-September 1, 2020. Also, to the extent that you attempted to access any TrustLabs accounts during the period of July 6, 2020-September 1, 2020, from devices other than those you returned to TrustLabs, you must list those instances as well, or affirmatively state that you did not do so.

Please confirm you will update your response accordingly.

---

Request for Production No. 7; Special Interrogatory No. 2:
Mr. Takenouchi and our firm previously discussed the phrase "held yourself out to be represented that you were affiliated" as used in TrustLabs' Request for Production No. 7 and Special Interrogatory No. 2. We explained that we are seeking identification and production of all communications you had with any third parties in which you discussed TrustLabs' business or attempted to negotiate on behalf of TrustLabs on or after July 6, 2020 (i.e., the date of your termination). We also explained to Mr. Takenouchi that TrustLabs is aware that, following your removal as CEO, you continued to communicate with TrustLabs' investors (i.e., individuals and entities that hold TrustLabs assets and/or tokens) or potential investors, purportedly on behalf of the company.
Mr. Takenouchi agreed to search for documents relevant to these requests. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.

To clarify, TrustLabs' Interrogatory No. 2 (which this section addresses in part), asks for a "list" of each communication in which you held yourself out to be or represented that you were affiliated with TrustLabs on or after July 6, 2020, and also to identify each person who participated in those communications.  Accordingly, if you have any independent recollection of any such communication(s) you made after July 6, 2020, you must list those communications (and identify the party or parties with whom you communicated), regardless of whether all devices with "any historical record" are in TrustLabs' possession.  Please update your response accordingly.

Similarly, to the extent that you do not have any documents in your possession, custody, or control that are responsive to TrustLabs' Request for Production No. 7 (seeking all documents and communications in which you held yourself out to be or represented that you were affiliated with Plaintiff on or after July 6, 2020), please confirm.  If, however, you have any documents that are responsive to Request for Production No. 7 in your possession, custody, or control, you must produce such documents.

---

Requests for Admissions Nos. 4 and 6
Mr. Takenouchi and our firm also discussed the definition of the word "authorized" as used in TrustLabs' Requests for Admissions, Nos. 4 and 6, to

which you had previously objected as vague and ambiguous. We explained that we were seeking your legal position on whether you were authorized, as the word is used in the statutes that form the bases for TrustLabs' causes of action,1 to perform the specified actions.
Please provide amended responses to these requests by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" on the definition of the word "authorized" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**_Response_**: Please see attached meet and confer correspondence with Mr. Takenouchi.

These requests for admission do not ask for historical records that may be contained on devices that were sent back to TrustLabs; they ask you to admit (or deny) certain contentions.

For instance, Request for Admission, No. 4 asks you to admit that you were not authorized to delete TrustLabs' slack account on July 6, 2020. No reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

Similarly, Request for Admission, No. 6 asks you to admit that you were not authorized to access accounts belonging to TrustLabs, including, for instance, TrustLabs' Reddit or Hubspot accounts, after TrustLabs terminated your employment on July 6, 2020. As with Request for Admission, No. 4, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request

---

Request for Admissions No. 5
We also previously explained to Mr. Takenouchi that TrustLabs' Request for Admission No. 5 asks whether you accessed or attempted to access accounts belonging to TrustLabs after July 6, 2020 (and not, as your response provides, after July 7, 2020).
Please provide an amended response to this request by no later than two weeks from the date of this letter.

Could you specify which accounts you are referring to? Correspondence with TrustLabs occurred on TrustLabs devices that were all sent back.

**_Response_**: This request pertains to any and all accounts owned by TrustLabs, including, but not limited to, TrustLabs' Reddit and Hubspot accounts. As with TrustLabs' Requests for Admissions Nos. 4 and 6, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

---

Special Interrogatories Nos. 6 and 7.
In discussing your objections to these special interrogatories, Mr. Takenouchi agreed to provide further responses to these interrogatories, provided that we agreed these would count for multiple interrogatories.
With respect to Special Interrogatory No. 6, we will agree that this interrogatory will be deemed a separate interrogatory with respect to your responses to each of TrustLabs' Requests for Admission that is not an unqualified admission. For instance, your response with respect to Request for Admission No. 2, inclusive of subparts (a)-(d) in Special Interrogatory No. 6, would constitute a response to a separate special interrogatory.
At present, you have provided answers that are not unqualified admissions to TrustLabs' Requests for Admission Nos. 1, 2, 4, 5, and 6 (though, as discussed above, that number may be subject to change depending on your amended responses to Requests for Admission Nos. 4, 5, and 6).
Accordingly, under our proposal, your responses to Special Interrogatory No. 6 with respect to each such Request for Admission would constitute a total of five separate special interrogatories.
We will agree to a similar treatment of your responses to Special Interrogatory No. 7, such that your response with respect to each affirmative defense raised in your Answer, inclusive of subparts (a)-(c) of Special Interrogatory No. 7, would constitute a response to a separate special interrogatory.
You have pleaded 11 affirmative defenses. Accordingly, under our proposal, your response to Special Interrogatory No. 7, (a)-(c), with respect to each such affirmative defense would constitute a total of 11 separate special interrogatories.
Please provide supplemental responses to Special Interrogatories Nos. 6 and 7 in view of the foregoing proposal by no later than two weeks from the date of this letter.

I am not able to understand what is being requested here. Could you explain this component more simply? Thank you.

**_Response_**: This section addresses TrustLabs' Interrogatories nos. 6 and 7. Please see attached requests. For ease of reference, the requests state the following (capitalized terms below are subject to the definitions in the attached). I have provided explanations of what each interrogatory seeks below, but it may be more efficient for us to discuss over the phone. Please let me know when in the next week would be a convenient time to speak.

**Interrogatory No. 6:** Is your response to each Request for Admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) IDENTIFY all PERSONS who have knowledge of those facts; and d) describe all DOCUMENTS and tangible things that support your response and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of TrustLabs' Requests for Admission (attached for reference), to which you have not provided an unqualified admission. Please provide the information requested in subsections (a)-(d) of Interrogatory No. 6, above.

**Interrogatory No. 7:** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts upon which you base the denial or special or affirmative defense; (b) IDENTIFY all PERSONS who have knowledge of those facts; (c) describe all

DOCUMENTS and tangible things that support your denial or special or affirmative defense and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of your denials of a material allegation or special or affirmative defenses in this matter. Your denials of TrustLabs' allegations and special and affirmative defenses are set forth in your answer to TrustLabs complaint, which I have also attached for your reference.

---

On Mon, Dec 12 2022 at 5:45 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

Following up on my below email (and attached correspondence) from December 5, 2022.  Please confirm receipt thereof.

Thank you,

Carl Kaplan
SV Employment Law Firm PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
tel: (650) 265-0222
fax: (650) 265-0223
www.svelf.com



An Entrepreneurial Employment Law Firm

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, p ease contact the sender by reply email and destroy all copies of the original message.

**From:** Carl Kaplan
**Sent:** Monday, December 5, 2022 12:05 PM
**To:** 'djan92@gmail.com' <djan92@gmail.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

Dear Mr. An,

Please see the attached correspondence. As stated therein, your response is requested by no later than **Monday, December 19, 2022**.  I am available to discuss further in the interim if that would be helpful. Thank you for your attention to this matter.

Sincerely,

Carl Kaplan
SV Employment Law Firm PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
tel: (650) 265-0222
fax: (650) 265-0223
www.svelf.com



An Entrepreneurial Employment Law Firm

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, p ease contact the sender by reply email and destroy all copies of the original message.

| | |
|---|---|
| **From:** | Carl Kaplan |
| **To:** | Jai an |
| **Cc:** | Steven Friedlander |
| **Subject:** | RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses |
| **Date:** | Thursday, February 16, 2023 2:28:00 PM |
| **Attachments:** | image001.png |
| | RE TrustLabs Inc. vs. Daniel Jaiyong An Case No. 321-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses.msg |

Dear Mr. An,

Please stop playing games. On January 13, 2023, you responded to each of the meet and confer topics that I raised by advising that you were "taking the fifth." Please see attached email correspondence for reference. Indeed, in your below email of January 30, 2023, you stated that you were "taking the fifth" with respect to any meet and confer conference regarding your further responses to those discovery requests.

Accordingly, in my February 14, 2023 email, I asked you to confirm that you were invoking the Fifth Amendment with respect to any supplemental responses to Plaintiff's discovery requests. That email clearly referred to the discovery requests I had previously written to you about, but since you have professed confusion, I will once again ask you to confirm you are invoking the Fifth Amendment with respect to each of the topics addressed in the attached email correspondence. Please confirm by no later than **3pm Pacific time tomorrow (February 16, 2023)** if this remains the case. If so, please also confirm that you will provide supplemental, verified discovery responses stating that you are invoking the Fifth Amendment by no later than **5pm Pacific time, February 20, 2023.**

If this is no longer the case, please identify the specific requests as to which you are not invoking the Fifth Amendment, and provide your availability to telephonically meet and confer regarding those requests between February 16, 2023 and February 24, 2023. With respect to each request to which you intend to invoke the Fifth Amendment, please also confirm you will provide supplemental, verified discovery responses to those requests, stating that you are invoking the Fifth Amendment, by no later than **5pm Pacific time, February 17, 2023.** Please confirm the foregoing by no later than **3pm Pacific time tomorrow (February 16, 2023).**

Absent your confirmation by 3pm PT tomorrow (2/16/23), we will seek recourse from the Court. I look forward to your prompt response.

Best,

Carl Kaplan
**SV** Employment Law Firm PC
160 Bovet Road, Suite 401
San Mateo, CA 94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail.com>
**Sent:** Wednesday, February 15, 2023 10:08 PM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

Hi, no there is a misunderstanding. I will invoke fifth amendment selectively case by case.

On Tue, Feb 14 2023 at 8:41 AM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

We understand from your prior correspondence that you are invoking the Fifth Amendment with respect to any further supplemental responses to Plaintiff's discovery requests. Please confirm by **5pm Pacific time Wednesday** (2/15/23) if this is the case, and, if so, whether you will provide supplemental, verified discovery responses stating that you are invoking the Fifth Amendment by no later than **5pm Pacific time, February 17, 2023.**

Thank you for your attention to this matter; we look forward to your prompt response. I am available to discuss further over the phone if that would be helpful.

Best,

Carl Kaplan
**SV** Employment Law Firm PC

160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



An Entrepreneurial Employment Law Firm

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail.com>
**Sent:** Monday, January 30, 2023 5:32 AM
**To:** Carl Kaplan <ckaplan@svelf com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

CAUTION: EXTERNAL EMAIL

Hi Carl, I take the fifth. On availability: March 6-8 2023. I will be traveling abroad during February. Thank you.

On Sun, Jan 29 2023 at 12:10 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

As a final attempt to resolve this dispute without involving the court, please provide your availability to meet and confer this coming week by no later than **5:00 p.m. Pacific time tomorrow (1/30/23)**. Additionally, as mentioned in my January 11, 2023 email, we intend to notice your deposition for February 2023.  Please confirm several days of your availability in this timeframe and we will select a mutually convenient deposition date.  If you fail to provide your availability, we will notice your deposition for a date that works for us.

I am available to discuss further and look forward to your prompt response.

Thank you,

Carl Kaplan
SV Employment Law Firm PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



An Entrepreneurial Employment Law Firm

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail.com>
**Sent:** Friday, January 13, 2023 1:33 PM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

CAUTION: EXTERNAL EMAIL

**Hi Carl, thanks for emailing. Responses below above the "---" lines:**

As noted in my below email, if we do not receive your inserts by **noon today**, we will need to file separately with the Court. Additionally, it has come to our attention that your prior counsel did not provide your full address in his motion to withdraw – we understand that "404 Ave De La Constitucion, San Juan, Puerto Rico 00901" (the address provided) is a condominium with many units, and your prior counsel did not specify your unit. Regardless of whether you will be joining our case management statement, please respond to this email **by noon today** with your unit number so that we may effect service of our statement. Additionally, as I noted in my below email, please confirm if you will agree that electronic service (i.e., service via e-mail) will be effective service for all purposes going forward in this matter.

**Address Below:**
**Daniel An**
**27 Calle Orta 3D APT Cond Los Nardos A**
**San Juan Puerto Rico 00907**
**Puerto Rico**

To clarify my prior email—and as it is already past noon in Puerto Rico—I refer to 12:00pm pacific time.

I thought you were referring to 3pm PT in the previous emails. Since you've changed the datetime, I've just registered to pacer for efiling to efile the CMC, thanks:



---

I am writing for three reasons:

*First*, I write to follow up on my requests to schedule a telephonic meet and confer in this matter. As I have previously expressed, and given the upcoming close of fact discovery, if you do not make yourself available for a meet and confer conference by **January 18, 2023**, we will need to seek recourse from the Court.  Additionally, we hope to discuss during our meet and confer correspondence your availability to sit for deposition in this matter. We are glad to discuss scheduling and procedural issues further during a call, but unless you agree to a meet and confer call on a date certain between now and January 19, 2023, we will need to seek Court guidance on this issue as well.

**I am currently considering and discussing whether to continue to represent myself pro per. Since I am not aware of rules, I will take the fifth until being made more aware. Thank you.**

---

*Second*, as your prior counsel may have advised you, the parties have a deadline to submit case management statements to the court by this Friday, January 13, 2023.  Please see attached e-mail for reference.  Pursuant to the Court's local rules, and given that you are not represented by counsel, we may either submit separate statements, or a joint statement.  (See Local Rule 16-9(a).)  We have attached our draft statement; if you would like to submit jointly, please **(i)** provide your inserts in the attached (in the sections designated "Defendant") by no later than **12pm on January 13, 2023**; and **(ii)** once finalized, sign and return the document for filing by no later than **3pm on January 13, 2023** (or, confirm you consent to our affixing your typed /s/ signature, as set forth in the draft Filing Consent Certification on page 4 of the attached).

**I will look into e-filing the above, when Pacer allows me to do so by accepting my e file registration.**

---

*Third,* please confirm if you will agree that electronic service (i.e., service via e-mail) will be effective service for all purposes going forward in this matter.

**Does this mean all correspondence occurs via email going forward? If so, yes.**

---

Thank you for your attention to this matter. I look forward to receiving your response, as well as your availability for a meet and confer conference.

---

Request for Production No. 3

This request asks for a document (or documents) listing each time that you attempted to access any account belonging to TrustLabs after you were terminated as CEO, during the time period of July 6, 2020, through September 1, 2020, including a browser history demonstrating whether you accessed any relevant websites, as well as emails sent to your accounts demonstrating that you either accessed or attempted to access these accounts.
Your prior counsel, Mr. Takenouchi of Kasowitz Benson Torres LLP, agreed to search for these documents. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Hi all devices with any browser history were sent to TrustLabs. Thanks.

**Response:** This request asks for a list of instances on which you attempted to access a TrustLabs account, not for browser history demonstrating those instances. Please list, to the best of your recollection, each instance in which you attempted to access TrustLabs accounts during the period of July 6, 2020-September 1, 2020. Also, to the extent that you attempted to access any TrustLabs accounts during the period of July 6, 2020-September 1, 2020, from devices other than those you returned to TrustLabs, you must list those instances as well, or affirmatively state that you did not do so.

Please confirm you will update your response accordingly.

**I take the fifth.**

---

Request for Production No. 7; Special Interrogatory No. 2:
Mr. Takenouchi and our firm previously discussed the phrase "held yourself out to be represented that you were affiliated" as used in TrustLabs' Request for Production No. 7 and Special Interrogatory No. 2. We explained that we are seeking identification and production of all communications you had with any third parties in which you discussed TrustLabs' business or attempted to negotiate on behalf of TrustLabs on or after July 6, 2020 (i.e., the date of your termination). We also explained to Mr. Takenouchi that TrustLabs is aware that, following your removal as CEO, you continued to communicate with TrustLabs' investors (i.e., individuals and entities that hold TrustLabs assets and/or tokens) or potential investors, purportedly on behalf of the company. Mr. Takenouchi agreed to search for documents relevant to these requests. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.

To clarify, TrustLabs' Interrogatory No. 2 (which this section addresses in part), asks for a "list" of each communication in which you held yourself out to be or represented that you were affiliated with TrustLabs on or after July 6, 2020, and also to identify each person who participated in those communications. Accordingly, if you have an independent recollection of any such communication(s) you made after July 6, 2020, you must list those communications (and identify the party or parties with whom you communicated), regardless of whether all devices with "any historical record" are in TrustLabs' possession. Please update your response accordingly.

Similarly, to the extent that you do not have any documents in your possession, custody, or control that are responsive to TrustLabs' Request for Production No. 7 (seeking all documents and communications in which you held yourself out to be or represented that you were affiliated with Plaintiff on or after July 6, 2020), please confirm. If, however, you have any documents that are responsive to Request for Production No. 7 in your possession, custody, or control, you must produce such documents.

**I take the fifth.**

---

Requests for Admissions Nos. 4 and 6
Mr. Takenouchi and our firm also discussed the definition of the word "authorized" as used in TrustLabs' Requests for Admissions, Nos. 4 and 6, to which you had previously objected as vague and ambiguous. We explained that we were seeking your legal position on whether you were authorized, as the word is used in the statutes that form the bases for TrustLabs' causes of action,1 to perform the specified actions.
Please provide amended responses to these requests by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" on the definition of the word "authorized" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.

These requests for admission do not ask for historical records that may be contained on devices that were sent back to TrustLabs; they ask you to admit (or deny) certain contentions.

For instance, Request for Admission, No. 4 asks you to admit that you were not authorized to delete TrustLabs' slack account on July 6, 2020. No reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

Similarly, Request for Admission, No. 6 asks you to admit that you were not authorized to access accounts belonging to TrustLabs, including, for instance, TrustLabs' Reddit or Hubspot accounts, after TrustLabs terminated your employment on July 6, 2020. As with Request for Admission, No. 4, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request

**I take the fifth.**

---

Request for Admissions No. 5
We also previously explained to Mr. Takenouchi that TrustLabs' Request for Admission No. 5 asks whether you accessed or attempted to access accounts belonging to TrustLabs after July 6, 2020 (and not, as your response provides, after July 7, 2020).
Please provide an amended response to this request by no later than two weeks from the date of this letter.

Could you specify which accounts you are referring to? Correspondence with TrustLabs occurred on TrustLabs devices that were all sent back.

**Response:** This request pertains to any and all accounts owned by TrustLabs, including, but not limited to, TrustLabs' Reddit and Hubspot accounts. As with TrustLabs' Requests for Admissions Nos. 4 and 6, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

**I take the fifth.**

---

Special Interrogatories Nos. 6 and 7.
In discussing your objections to these special interrogatories, Mr. Takenouchi agreed to provide further responses to these interrogatories, provided that we agreed these would count for multiple interrogatories.
With respect to Special Interrogatory No. 6, we will agree that this interrogatory will be deemed a separate interrogatory with respect to your responses to each of TrustLabs' Requests for Admission that is not an unqualified admission. For instance, your response with respect to Request for Admission No. 2, inclusive of subparts (a)-(d) in Special Interrogatory No. 6, would constitute a response to a separate special interrogatory.
At present, you have provided answers that are not unqualified admissions to TrustLabs' Requests for Admissions Nos. 1, 2, 4, 5, and 6 (though, as discussed above, that number may be subject to change depending on your amended responses to Requests for Admission Nos. 4, 5, and 6). Accordingly, under our proposal, your responses to Special Interrogatory No. 6 with respect to each such Request for Admission would constitute a total of five separate special interrogatories.
We will agree to a similar treatment of your responses to Special Interrogatory No. 7, such that your response with respect to each affirmative defense raised in your Answer, inclusive of subparts (a)-(c) of Special Interrogatory No. 7, would constitute a response to a separate special interrogatory.
You have pleaded 11 affirmative defenses. Accordingly, under our proposal, your response to Special Interrogatory No. 7, (a)-(c), with respect to each such affirmative defense would constitute a total of 11 separate special interrogatories.
Please provide supplemental responses to Special Interrogatories Nos. 6 and 7 in view of the foregoing proposal by no later than two weeks from the date of this letter.

I am not able to understand what is being requested here. Could you explain this component more simply? Thank you.

**Response:** This section addresses TrustLabs' Interrogatories nos. 6 and 7. Please see attached requests. For ease of reference, the requests state the following (capitalized terms below are subject to the definitions in the attached). I have provided explanations of what each interrogatory seeks below, but it may be more efficient for us to discuss over the phone. Please let me know when in the next week would be a convenient time to speak.

**Interrogatory No. 6:** Is your response to each Request for Admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) IDENTIFY all PERSONS who have knowledge of those facts; and d) describe all DOCUMENTS and tangible things that support your response and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of TrustLabs' Requests for Admission (attached for reference), to which you have not provided an unqualified admission. Please provide the information requested in subsections (a)-(d) of Interrogatory No. 6, above.

**Interrogatory No. 7:** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts upon which you base the denial or special or affirmative defense; (b) IDENTIFY all PERSONS who have knowledge of those facts; (c) describe all DOCUMENTS and tangible things that support your denial or special or affirmative defense and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of your denials of a material allegation or special or affirmative defenses in this matter. Your denials of TrustLabs' allegations and special and affirmative defenses are set forth in your answer to TrustLabs complaint, which I have also attached for your reference.

**I take the fifth.**

---

On Wed, Jan 11 2023 at 6:06 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

> Dear Mr. An,
>
> I am writing for three reasons:

***First***, I write to follow up on my requests to schedule a telephonic meet and confer in this matter. As I have previously expressed, and given the upcoming close of fact discovery, if you do not make yourself available for a meet and confer conference by **January 18, 2023**, we will need to seek recourse from the Court.  Additionally, we hope to discuss during our meet and confer correspondence your availability to sit for deposition in this matter. We are glad to discuss scheduling and procedural issues further during a call, but unless you agree to a meet and confer call on a date certain between now and January 19, 2023, we will need to seek Court guidance on this issue as well.

***Second***, as your prior counsel may have advised you, the parties have a deadline to submit case management statements to the court by this Friday, January 13, 2023.  Please see attached e-mail for reference. Pursuant to the Court's local rules, and given that you are not represented by counsel, we may either submit separate statements, or a joint statement.  (See Local Rule 16-9(a).)  We have attached our draft statement; if you would like to submit jointly, please **(i)** provide your inserts in the attached (in the sections designated "Defendant") by no later than **12pm on January 13, 2023**; and **(ii)** once finalized, sign and return the document for filing by no later than **3pm on January 13, 2023** (or, confirm you consent to our affixing your typed /s/ signature, as set forth in the draft Filing Consent Certification on page 4 of the attached).

***Third,*** please confirm if you will agree that electronic service (i.e., service via e-mail) will be effective service for all purposes going forward in this matter.

Thank you for your attention to this matter. I look forward to receiving your response, as well as your availability for a meet and confer conference.

Best,

Carl Kaplan
**SV** Employment Law Firm **PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



An Entrepreneurial Employment Law Firm

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Carl Kaplan
**Sent:** Tuesday, January 10, 2023 1:38 PM
**To:** jai an <djan92@gmail.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

Thank you for the email, Mr. An. As stated below, please let me know your availability this week for a call on the issues raised in my prior correspondence.

Best,

Carl Kaplan
**SV** Employment Law Firm **PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



An Entrepreneurial Employment Law Firm

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail.com>
**Sent:** Monday, January 9, 2023 3:45 PM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

Hi coming back online from travels and vacation - catching up on emailing and can respond back

On Fri, Jan 6 2023 at 5:34 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

Following up on this—please let me know your availability next week (1/9/23-1/13/23) for a call to address the issues raised in my below emails.  If we do not hear from you by the end of next week, we will need to seek guidance from the Court.

Thank you in advance for your attention to this matter, and I look forward to hearing from you soon.

Best,

Carl Kaplan
SV Employment Law Firm PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
tel: (650) 265-0222
fax: (650) 265-0223
www.svelf.com



An Entrepreneurial Employment Law Firm

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

**From:** Carl Kaplan
**Sent:** Thursday, December 29, 2022 4:08 PM
**To:** jai an <djan92@gmail.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

Dear Mr. An:

Thank you for your response email.  I have responded in-line to each of your comments, below, in red ink. Please review and let me know when you are free to discuss between January 3, 2023 and January 9, 2023. I am also available tomorrow, December 30, 2022, if you have availability.

Best,

Carl Kaplan
SV Employment Law Firm PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
tel: (650) 265-0222
fax: (650) 265-0223
www.svelf.com



An Entrepreneurial Employment Law Firm

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

**From:** jai an <djan92@gmail.com>
**Sent:** Monday, December 19, 2022 3:02 PM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

Hi Carl, thanks for emailing. Responses below above the "---" lines:

Request for Production No. 3

This request asks for a document (or documents) listing each time that you attempted to access any account belonging to TrustLabs after you were terminated as CEO, during the time period of July 6, 2020, through September 1, 2020, including a browser history demonstrating whether you accessed any relevant websites, as well as emails sent to your accounts demonstrating that you either accessed or attempted to access these accounts. Your prior counsel, Mr. Takenouchi of Kasowitz Benson Torres LLP, agreed to search for these documents. Please confirm you will conduct such a

search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Hi all devices with any browser history were sent to TrustLabs. Thanks.

**Response:** This request asks for a list of instances on which you attempted to access a TrustLabs account, not for browser history demonstrating those instances. Please list, to the best of your recollection, each instance in which you attempted to access TrustLabs accounts during the period of July 6, 2020-September 1, 2020. Also, to the extent that you attempted to access any TrustLabs accounts during the period of July 6, 2020-September 1, 2020, from devices other than those you returned to TrustLabs, you must list those instances as well, or affirmatively state that you did not do so.

Please confirm you will update your response accordingly.

---

Request for Production No. 7; Special Interrogatory No. 2:
Mr. Takenouchi and our firm previously discussed the phrase "held yourself out to be represented that you were affiliated" as used in TrustLabs' Request for Production No. 7 and Special Interrogatory No. 2. We explained that we were seeking identification and production of all communications you had with any third parties in which you discussed TrustLabs' business or attempted to negotiate on behalf of TrustLabs on or after July 6, 2020 (i.e., the date of your termination). We also explained to Mr. Takenouchi that TrustLabs is aware that, following your removal as CEO, you continued to communicate with TrustLabs' investors (i.e., individuals and entities that hold TrustLabs assets and/or tokens) or potential investors, purportedly on behalf of the company.
Mr. Takenouchi agreed to search for documents relevant to these requests. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.

To clarify, TrustLabs' Interrogatory No. 2 (which this section addresses in part), asks for a "list" of each communication in which you held yourself out to be affiliated with TrustLabs on or after July 6, 2020, and also to identify each person who participated in those communications.  Accordingly, if you have any independent recollection of any such communication(s) you made after July 6, 2020, you must list those communications (and identify the party or parties with whom you communicated), regardless of whether all devices with "any historical record" are in TrustLabs' possession.  Please update your response accordingly.

Similarly, to the extent that you do not have any documents in your possession, custody, or control that are responsive to TrustLabs' Request for Production No. 7 (seeking all documents and communications in which you held yourself out to be or represented that you were affiliated with Plaintiff on or after July 6, 2020), please confirm.  If, however, you have any documents that are responsive to Request for Production No. 7 in your possession, custody, or control, you must produce such documents.

---

Requests for Admissions Nos. 4 and 6
Mr. Takenouchi and our firm also discussed the definition of the word "authorized" as used in TrustLabs' Requests for Admissions, Nos. 4 and 6, to which you had previously objected as vague and ambiguous. We explained that we were seeking your legal position on whether you were authorized, as the word is used in the statutes that form the bases for TrustLabs' causes of action,1 to perform the specified actions.
Please provide amended responses to these requests by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" on the definition of the word "authorized" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.

These requests for admission do not ask for historical records that may be contained on devices that were sent back to TrustLabs; they ask you to admit (or deny) certain contentions.

For instance, Request for Admission, No. 4 asks you to admit that you were not authorized to delete TrustLabs' slack account on July 6, 2020. No reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

Similarly, Request for Admission, No.  6 asks you to admit that you were not authorized to access accounts belonging to TrustLabs, including, for instance, TrustLabs' Reddit or Hubspot accounts, after TrustLabs terminated your employment on July 6, 2020. As with Request for Admission, No. 4, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request

---

Request for Admissions No. 5
We also previously explained to Mr. Takenouchi that TrustLabs' Request for Admission No. 5 asks whether you accessed or attempted to access accounts belonging to TrustLabs after July 6, 2020 (and not, as your response provides, after July 7, 2020).
Please provide an amended response to this request by no later than two weeks from the date of this letter.

Could you specify which accounts you are referring to? Correspondence with TrustLabs occurred on TrustLabs devices that were all sent back.

**Response:** This request pertains to any and all accounts owned by TrustLabs, including, but not limited to, TrustLabs' Reddit and Hubspot accounts. As with TrustLabs' Requests for Admissions Nos. 4 and 6, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.


---

Special Interrogatories Nos. 6 and 7.
In discussing your objections to these special interrogatories, Mr. Takenouchi agreed to provide further responses to these interrogatories, provided that we agreed these would count for multiple interrogatories.
With respect to Special Interrogatory No. 6, we will agree that this interrogatory will be deemed a separate interrogatory with respect to your responses to each of TrustLabs' Requests for Admission that is not an unqualified admission. For instance, your response with respect to Request for Admission No. 2, inclusive of subparts (a)-(d) in Special Interrogatory No. 6, would constitute a response to a separate interrogatory.
At present, you have provided answers that are not unqualified admissions to TrustLabs' Requests for Admissions Nos. 1, 2, 4, 5, and 6 (though, as discussed above, that number may be subject to change depending on your amended responses to Requests for Admission Nos. 4, 5, and 6). Accordingly, under our proposal, your responses to Special Interrogatory No. 6 with respect to each such Request for Admission would constitute a total of five separate special interrogatories.
We will agree to a similar treatment of your responses to Special Interrogatory No. 7, such that your response with respect to each affirmative defense raised in your Answer, inclusive of subparts (a)-(c) of Special Interrogatory No. 7, would constitute a response to a separate special interrogatory. You have pleaded 11 affirmative defenses. Accordingly, under our proposal, your response to Special Interrogatory No. 7, (a)-(c), with respect to each such affirmative defense would constitute a total of 11 separate special interrogatories.
Please provide supplemental responses to Special Interrogatories Nos. 6 and 7 in view of the foregoing proposal by no later than two weeks from the date of this letter.

I am not able to understand what is being requested here. Could you explain this component more simply? Thank you.

**Response:** This section addresses TrustLabs' Interrogatories nos. 6 and 7. Please see attached requests. For ease of reference, the requests state the following (capitalized terms below are subject to the definitions in the attached). I have provided explanations of what each interrogatory seeks below, but it may be more efficient for us to discuss over the phone. Please let me know when in the next week would be a convenient time to speak.

**Interrogatory No. 6:** Is your response to each Request for Admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) IDENTIFY all PERSONS who have knowledge of those facts; and d) describe all DOCUMENTS and tangible things that support your response and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of TrustLabs' Requests for Admission (attached for reference), to which you have not provided an unqualified admission. Please provide the information requested in subsections (a)-(d) of Interrogatory No. 6, above.

**Interrogatory No. 7:** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts upon which you base the denial or special or affirmative defense; (b) IDENTIFY all PERSONS who have knowledge of those facts; (c) describe all DOCUMENTS and tangible things that support your denial or special or affirmative defense and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of your denials of a material allegation or special or affirmative defenses in this matter. Your denials of TrustLabs' allegations and special and affirmative defenses are set forth in your answer to TrustLabs complaint, which I have also attached for your reference.


---

On Mon, Dec 12 2022 at 5:45 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

Following up on my below email (and attached correspondence) from December 5, 2022.  Please confirm receipt thereof.

Thank you,

Carl Kaplan
**SV Employment Law Firm PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Carl Kaplan
**Sent:** Monday, December 5, 2022 12:05 PM
**To:** 'djan92@gmail.com' <djan92@gmail.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

Dear Mr. An,

Please see the attached correspondence. As stated therein, your response is requested by no later than **Monday, December 19, 2022**.  I am available to discuss further in the interim if that would be helpful. Thank you for your attention to this matter.

Sincerely,

Carl Kaplan
SV **Employment Law Firm** PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

| | |
|---|---|
| **From:** | Carl Kaplan |
| **To:** | jai an |
| **Cc:** | Steven Friedlander |
| **Subject:** | RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses |
| **Date:** | Monday, March 6, 2023 2:50:00 PM |
| **Attachments:** | image001.png |
| | RE TrustLabs Inc. vs. Daniel Jaiyong An Case No. 321-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses.msg |

Dear Mr. An,

We are going in circles. In my last email, I referenced—and attached—a January 13, 2023 email in which you stated that you were "tak[ing] the fifth" with respect to each of the discovery items as to which we have been trying to meet and confer with you. In your February 24, 2023 email, you have again changed your position, and now appear to profess confusion as to discovery requests about which we have previously exchanged several emails. Notably, your below email does not include your most recent communication in which you stated you were "tak[ing] the fifth," so I reattach it here for your review.

In the hopes of reaching resolution, I have responded to your new points below in red. With these clarifications in mind, please let us know by **5pm Pacific time, March 8, 2023**, if you will (1) agree to supplement the subject discovery requests with substantive responses; or (2) confirm if you are taking the fifth as to any of these requests—and if so, which ones. Further, and regardless of which approach you choose, please confirm by **5pm Pacific time, March 8, 2023**, if you will provide supplemental responses by no later than **5pm Pacific time, March 10, 2023**. Absent such timely confirmation, we will seek recourse from the Court.

All of the documents you request in your below email should be in the client file that Mr. Takenouchi provided to you upon his withdrawal as your counsel. To the extent you have not received your client file, you will need to address that request to Mr. Takenouchi. Finally, I confirm we are operating based on the local rules of the Northern District of California, as well Judge Breyer's standing orders and the Federal Rules of Civil Procedure.

Thank you for your attention to this email; we look forward to your timely response.

Regards,

**Carl Kaplan**
**SV** Employment Law Firm **PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel:** (650) 265-0222
**fax:** (650) 265-0223
**www.svelf.com**



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail com>
**Sent:** Friday, February 24, 2023 8:57 AM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

Hi, I'm having trouble understanding your request.

Are you asking me to confirm that I said something previously that you are attaching as evidence of me having said?

Going forward I'll reference the California Northern District United States District Court Civil Local Rules (https://www.cand.uscourts.gov/rules/civil-local-rules/) as well as the pro se handbook (https://cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020_links_8-2021.pdf).

I will reference the below rules; please let me know if you are following and abiding by the same or different set of reference rules, thank you.



I am happy to follow rules; however for any compelled speech, behavior, or action, it would require a citation to the rule as written in law, as well explicit confirmation and documentation that forced/compelled behavior or speech is being required by law.

Could you please provide the Initial Disclosures document referenced below (along with the "Required Content" and any changes along the way from the initial disclosures):



I've attached an example of the Initial Disclosures provided by the Court.

**Updated responses below:**

Request for Production No. 3

This request asks for a document (or documents) listing each time that you attempted to access any account belonging to TrustLabs after you were terminated as CEO, during the time period of July 6, 2020, through September 1, 2020, including a browser history demonstrating whether you accessed any relevant websites, as well as emails sent to your accounts demonstrating that you either accessed or attempted to access these accounts.

Your prior counsel, Mr. Takenouchi of Kasowitz Benson Torres LLP, agreed to search for these documents. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Hi all devices with any browser history were sent to TrustLabs. Thanks.

<u>Response</u>: This request asks for a list of instances on which you attempted to access a TrustLabs account, not for browser history demonstrating those instances. Please list, to the best of your recollection, each instance in which you attempted to access TrustLabs accounts during the period of July 6, 2020-September 1, 2020. Also, to the extent that you attempted to access any TrustLabs accounts during the period of July 6, 2020-September 1, 2020, from devices other than those you returned to TrustLabs, you must list those instances as well, or affirmatively state that you did not do so.

Please confirm you will update your response accordingly.

**Unfortunately, I do not recollect "each instance" given the time length. I believe Mr. Takenouchi created a request for production for all the historical records you have of access to TrustLabs accounts. Have you produced those? If so, please share, as that may be helpful for jogging memory.**
<u>**Response:**</u> As noted in my prior response (copied above), this request asks you to respond to the <u>**best of your present recollection**</u>. Please supplement with this understanding in mind. If you do not recall, you will need to state that in your response.

---

Request for Production No. 7; Special Interrogatory No. 2:
Mr. Takenouchi and our firm previously discussed the phrase "held yourself out to be represented that you were affiliated" as used in TrustLabs' Request for Production No. 7 and Special Interrogatory No. 2. We explained that we are seeking identification and production of all communications you had with any third parties in which you discussed TrustLabs' business or attempted to negotiate on behalf of TrustLabs on or after July 6, 2020 (i.e., the date of your termination). We also explained to Mr. Takenouchi that TrustLabs is aware that, following your removal as CEO, you continued to communicate with TrustLabs' investors (i.e., individuals and entities that hold TrustLabs assets and/or tokens) or potential investors, purportedly on behalf of the company.
Mr. Takenouchi agreed to search for documents relevant to these requests. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

<u>Response</u>: Please see attached meet and confer correspondence with Mr. Takenouchi.

To clarify, TrustLabs' Interrogatory No. 2 (which this section addresses in part), asks for a "list" of each communication in which you held yourself out to be or represented that you were affiliated with TrustLabs on or after July 6, 2020, and also to identify each person who participated in those communications. Accordingly, if you have any independent recollection of any such communication(s) you made after July 6, 2020, you must list those communications (and identify the party or parties with whom you communicated), regardless of whether all devices with "any historical record" are in TrustLabs' possession. Please update your response accordingly.

Similarly, to the extent that you do not have any documents in your possession, custody, or control that are responsive to TrustLabs' Request for Production No. 7 (seeking all documents and communications in which you held yourself out to be or represented that you were affiliated with Plaintiff on or after July 6, 2020), please confirm. If, however, you have any documents that are responsive to Request for Production No. 7 in your possession, custody, or control, you must produce such documents.

**What do you mean by the word affiliated? For example I have stated that I previously founded and was ceo of TrustToken. Does that count as affiliated in your mind?**
<u>**Response:**</u> "Affiliated" should be understood according to its ordinary meaning—i.e., "attached, associated, or connected with a person, entity, or organization." To the extent that you stated to anyone that you were affiliated with TrustToken at any point on or after July 6, 2020—for instance by representing that you were the current CEO of TrustToken—that would constitute a communication contemplated by Interrogatory No. 2 and Request for Production No. 7. Please supplement your response to Interrogatory No. 2 and Request for Production No. 7 accordingly.

---

Requests for Admissions Nos. 4 and 6
Mr. Takenouchi and our firm also discussed the definition of the word "authorized" as used in TrustLabs' Requests for Admissions, Nos. 4 and 6, to which you had previously objected as vague and ambiguous. We explained that we were seeking your legal position on whether you were authorized, as the word is used in the statutes that form the bases for TrustLabs' causes of action,1 to perform the specified actions.
Please provide amended responses to these requests by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" on the definition of the word "authorized" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

<u>Response</u>: Please see attached meet and confer correspondence with Mr. Takenouchi.

These requests for admission do not ask for historical records that may be contained on devices that were sent back to TrustLabs; they ask you to admit (or deny) certain contentions.

For instance, Request for Admission, No. 4 asks you to admit that you were not authorized to delete TrustLabs' slack account on July 6, 2020. No reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

Similarly, Request for Admission, No. 6 asks you to admit that you were not authorized to access accounts belonging to TrustLabs, including, for instance, TrustLabs' Reddit or Hubspot accounts, after TrustLabs terminated your employment on July 6, 2020. As with Request for Admission, No. 4, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request

**What do you mean by the word authorized and access? I was CEO and 1 of 2 board members at the time. Please describe your definition of authorization and access, as well as your legal position. Thank you.**

<span style="color:red">**Response**: I indicate the definition of "authorized" in my prior response above, as well as in prior correspondence with Mr. Takenouchi, which I have previously provided to you. In the interest of moving things along, please understand "authorized" to mean "given official permission for or approval." "Access" should be understood to have its ordinary meaning—i.e., "to gain entry to," or to "obtain, examine, or retrieve." Please provide supplemental responses admitting or denying these requests with this understanding in mind.</span>

---

Request for Admissions No. 5
We also previously explained to Mr. Takenouchi that TrustLabs' Request for Admission No. 5 asks whether you accessed or attempted to access accounts belonging to TrustLabs after July 6, 2020 (and not, as your response provides, after July 7, 2020).
Please provide an amended response to this request by no later than two weeks from the date of this letter.

Could you specify which accounts you are referring to? Correspondence with TrustLabs occurred on TrustLabs devices that were all sent back.

<u>Response</u>: This request pertains to any and all accounts owned by TrustLabs, including, but not limited to, TrustLabs' Reddit and Hubspot accounts. As with TrustLabs' Requests for Admissions Nos. 4 and 6, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

**Are you asking specifically, whether I was able to enter and access TrustLabs' Reddit and Hubspot accounts. When you say access, do you mean did I log in and enter the site with authentication completed? It is possible I "attempted to access" however I do not recollect the specific date. As mentioned above, if you provide records which were included in Mr. Takenouchi's request, this would be helpful for jogging the memory, given it's been almost 3 years now.**

<span style="color:red"><u>**Response**</u>: Request for Admission No. 5 is <u>**not**</u> limited to instances in which you successfully "log[ged] in and enter[ed] the site with authentication completed."  By its express terms, the request asks you to admit that you either "accessed" or "<u>**attempted**</u> to access" accounts belonging to Plaintiff. Other than the time frame limitation of July 6, 2020 to the present, there is no portion of this request that asks for specific dates. From your response above, it appears that the answer to this request is "Admit." Please supplement your response accordingly.</span>

---

Special Interrogatories Nos. 6 and 7.
In discussing your objections to these special interrogatories, Mr. Takenouchi agreed to provide further responses to these interrogatories, provided that we agreed these would count for multiple interrogatories.
With respect to Special Interrogatory No. 6, we will agree that this interrogatory will be deemed a separate interrogatory with respect to your responses to each of TrustLabs' Requests for Admission that is not an unqualified admission. For instance, your response with respect to Request for Admission No. 2, inclusive of subparts (a)-(d) in Special Interrogatory No. 6, would constitute a response to a separate special interrogatory.
At present, you have provided answers that are not unqualified admissions to TrustLabs' Requests for Admissions Nos. 1, 2, 4, 5, and 6 (though, as discussed above, that number may be subject to change depending on your amended responses to Requests for Admission Nos. 4, 5, and 6). Accordingly, under our proposal, your responses to Special Interrogatory No. 6 with respect to each such Request for Admission would constitute a total of five separate special interrogatories.
We will agree to a similar treatment of your responses to Special Interrogatory No. 7, such that your response with respect to each affirmative defense raised in your Answer, inclusive of subparts (a)-(c) of Special Interrogatory No. 7, would constitute a response to a separate special interrogatory.
You have pleaded 11 affirmative defenses. Accordingly, under our proposal, your response to Special Interrogatory No. 7, (a)-(c), with respect to each such affirmative defense would constitute a total of 11 separate special interrogatories.
Please provide supplemental responses to Special Interrogatories Nos. 6 and 7 in view of the foregoing proposal by no later than two weeks from the date of this letter.

I am not able to understand what is being requested here. Could you explain this component more simply? Thank you.

<u>Response</u>: This section addresses TrustLabs' Interrogatories nos. 6 and 7. Please see attached requests. For ease of reference, the requests state the following (capitalized terms below are subject to the definitions in the attached). I have provided explanations of what each interrogatory seeks below, but it may be more efficient for us to discuss over the phone. Please let me know when in the next week would be a convenient time to speak.

Interrogatory No. 6: Is your response to each Request for Admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) IDENTIFY all PERSONS who have knowledge of those facts; and d) describe all DOCUMENTS and tangible things that support your response and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of TrustLabs' Requests for Admission (attached for reference), to which you have not provided an unqualified admission. Please provide the information requested in subsections (a)-(d) of Interrogatory No. 6, above.

Interrogatory No. 7: Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts upon which you base the denial or special or affirmative defense; (b) IDENTIFY all PERSONS who have knowledge of those facts; (c) describe all DOCUMENTS and tangible things that support your denial or special or affirmative defense and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of your denials of a material allegation or special or affirmative defenses in this matter. Your denials of TrustLabs' allegations and special and affirmative defenses are set forth in your answer to TrustLabs complaint, which I have also attached for your reference.

**I believe there has been no admission or denial above so far, simply requests for clarification in addition to requests for production from you to me.**

**Response:** You are incorrect. Please refer to your February 13, 2023 email in which you unambiguously stated, "I take the fifth" with respect to these interrogatories. I have repeatedly invited you to engage in a telephone conversation to discuss these requests more fully. To date, you have refused that invitation. I extend it once more and am available Tomorrow, 3/7/2023, or Wednesday, 3/8/2023, to discuss. Otherwise, please either supplement these responses, or confirm you are pleading the fifth.

**Thank you.**

On Fri, Feb 17 2023 at 7:28 AM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

Please stop playing games. On January 13, 2023, you responded to each of the meet and confer topics that I raised by advising that you were "taking the fifth." Please see attached email correspondence for reference. Indeed, in your below email of January 30, 2023, you stated that you were "taking the fifth" with respect to any meet and confer conference regarding your further responses to those discovery requests.

Accordingly, in my February 14, 2023 email, I asked you to confirm that you were invoking the Fifth Amendment with respect to any supplemental responses to Plaintiff's discovery requests. That email clearly referred to the discovery requests I had previously written to you about, but since you have professed confusion, I will once again ask you to confirm you are invoking the Fifth Amendment with respect to each of the topics addressed in the attached email correspondence. Please confirm by no later than **3pm Pacific time tomorrow (February 16, 2023)** if this remains the case. If so, please also confirm that you will provide supplemental, verified discovery responses stating that you are invoking the Fifth Amendment by no later than **5pm Pacific time, February 20, 2023**.

If this is no longer the case, please identify the specific requests as to which you are not invoking the Fifth Amendment, and provide your availability to telephonically meet and confer regarding those requests between February 16, 2023 and February 24, 2023. With respect to each request to which you intend to invoke the Fifth Amendment, please also confirm you will provide supplemental, verified discovery responses to those requests, stating that you are invoking the Fifth Amendment, by no later than **5pm Pacific time, February 17, 2023.** Please confirm the foregoing by no later than **3pm Pacific time tomorrow (February 16, 2023)**.

Absent your confirmation by 3pm PT tomorrow (2/16/23), we will seek recourse from the Court. I look forward to your prompt response.

Best,

Carl Kaplan
**SV Employment Law Firm PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail.com>
**Sent:** Wednesday, February 15, 2023 10:08 PM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

| CAUTION: EXTERNAL EMAIL |
| --- |

Hi, no there is a misunderstanding. I will invoke fifth amendment selectively case by case.

On Tue, Feb 14 2023 at 8:41 AM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

We understand from your prior correspondence that you are invoking the Fifth Amendment with respect to any further supplemental responses to Plaintiff's discovery requests. Please confirm by **5pm Pacific time Wednesday** (2/15/23) if this is the case, and, if so, whether you will provide supplemental, verified discovery responses stating that you are invoking the Fifth Amendment by no later than **5pm Pacific time, February 17, 2023.**

Thank you for your attention to this matter; we look forward to your prompt response. I am available to discuss further over the phone if that would be helpful.

Best,

Carl Kaplan

**SV** Employment Law Firm **PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel:** (650) 265-0222
**fax:** (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail.com>
**Sent:** Monday, January 30, 2023 5:32 AM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

Hi Carl, I take the fifth. On availability: March 6-8 2023. I will be traveling abroad during February. Thank you.

On Sun, Jan 29 2023 at 12:10 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

As a final attempt to resolve this dispute without involving the court, please provide your availability to meet and confer this coming week by no later than **5:00 p.m. Pacific time tomorrow (1/30/23)**. Additionally, as mentioned in my January 11, 2023 email, we intend to notice your deposition for February 2023.  Please confirm several days of your availability in this timeframe and we will select a mutually convenient deposition date.  If you fail to provide your availability, we will notice your deposition for a date that works for us.

I am available to discuss further and look forward to your prompt response.

Thank you,

Carl Kaplan
**SV** Employment Law Firm **PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel:** (650) 265-0222
**fax:** (650) 265-0223
www.svelf.com

**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail com>
**Sent:** Friday, January 13, 2023 1:33 PM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

**Hi Carl, thanks for emailing. Responses below above the "---" lines:**

As noted in my below email, if we do not receive your inserts by **noon today**, we will need to file separately with the Court. Additionally, it has come to our attention that your prior counsel did not provide your full address in his motion to withdraw – we understand that "404 Ave De La Constitucion, San Juan, Puerto Rico 00901" (the address provided) is a condominium with many units, and your prior counsel did not specify your unit. Regardless of whether you will be joining our case management statement, please respond to this email **by noon today** with your unit number so that we may effect service of our statement. Additionally, as I noted in my below email, please confirm if you will agree that electronic service (i.e., service via e-mail) will be effective service for all purposes going forward in this matter.

**Address Below:**
**Daniel An**
**27 Calle Orta 3D APT Cond Los Nardos A**
**San Juan Puerto Rico 00907**
**Puerto Rico**

To clarify my prior email—and as it is already past noon in Puerto Rico—I refer to 12:00pm pacific time.

I thought you were referring to 3pm PT in the previous emails. Since you've changed the datetime, I've just registered to pacer for efiling to efile the CMC, thanks:



---

I am writing for three reasons:

*First*, I write to follow up on my requests to schedule a telephonic meet and confer in this matter. As I have previously expressed, and given the upcoming close of fact discovery, if you do not make yourself available for a meet and confer conference by **January 18, 2023**, we will need to seek recourse from the Court.  Additionally, we hope to discuss during our meet and confer correspondence your availability to sit for deposition in this matter. We are glad to discuss scheduling and procedural issues further during a call, but unless you agree to a meet and confer call on a date certain between now and January 19, 2023, we will need to seek Court guidance on this issue as well.

**I am currently considering and discussing whether to continue to represent myself pro per. Since I am not aware of rules, I will take the fifth until being made more aware. Thank you.**

---

*Second*, as your prior counsel may have advised you, the parties have a deadline to submit case management statements to the court by this Friday, January 13, 2023.  Please see attached e-mail for reference.  Pursuant to the Court's local rules, and given that you are not represented by counsel, we may either submit separate statements, or a joint statement.  (See Local Rule 16-9(a).)  We have attached our draft statement; if you would like to submit jointly, please **(i)** provide your inserts in the attached (in the sections designated "Defendant") by no later than **12pm on January 13, 2023**; and **(ii)** once finalized, sign and return the document for filing by no later than **3pm on January 13, 2023** (or, confirm you consent to our affixing your typed /s/ signature, as set forth in the draft Filing Consent Certification on page 4 of the attached).

**I will look into e-filing the above, when Pacer allows me to do so by accepting my e file registration.**

---

*Third,* please confirm if you will agree that electronic service (i.e., service via e-mail) will be effective service for all purposes going forward in this matter.

**Does this mean all correspondence occurs via email going forward? If so, yes.**

---

Thank you for your attention to this matter. I look forward to receiving your response, as well as your availability for a meet and confer conference.

---

Request for Production No. 3

This request asks for a document (or documents) listing each time that you attempted to access any account belonging to TrustLabs after you were terminated as CEO, during the time period of July 6, 2020, through September 1, 2020, including a browser history demonstrating whether you accessed any relevant websites, as well as emails sent to your accounts demonstrating that you either accessed or attempted to access these accounts.
Your prior counsel, Mr. Takenouchi of Kasowitz Benson Torres LLP, agreed to search for these documents. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Hi all devices with any browser history were sent to TrustLabs. Thanks.

**Response:** This request asks for a list of instances on which you attempted to access a TrustLabs account, not for browser history demonstrating those instances. Please list, to the best of your recollection, each instance in which you attempted to access TrustLabs accounts during the period of July 6, 2020-September 1, 2020. Also, to the extent that you attempted to access any TrustLabs accounts during the period of July 6, 2020-September 1, 2020, from devices other than those you returned to TrustLabs, you must list those instances as well, or affirmatively state that you did not do so.

Please confirm you will update your response accordingly.

**I take the fifth.**

---

Request for Production No. 7; Special Interrogatory No. 2:
Mr. Takenouchi and our firm previously discussed the phrase "held yourself out to be represented that you were affiliated" as used in TrustLabs' Request for Production No. 7 and Special Interrogatory No. 2. We explained that we are seeking identification and production of all communications you had with any third parties in which you discussed TrustLabs' business or attempted to negotiate on behalf of TrustLabs on or after July 6, 2020 (i e., the date of your termination). We also explained to Mr. Takenouchi that TrustLabs is aware that, following your removal as CEO, you continued to communicate with TrustLabs' investors (i e., individuals and entities that hold TrustLabs assets and/or tokens) or potential investors, purportedly on behalf of the company. Mr. Takenouchi agreed to search for documents relevant to these requests. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.

To clarify, TrustLabs' Interrogatory No. 2 (which this section addresses in part), asks for a "list" of each communication in which you held yourself out to be or represented that you were affiliated with TrustLabs on or after July 6, 2020, and also to identify each person who participated in those communications. Accordingly, if you have any independent recollection of any such communication(s) you made after July 6, 2020, you must list those communications (and identify the party or parties with whom you communicated), regardless of whether all devices with "any historical record" are in TrustLabs' possession. Please update your response accordingly.

Similarly, to the extent that you do not have any documents in your possession, custody, or control that are responsive to TrustLabs' Request for Production No. 7 (seeking all documents and communications in which you held yourself out to be or represented that you were affiliated with Plaintiff on or after July 6, 2020), please confirm. If, however, you have any documents that are responsive to Request for Production No. 7 in your possession, custody, or control, you must produce such documents.

**I take the fifth.**

---

Requests for Admissions Nos. 4 and 6
Mr. Takenouchi and our firm also discussed the definition of the word "authorized" as used in TrustLabs' Requests for Admissions, Nos. 4 and 6, to which you had previously objected as vague and ambiguous. We explained that we were seeking your legal position on whether you were authorized, as the word is used in the statutes that form the bases for TrustLabs' causes of action,1 to perform the specified actions.
Please provide amended responses to these requests by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" on the definition of the word "authorized" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.

These requests for admission do not ask for historical records that may be contained on devices that were sent back to TrustLabs; they ask you to admit (or deny) certain contentions.

For instance, Request for Admission, No. 4 asks you to admit that you were not authorized to delete TrustLabs' slack account on July 6, 2020. No reference

to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

Similarly, Request for Admission, No. 6 asks you to admit that you were not authorized to access accounts belonging to TrustLabs, including, for instance, TrustLabs' Reddit or Hubspot accounts, after TrustLabs terminated your employment on July 6, 2020. As with Request for Admission, No. 4, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request

**I take the fifth.**

---

Request for Admissions No. 5
We also previously explained to Mr. Takenouchi that TrustLabs' Request for Admission No. 5 asks whether you accessed or attempted to access accounts belonging to TrustLabs after July 6, 2020 (and not, as your response provides, after July 7, 2020).
Please provide an amended response to this request by no later than two weeks from the date of this letter.

Could you specify which accounts you are referring to? Correspondence with TrustLabs occurred on TrustLabs devices that were all sent back.

**Response:** This request pertains to any and all accounts owned by TrustLabs, including, but not limited to, TrustLabs' Reddit and Hubspot accounts. As with TrustLabs' Requests for Admissions Nos. 4 and 6, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

**I take the fifth.**

---

Special Interrogatories Nos. 6 and 7.
In discussing your objections to these special interrogatories, Mr. Takenouchi agreed to provide further responses to these interrogatories, provided that we agreed these would count for multiple interrogatories.
With respect to Special Interrogatory No. 6, we will agree that this interrogatory will be deemed a separate interrogatory with respect to your responses to each of TrustLabs' Requests for Admission that is not an unqualified admission. For instance, your response with respect to Request for Admission No. 2, inclusive of subparts (a)-(d) in Special Interrogatory No. 6, would constitute a response to a separate special interrogatory.
At present, you have provided answers that are not unqualified admissions to TrustLabs' Requests for Admissions Nos. 1, 2, 4, 5, and 6 (though, as discussed above, that number may be subject to change depending on your amended responses to Requests for Admission Nos. 4, 5, and 6). Accordingly, under our proposal, your responses to Special Interrogatory No. 6 with respect to each such Request for Admission would constitute a total of five separate special interrogatories.
We will agree to a similar treatment of your responses to Special Interrogatory No. 7, such that your response with respect to each affirmative defense raised in your Answer, inclusive of subparts (a)-(c) of Special Interrogatory No. 7, would constitute a response to a separate special interrogatory.
You have pleaded 11 affirmative defenses. Accordingly, under our proposal, your response to Special Interrogatory No. 7, (a)-(c), with respect to each such affirmative defense would constitute a total of 11 separate special interrogatories.
Please provide supplemental responses to Special Interrogatories Nos. 6 and 7 in view of the foregoing proposal by no later than two weeks from the date of this letter.

I am not able to understand what is being requested here. Could you explain this component more simply? Thank you.

**Response**: This section addresses TrustLabs' Interrogatories nos. 6 and 7. Please see attached requests. For ease of reference, the requests state the following (capitalized terms below are subject to the definitions in the attached). I have provided explanations of what each interrogatory seeks below, but it may be more efficient for us to discuss over the phone. Please let me know when in the next week would be a convenient time to speak.

**Interrogatory No. 6:** Is your response to each Request for Admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) IDENTIFY all PERSONS who have knowledge of those facts; and d) describe all DOCUMENTS and tangible things that support your response and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of TrustLabs' Requests for Admission (attached for reference), to which you have not provided an unqualified admission. Please provide the information requested in subsections (a)-(d) of Interrogatory No. 6, above.

**Interrogatory No. 7:** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts upon which you base the denial or special or affirmative defense; (b) IDENTIFY all PERSONS who have knowledge of those facts; (c) describe all DOCUMENTS and tangible things that support your denial or special or affirmative defense and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of your denials of a material allegation or special or affirmative defenses in this matter. Your denials of TrustLabs' allegations and special and affirmative defenses are set forth in your answer to TrustLabs complaint, which I have also attached for your reference.

**I take the fifth.**

---

On Wed, Jan 11 2023 at 6:06 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

I am writing for three reasons:

*First*, I write to follow up on my requests to schedule a telephonic meet and confer in this matter. As I have previously expressed, and given the upcoming close of fact discovery, if you do not make yourself available for a meet and confer conference by **January 18, 2023**, we will need to seek recourse from the Court. Additionally, we hope to discuss during our meet and confer correspondence your availability to sit for deposition in this matter. We are glad to discuss scheduling and procedural issues further during a call, but unless you agree to a meet and confer call on a date certain between now and January 19, 2023, we will need to seek Court guidance on this issue as well.

*Second*, as your prior counsel may have advised you, the parties have a deadline to submit case management statements to the court by this Friday, January 13, 2023. Please see attached e-mail for reference. Pursuant to the Court's local rules, and given that you are not represented by counsel, we may either submit separate statements, or a joint statement. (See Local Rule 16-9(a).) We have attached our draft statement; if you would like to submit jointly, please **(i)** provide your inserts in the attached (in the sections designated "Defendant") by no later than **12pm on January 13, 2023**; and **(ii)** once finalized, sign and return the document for filing by no later than **3pm on January 13, 2023** (or, confirm you consent to our affixing your typed /s/ signature, as set forth in the draft Filing Consent Certification on page 4 of the attached).

*Third*, please confirm if you will agree that electronic service (i.e., service via e-mail) will be effective service for all purposes going forward in this matter.

Thank you for your attention to this matter. I look forward to receiving your response, as well as your availability for a meet and confer conference.

Best,

Carl Kaplan
**SV Employment Law Firm** PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
**www.svelf.com**



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

**From:** Carl Kaplan
**Sent:** Tuesday, January 10, 2023 1:38 PM
**To:** jai an <djan92@gmail.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

Thank you for the email, Mr. An. As stated below, please let me know your availability this week for a call on the issues raised in my prior correspondence.

Best,

Carl Kaplan
**SV Employment Law Firm** PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
**www.svelf.com**



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

**From:** jai an <djan92@gmail.com>
**Sent:** Monday, January 9, 2023 3:45 PM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

Hi coming back online from travels and vacation - catching up on emailing and can respond back

On Fri, Jan 6 2023 at 5:34 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

Following up on this—please let me know your availability next week (1/9/23-1/13/23) for a call to address the issues raised in my below emails.  If we do not hear from you by the end of next week, we will need to seek guidance from the Court.

Thank you in advance for your attention to this matter, and I look forward to hearing from you soon.

Best,

Carl Kaplan
**SV** Employment Law Firm **PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

*This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.*

**From:** Carl Kaplan
**Sent:** Thursday, December 29, 2022 4:08 PM
**To:** jai an <djan92@gmail.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

Dear Mr. An:

Thank you for your response email.  I have responded in-line to each of your comments, below, in red ink. Please review and let me know when you are free to discuss between January 3, 2023 and January 9, 2023. I am also available tomorrow, December 30, 2022, if you have availability.

Best,

Carl Kaplan
**SV** Employment Law Firm **PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

*This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.*

**From:** jai an <djan92@gmail.com>
**Sent:** Monday, December 19, 2022 3:02 PM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

Hi Carl, thanks for emailing. Responses below above the "---" lines:

Request for Production No. 3

This request asks for a document (or documents) listing each time that you attempted to access any account belonging to TrustLabs after you were terminated as CEO, during the time period of July 6, 2020, through September 1, 2020, including a browser history demonstrating whether you accessed any relevant websites, as well as emails sent to your accounts demonstrating that you either accessed or attempted to access these accounts. Your prior counsel, Mr. Takenouchi of Kasowitz Benson Torres LLP, agreed to search for these documents. Please confirm you will conduct such a

search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Hi all devices with any browser history were sent to TrustLabs. Thanks.

**Response:** This request asks for a list of instances on which you attempted to access a TrustLabs account, not for browser history demonstrating those instances. Please list, to the best of your recollection, each instance in which you attempted to access TrustLabs accounts during the period of July 6, 2020-September 1, 2020. Also, to the extent that you attempted to access any TrustLabs accounts during the period of July 6, 2020-September 1, 2020, from devices other than those you returned to TrustLabs, you must list those instances as well, or affirmatively state that you did not do so.

Please confirm you will update your response accordingly.

---

Request for Production No. 7; Special Interrogatory No. 2:
Mr. Takenouchi and our firm previously discussed the phrase "held yourself out to be represented that you were affiliated" as used in TrustLabs' Request for Production No. 7 and Special Interrogatory No. 2. We explained that we are seeking identification and production of all communications you had with any third parties in which you discussed TrustLabs' business or attempted to negotiate on behalf of TrustLabs on or after July 6, 2020 (i.e., the date of your termination). We also explained to Mr. Takenouchi that TrustLabs is aware that, following your removal as CEO, you continued to communicate with TrustLabs' investors (i.e., individuals and entities that hold TrustLabs assets and/or tokens) or potential investors, purportedly on behalf of the company.
Mr. Takenouchi agreed to search for documents relevant to these requests. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.

To clarify, TrustLabs' Interrogatory No. 2 (which this section addresses in part), asks for a "list" of each communication in which you held yourself out to be or represented that you were affiliated with TrustLabs on or after July 6, 2020, and also to identify each person who participated in those communications.  Accordingly, if you have any independent recollection of any such communication(s) you made after July 6, 2020, you must list those communications (and identify the party or parties with whom you communicated), regardless of whether all devices with "any historical record" are in TrustLabs' possession.  Please update your response accordingly.

Similarly, to the extent that you do not have any documents in your possession, custody, or control that are responsive to TrustLabs' Request for Production No. 7 (seeking all documents and communications in which you held yourself out to be or represented that you were affiliated with Plaintiff on or after July 6, 2020), please confirm.  If, however, you have any documents that are responsive to Request for Production No. 7 in your possession, custody, or control, you must produce such documents.

---

Requests for Admissions Nos. 4 and 6
Mr. Takenouchi and our firm also discussed the definition of the word "authorized" as used in TrustLabs' Requests for Admissions, Nos. 4 and 6, to which you had previously objected as vague and ambiguous. We explained that we were seeking your legal position on whether you were authorized, as the word is used in the statutes that form the bases for TrustLabs' causes of action,1 to perform the specified actions.
Please provide amended responses to these requests by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" on the definition of the word "authorized" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.

These requests for admission do not ask for historical records that may be contained on devices that were sent back to TrustLabs; they ask you to admit (or deny) certain contentions.

For instance, Request for Admission, No. 4 asks you to admit that you were not authorized to delete TrustLabs' slack account on July 6, 2020. No reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

Similarly, Request for Admission, No.  6 asks you to admit that you were not authorized to access accounts belonging to TrustLabs, including, for instance, TrustLabs' Reddit or Hubspot accounts, after TrustLabs terminated your employment on July 6, 2020. As with Request for Admission, No. 4, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request

---

Request for Admissions No. 5
We also previously explained to Mr. Takenouchi that TrustLabs' Request for Admission No. 5 asks whether you accessed or attempted to access accounts belonging to TrustLabs after July 6, 2020 (and not, as your response provides, after July 7, 2020).
Please provide an amended response to this request by no later than two weeks from the date of this letter.

Could you specify which accounts you are referring to? Correspondence with TrustLabs occurred on TrustLabs devices that were all sent back.

**Response:** This request pertains to any and all accounts owned by TrustLabs, including, but not limited to, TrustLabs' Reddit and Hubspot accounts. As with TrustLabs' Requests for Admissions Nos. 4 and 6, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.


---

Special Interrogatories Nos. 6 and 7.

In discussing your objections to these special interrogatories, Mr. Takenouchi agreed to provide further responses to these interrogatories, provided that we agreed these would count for multiple interrogatories.

With respect to Special Interrogatory No. 6, we will agree that this interrogatory will be deemed a separate interrogatory with respect to your responses to each of TrustLabs' Requests for Admission that is not an unqualified admission. For instance, your response with respect to Request for Admission No. 2, inclusive of subparts (a)-(d) in Special Interrogatory No. 6, would constitute a response to a separate special interrogatory.

At present, you have provided answers that are not unqualified admissions to TrustLabs' Requests for Admissions Nos. 1, 2, 4, 5, and 6 (though, as discussed above, that number may be subject to change depending on your amended responses to Requests for Admission Nos. 4, 5, and 6). Accordingly, under our proposal, your responses to Special Interrogatory No. 6 with respect to each such Request for Admission would constitute a total of five separate special interrogatories.

We will agree to a similar treatment of your responses to Special Interrogatory No. 7, such that your response with respect to each affirmative defense raised in your Answer, inclusive of subparts (a)-(c) of Special Interrogatory No. 7, would constitute a response to a separate special interrogatory. You have pleaded 11 affirmative defenses. Accordingly, under our proposal, your response to Special Interrogatory No. 7, (a)-(c), with respect to each such affirmative defense would constitute a total of 11 separate special interrogatories.

Please provide supplemental responses to Special Interrogatories Nos. 6 and 7 in view of the foregoing proposal by no later than two weeks from the date of this letter.

I am not able to understand what is being requested here. Could you explain this component more simply? Thank you.

**Response:** This section addresses TrustLabs' Interrogatories nos. 6 and 7. Please see attached requests. For ease of reference, the requests state the following (capitalized terms below are subject to the definitions in the attached). I have provided explanations of what each interrogatory seeks below, but it may be more efficient for us to discuss over the phone. Please let me know when in the next week would be a convenient time to speak.

**Interrogatory No. 6:** Is your response to each Request for Admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) IDENTIFY all PERSONS who have knowledge of those facts; and d) describe all DOCUMENTS and tangible things that support your response and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of TrustLabs' Requests for Admission (attached for reference), to which you have not provided an unqualified admission. Please provide the information requested in subsections (a)-(d) of Interrogatory No. 6, above.

**Interrogatory No. 7:** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts upon which you base the denial or special or affirmative defense; (b) IDENTIFY all PERSONS who have knowledge of those facts; (c) describe all DOCUMENTS and tangible things that support your denial or special or affirmative defense and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of your denials of a material allegation or special or affirmative defenses in this matter. Your denials of TrustLabs' allegations and special and affirmative defenses are set forth in your answer to TrustLabs complaint, which I have also attached for your reference.


---

On Mon, Dec 12 2022 at 5:45 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

Following up on my below email (and attached correspondence) from December 5, 2022.  Please confirm receipt thereof.

Thank you,

Carl Kaplan
SV Employment Law Firm PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Carl Kaplan
**Sent:** Monday, December 5, 2022 12:05 PM
**To:** 'djan92@gmail.com' <djan92@gmail.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

Dear Mr. An,

Please see the attached correspondence. As stated therein, your response is requested by no later than **Monday, December 19, 2022**.  I am available to discuss further in the interim if that would be helpful. Thank you for your attention to this matter.

Sincerely,

Carl Kaplan
**SV Employment Law Firm PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

| From: | Carl Kaplan |
|---|---|
| To: | jai an |
| Cc: | Steven Friedlander |
| Subject: | RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses |
| Date: | Wednesday, March 15, 2023 4:03:00 PM |
| Attachments: | image001.png |
| | 2021 07 23 [TrustLabs] Rule 26 Initial Disclosures (5) pdf |

Dear Mr. An,

Please find the initial disclosures that Plaintiff filed in this matter attached for your reference. If you are going to respond in-line in future email correspondence, please do so in a manner that makes it clear what you are adding in-line (for example, by bolding or changing the color of your in-line responses). Otherwise, it is extremely difficult to tell what you are adding.

Regarding your deposition, we need to receive your supplemental responses to the discovery requests that we have been discussing before taking your deposition—either your fulsome responses, or your confirmation that you are invoking the Fifth Amendment. Since it does not appear that your supplemental responses (which must be verified under oath under Rule 33(b) of the Federal Rules of Civil Procedure) are forthcoming, please provide your availability in April 2023 for your deposition.

Your in-line responses below are not moving us closer to resolving our concerns, and your refusal to discuss these issues over the telephone is not helping, either. This is particularly true given that your in-line comments below are now repeating questions that we have explained in prior emails, and also seek documents we have already provided you. For instance, with respect to an in-line comment I made on December 29, 2022, you responded in your latest email that "I do not see any files or document attached the email you sent? Is there an issue on my side?" Please review my December 29, 2022 email, where I attached this document.

I remain ready and willing to discuss this matter with you over the phone. However, as you will not agree to do so, and as it appears that our email correspondence is not getting us anywhere, we will need to seek recourse from the Court.

Regards,

**Carl Kaplan**
**SV** Employment Law Firm **PC**
160 Bovet Road, Suite 401
San Mateo, CA 94402
ckaplan@svelf.com
**tel:** (650) 265-0222
**fax:** (650) 265-0223
**www.svelf.com**



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail.com>
**Sent:** Tuesday, March 14, 2023 5:16 PM
**To:** Carl Kaplan <ckaplan@svelf com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

Response inline below

On Mon, Mar 13 2023 at 4:16 PM, jai an <djan92@gmail.com> wrote:

Hello, I'm tracking to respond to this, currently caught up in SVB affairs.

On Mon, Mar 6 2023 at 5:50 PM, Carl Kaplan <ckaplan@svelf com> wrote:

Dear Mr. An,

We are going in circles. In my last email, I referenced—and attached—a January 13, 2023 email in which you stated that you were "tak[ing] the fifth" with respect to each of the discovery items as to which we have been trying to meet and confer with you. In your February 24, 2023 email, you have again changed your position, and now appear to profess confusion as to discovery requests about which we have previously exchanged several emails. Notably, your below email does not include your most recent communication in which you stated you were "tak[ing] the fifth," so I reattach it here for your review.

In the hopes of reaching resolution, I have responded to your new points below in red. With these clarifications in mind, please let us know by **5pm Pacific time, March 8, 2023,** if you will (1) agree to supplement the subject discovery requests with substantive responses; or (2) confirm if you are taking the fifth as to any of these requests—and if so, which ones. Further, and regardless of which approach you choose, please confirm by **5pm Pacific time, March 8, 2023,** if you will provide supplemental responses by no later than **5pm Pacific time, March 10, 2023.** Absent such timely confirmation, we will seek recourse from the Court.

Could you share where in the rules you are referencing for 2 day response requests? Thank you.

> All of the documents you request in your below email should be in the client file that Mr. Takenouchi provided to you upon his withdrawal as your counsel. To the extent you have not received your client file, you will need to address that request to Mr. Takenouchi. Finally, I confirm we are operating based on the local rules of the Northern District of California, as well Judge Breyer's standing orders and the Federal Rules of Civil Procedure.

Mr Takenouchi has shared that all client files were sent in a data dump that I've received. However "Initial Disclsoures" referenced in Chapter 13 was never received; therefore, kindly provide thank you.

> Thank you for your attention to this email; we look forward to your timely response.

I am also mindful of your repeated requests for deposition in February. I am available to fly in for a deposition March 20th; afterwards I will be less available due to a partner's medical process.

Thank you.

> Regards,
>
> Carl Kaplan
> SV Employment Law Firm PC
> 160 Bovet Road, Suite 401
> San Mateo, CA  94402
> ckaplan@svelf.com
> tel: (650) 265-0222
> fax: (650) 265-0223
> www.svelf.com
>
> 
>
> **An Entrepreneurial Employment Law Firm**
>
> This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
>
> **From:** jai an <djan92@gmail.com>
> **Sent:** Friday, February 24, 2023 8:57 AM
> **To:** Carl Kaplan <ckaplan@svelf.com>
> **Cc:** Steven Friedlander <sfriedlander@svelf.com>
> **Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

Hi, I'm having trouble understanding your request.

Are you asking me to confirm that I said something previously that you are attaching as evidence of me having said?

Going forward I'll reference the California Northern District United States District Court Civil Local Rules (https://www.cand.uscourts.gov/rules/civil-local-rules/) as well as the pro se handbook (https://cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020_links_8-2021.pdf).

I will reference the below rules; please let me know if you are following and abiding by the same or different set of reference rules, thank you.



I am happy to follow rules; however for any compelled speech, behavior, or action, it would require a citation to the rule as written in law, as well explicit confirmation and documentation that forced/compelled behavior or speech is being required by law.

Could you please provide the Initial Disclosures document referenced below (along with the "Required Content" and any changes along the way from the initial disclosures):



I've attached an example of the Initial Disclosures provided by the Court.

**Updated responses below:**

Request for Production No. 3

This request asks for a document (or documents) listing each time that you attempted to access any account belonging to TrustLabs after you were terminated as CEO, during the time period of July 6, 2020, through September 1, 2020, including a browser history demonstrating whether you accessed any relevant websites, as well as emails sent to your accounts demonstrating that you either accessed or attempted to access these accounts.
Your prior counsel, Mr. Takenouchi of Kasowitz Benson Torres LLP, agreed to search for these documents. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Hi all devices with any browser history were sent to TrustLabs. Thanks.

Response: This request asks for a list of instances on which you attempted to access a TrustLabs account, not for browser history demonstrating those instances. Please list, to the best of your recollection, each instance in which you attempted to access TrustLabs accounts during the period of July 6, 2020-September 1, 2020. Also, to the extent that you attempted to access any TrustLabs accounts during the period of July 6, 2020-September 1, 2020, from devices other than those you returned to TrustLabs, you must list those instances as well, or affirmatively state that you did not do so.

Please confirm you will update your response accordingly.

**Unfortunately, I do not recollect "each instance" given the time length. I believe Mr. Takenouchi created a request for production for all the historical records you have of access to TrustLabs accounts. Have you produced those? If so, please share, as that may be helpful for jogging memory.**
**<span style="color:red">Response</span>**: <span style="color:red">As noted in my prior response (copied above), this request asks you to respond to the <b><u>best of your present recollection</u></b>. Please supplement with this understanding in mind. If you do not recall, you will need to state that in your objection.</span>

I do not recall; however, note that since I was using the devices for correspondence during exit negotiations (as they were the only devices I had at the time), any access attempts may have been triggered inadvertently via device usage which already was signed into accounts previously.

---

Request for Production No. 7; Special Interrogatory No. 2:
Mr. Takenouchi and our firm previously discussed the phrase "held yourself out to be represented that you were affiliated" as used in TrustLabs' Request for Production No. 7 and Special Interrogatory No. 2. We explained that we are seeking identification and production of all communications you had with any third parties in which you discussed TrustLabs' business or attempted to negotiate on behalf of TrustLabs on or after July 6, 2020 (i.e., the date of your termination). We also explained to Mr. Takenouchi that TrustLabs is aware that, following your removal as CEO, you continued to communicate with TrustLabs' investors (i.e., individuals and entities that hold TrustLabs assets and/or tokens) or potential investors, purportedly on behalf of the company.
Mr. Takenouchi agreed to search for documents relevant to these requests. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

Response: Please see attached meet and confer correspondence with Mr. Takenouchi.

I do not see any files or document attached the email you sent? Is there an issue on my side?

To clarify, TrustLabs' Interrogatory No. 2 (which this section addresses in part), asks for a "list" of each communication in which you held yourself out to be or represented that you were affiliated with TrustLabs on or after July 6, 2020, and also to identify each person who participated in those communications. Accordingly, if you have any independent recollection of any such communication(s) you made after July 6, 2020, you must list those communications (and identify the party or parties with whom you communicated), regardless of whether all devices with "any historical record" are in TrustLabs' possession. Please update your response accordingly.

Similarly, to the extent that you do not have any documents in your possession, custody, or control that are responsive to TrustLabs' Request for Production No. 7 (seeking all documents and communications in which you held yourself out to be or represented that you were affiliated with Plaintiff on or after July 6, 2020), please confirm. If, however, you have any documents that are responsive to Request for Production No. 7 in your possession, custody, or control, you must produce such documents.

**What do you mean by the word affiliated? For example I have stated that I previously founded and was ceo of TrustToken. Does that count as affiliated in your mind?**
**<span style="color:red">Response:</span>** <span style="color:red">"Affiliated" should be understood according to its ordinary meaning—i.e., "attached, associated, or connected with a person, entity, or organization." To the extent that you stated to anyone that you were affiliated with TrustToken at any point on or after July 6, 2020—for instance by representing that you were the current CEO of TrustToken—that would constitute a communication contemplated by Interrogatory No. 2 and Request for Production No. 7. Please supplement your response to Interrogatory No. 2 and Request for Production No. 7 accordingly.</span>

Do you mean as a shareholder? Or a former employee or former CEO? I have represented myself as having worked at TrustLabs previously countless times, and it is currently displayed on my Linkedin. Do you want me to produce every instance of representing myself as having been affiliated with TrustLabs? This may number in the hundreds or perhaps thousands and take weeks to produce and think through every instance that someone has asked me about what I've done previously in life.

---

Requests for Admissions Nos. 4 and 6
Mr. Takenouchi and our firm also discussed the definition of the word "authorized" as used in TrustLabs' Requests for Admissions, Nos. 4 and 6, to which you had previously objected as vague and ambiguous. We explained that we were seeking your legal position on whether you were authorized, as the word is used in the statutes that form the bases for TrustLabs' causes of action,1 to perform the specified actions.
Please provide amended responses to these requests by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" on the definition of the word "authorized" (whether in email or conversation summarized)? Thank you. All

devices where there would be any historical record were sent to TrustLabs. Thank you.

Response: Please see attached meet and confer correspondence with Mr. Takenouchi.

These requests for admission do not ask for historical records that may be contained on devices that were sent back to TrustLabs; they ask you to admit (or deny) certain contentions.

For instance, Request for Admission, No. 4 asks you to admit that you were not authorized to delete TrustLabs' slack account on July 6, 2020. No reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

Similarly, Request for Admission, No. 6 asks you to admit that you were not authorized to access accounts belonging to TrustLabs, including, for instance, TrustLabs' Reddit or Hubspot accounts, after TrustLabs terminated your employment on July 6, 2020. As with Request for Admission, No. 4, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

**What do you mean by the word authorized and access? I was CEO and 1 of 2 board members at the time. Please describe your definition of authorization and access, as well as your legal position. Thank you.**

<span style="color:red">Response</span>: I indicate the definition of "authorized" in my prior response above, as well as in prior correspondence with Mr. Takenouchi, which I have previously provided to you. In the interest of moving things along, please understand "authorized" to mean "given official permission for or approval." "Access" should be understood to have its ordinary meaning—i.e., "to gain entry to," or to "obtain, examine, or retrieve." Please provide supplemental responses admitting or denying these requests with this understanding in mind.

Here is what the TrustLabs (f.k.a "Win the Game") bylaws (drafted by Wilmerhale upon incorporations) state about the role and authority of the CEO:

"3.7 President; Chief Executive Officer. Unless the Board of Directors has designated another person as the corporation's Chief Executive Officer, the President shall be the Chief Executive Officer of the corporation. The Chief Executive Officer shall have general charge and supervision of the business of the corporation subject to the direction of the Board of Directors, and shall perform all duties and have all powers that are commonly incident to the office of chief executive or that are delegated to such officer by the Board of Directors. The President shall perform such other duties and shall have such other powers as the Board of Directors or the Chief Executive Officer (if the President is not the Chief Executive Officer) may from time to time prescribe. In the event of the absence, inability or refusal to act of the Chief Executive Officer or the President (if the President is not the Chief Executive Officer), the Vice President (or if there shall be more than one, the Vice Presidents in the order determined by the Board of Directors) shall perform the duties of the Chief Executive Officer and when so performing such duties shall have all the powers of and be subject to all the restrictions upon the Chief Executive Officer."

In my tenure as CEO of TrustLabs for about five years. I selected, purchased, deleted, authorized, processed, removed dozens (if not hundreds) of vendors and tools and service providers for TrustLabs. These include but are not limited to: Slack, Discord, Discourse, 1Password, Hubspot, Web Hosting, GitHub, Asana, Trello, Canny, Namecheap, SVB, Chase, Brex, Accounting Providers, Bookeeping Providers, Quickbooks, Auditors, Law Firms (including Wilmerhale, Orrick, etc.), Contractors, Developers, 1099s, W2, Partnerships, etc. This included virtually all tools, vendors, technologies, service providers, law firms, partnerships, etc.

Could you provide your definition of authorization and if you are stating whether the "definition" of authorization within the Bylaws, Delaware General Corporate Law (DGCL), or by shareholder or board consent had my authorization been changed or altered prior to the event you are referencing. Or if you are stating that changing out a vendor like Slack is outside my previous normal scope of CEO duties for 5 years.

In addition, I enacted the change from Slack to Discord shortly after a call with Joseph Perkins at Orrick who stated that he deemed extremely unlikley that a vote is occuring, given that (1) I hold close to majority shares and (2) he had never heard of an instance like this previously and (3) no one at the company consulted nor notified him, who was main general outside corporate counsel. After this call with TrustLabs' primary corporate counsel, I took it upon his word.

In any future deposition, jury trial, or witness statement, we can call upon Joseph to speak under oath.

---

Request for Admissions No. 5
We also previously explained to Mr. Takenouchi that TrustLabs' Request for Admission No. 5 asks whether you accessed or attempted to access accounts belonging to TrustLabs after July 6, 2020 (and not, as your response provides, after July 7, 2020).
Please provide an amended response to this request by no later than two weeks from the date of this letter.

Could you specify which accounts you are referring to? Correspondence with TrustLabs occurred on TrustLabs devices that were all sent back.

Response: This request pertains to any and all accounts owned by TrustLabs, including, but not limited to, TrustLabs' Reddit and Hubspot accounts. As with TrustLabs' Requests for Admissions Nos. 4 and 6, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

**Are you asking specifically, whether I was able to enter and access TrustLabs' Reddit and Hubspot accounts. When you say access, do you mean did I log in and enter the site with authentication completed? It is possible I "attempted to access" however I do not recollect the specific date. As mentioned above, if you provide records which were included in Mr. Takenouchi's request, this would be helpful for jogging the memory, given it's been almost 3 years now.**

<span style="color:red">Response</span>: Request for Admission No. 5 is **not** limited to instances in which you successfully "log[ged] in and enter[ed] the site with authentication completed." By its express terms, the request asks you to admit that you either "accessed" or "**attempted** to access" accounts belonging to Plaintiff. Other than the time frame limitation of July 6, 2020 to the present, there is no portion of this request that asks for specific dates. From your response above, it appears that the answer to this request is "Admit." Please supplement your response accordingly.

Copying and pasting the text above due to relevancy: "I do not recall; however, note that since I was using the devices for correspondence during exit negotiations (as they were the only devices I had at the time), any access attempts may have been triggered inadvertantly via device usage which already was signed into accounts previously. "

---

Special Interrogatories Nos. 6 and 7.
In discussing your objections to these special interrogatories, Mr. Takenouchi agreed to provide further responses to these interrogatories, provided that we agreed these would count for multiple interrogatories.
With respect to Special Interrogatory No. 6, we will agree that this interrogatory will be deemed a separate interrogatory with respect to your responses to each of TrustLabs' Requests for Admission that is not an unqualified admission. For instance, your response with respect to Request for Admission No. 2, inclusive of subparts (a)-(d) in Special Interrogatory No. 6, would constitute a response to a separate special interrogatory.
At present, you have provided answers that are not unqualified admissions to TrustLabs' Requests for Admissions Nos. 1, 2, 4, 5, and 6 (though, as discussed above, that number may be subject to change depending on your amended responses to Requests for Admission Nos. 4, 5, and 6). Accordingly, under our proposal, your responses to Special Interrogatory No. 6 with respect to each such Request for Admission would constitute a total of five separate special interrogatories.
We will agree to a similar treatment of your responses to Special Interrogatory No. 7, such that your response with respect to each affirmative defense raised in your Answer, inclusive of subparts (a)-(c) of Special Interrogatory No. 7, would constitute a response to a separate special interrogatory.
You have pleaded 11 affirmative defenses. Accordingly, under our proposal, your response to Special Interrogatory No. 7, (a)-(c), with respect to each such affirmative defense would constitute a total of 11 separate special interrogatories.
Please provide supplemental responses to Special Interrogatories Nos. 6 and 7 in view of the foregoing proposal by no later than two weeks from the date of this letter.

I am not able to understand what is being requested here. Could you explain this component more simply? Thank you.

<u>Response</u>: This section addresses TrustLabs' Interrogatories nos. 6 and 7. Please see attached requests. For ease of reference, the requests state the following (capitalized terms below are subject to the definitions in the attached). I have provided explanations of what each interrogatory seeks below, but it may be more efficient for us to discuss over the phone. Please let me know when in the next week would be a convenient time to speak.

Interrogatory No. 6: Is your response to each Request for Admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) IDENTIFY all PERSONS who have knowledge of those facts; and d) describe all DOCUMENTS and tangible things that support your response and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of TrustLabs' Requests for Admission (attached for reference), to which you have not provided an unqualified admission. Please provide the information requested in subsections (a)-(d) of Interrogatory No. 6, above.

Interrogatory No. 7: Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts upon which you base the denial or special or affirmative defense; (b) IDENTIFY all PERSONS who have knowledge of those facts; (c) describe all DOCUMENTS and tangible things that support your denial or special or affirmative defense and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of your denials of a material allegation or special or affirmative defenses in this matter. Your denials of TrustLabs' allegations and special and affirmative defenses are set forth in your answer to TrustLabs complaint, which I have also attached for your reference.

**I believe there has been no admission or denial above so far, simply requests for clarification in addition to requests for production from you to me.**

<span style="color:red">**Response:** You are incorrect. Please refer to your February 13, 2023 email in which you unambiguously stated, "I take the fifth" with respect to these interrogatories. I have repeatedly invited you to engage in a telephone conversation to discuss these requests more fully. To date, you have refused that invitation. I extend it once more and am available Tomorrow, 3/7/2023, or Wednesday, 3/8/2023, to discuss. Otherwise, please either supplement these responses, or confirm you are pleading the fifth.</span>

Hello, given that I am considering whether to bring on an attorney to represent myself or continue to represent myself pro se (and since this is my first litgation experience, compared to your many experiences, credentials, knowledge, and wisdom), I prefer all communications to be written or recorded for easy context transfer for any potential attorney to help lead my case. Thank you.

I am attempting to interpret what you are communicating: it sounds like you are asking if I have stated "I take the fifth" previously in email. Yes that was stated in email as shown in email logs below. It sounds like you want me to (a) state all facts, (b) identify all persons (c) describe all documents related Requests 4, 5, and 6.

On the topics of authorization and access (requests 4, 5, 6), I believe all persons would be Rafael Cosman (Board and Engineering Head), Alex de Lorraine (Director of Finance), Anna Arpilleda (HR Manager), Zean Moore (IT Manager), Joseph Perkins (Orrick Corporate Counsel)

All facts are quite broad; however is an attempt to respond to all facts request:
- I was terminated on or about July 7 2020
- I given leave or notification

- I was CEO and Board Memember prior to July 7
- I was in those positions for about five years
- I authorized, purchased, deleted, removed virtually all services, providers, tools, technologies, contractors, firms, partnerships during that time
- I transitioned Slack to Discord
- I also transitioned to Discourse and a number of vendors and tools and partners shortly before that
- I had a phone call with Joseph Perkins, primary corporate counsel shortly before transitioning from Slack to Discord
- Joseph Perkins stated that it was very unlikely a vote out would occur and would create problems down the road, and that he had never heard wind of such event occuring

All documents:
- I presume the Bylaws, Delaware General Corporate Law (DGCL) are relevant here
- Email correspondence, which were shared and/or are within TrustLabs servers and Google email accounts
- Records of any shareholder votes or consents or board votes or consents

Thanks! 

> **Thank you.**
>
> On Fri, Feb 17 2023 at 7:28 AM, Carl Kaplan <ckaplan@svelf.com> wrote:
>
>> Dear Mr. An,
>>
>> Please stop playing games. On January 13, 2023, you responded to each of the meet and confer topics that I raised by advising that you were "taking the fifth." Please see attached email correspondence for reference. Indeed, in your below email of January 30, 2023, you stated that you were "taking the fifth" with respect to any meet and confer conference regarding your further responses to those discovery requests.
>>
>> Accordingly, in my February 14, 2023 email, I asked you to confirm that you were invoking the Fifth Amendment with respect to any supplemental responses to Plaintiff's discovery requests.  That email clearly referred to the discovery requests I had previously written to you about, but since you have professed confusion, I will once again ask you to confirm you are invoking the Fifth Amendment with respect to each of the topics addressed in the attached email correspondence.  Please confirm by no later than **3pm Pacific time tomorrow (February 16, 2023)** if this remains the case.  If so, please also confirm that you will provide supplemental, verified discovery responses stating that you are invoking the Fifth Amendment by no later than **5pm Pacific time, February 20, 2023**.
>>
>> If this is no longer the case, please identify the specific requests as to which you are not invoking the Fifth Amendment, and provide your availability to telephonically meet and confer regarding those requests between February 16, 2023 and February 24, 2023.  With respect to each request to which you intend to invoke the Fifth Amendment, please also confirm you will provide supplemental, verified discovery responses to those requests, stating that you are invoking the Fifth Amendment, by no later than **5pm Pacific time, February 17, 2023.**  Please confirm the foregoing by no later than **3pm Pacific time tomorrow (February 16, 2023)**.
>>
>> Absent your confirmation by 3pm PT tomorrow (2/16/23), we will seek recourse from the Court. I look forward to your prompt response.
>>
>> Best,
>>
>> Carl Kaplan
>> **SV** Employment Law Firm **PC**
>> 160 Bovet Road, Suite 401
>> San Mateo, CA  94402
>> ckaplan@svelf.com
>> **tel**: (650) 265-0222
>> **fax**: (650) 265-0223
>> www.svelf.com
>>
>> **SV** EMPLOYMENT LAW FIRM PC
>>
>> **An Entrepreneurial Employment Law Firm**
>>
>> This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
>>
>> **From:** jai an <djan92@gmail.com>
>> **Sent:** Wednesday, February 15, 2023 10:08 PM
>> **To:** Carl Kaplan <ckaplan@svelf.com>
>> **Cc:** Steven Friedlander <sfriedlander@svelf.com>
>> **Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses
>>
>> | CAUTION: EXTERNAL EMAIL |
>> | --- |
>>
>> Hi, no there is a misunderstanding. I will invoke fifth amendment selectively case by case.
>>
>> On Tue, Feb 14 2023 at 8:41 AM, Carl Kaplan <ckaplan@svelf.com> wrote:
>>
>>> Dear Mr. An,

We understand from your prior correspondence that you are invoking the Fifth Amendment with respect to any further supplemental responses to Plaintiff's discovery requests.  Please confirm by **5pm Pacific time Wednesday** (2/15/23) if this is the case, and, if so, whether you will provide supplemental, verified discovery responses stating that you are invoking the Fifth Amendment by no later than **5pm Pacific time, February 17, 2023.**

Thank you for your attention to this matter; we look forward to your prompt response. I am available to discuss further over the phone if that would be helpful.

Best,

Carl Kaplan
**SV Employment Law Firm PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
**www.svelf.com**



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail.com>
**Sent:** Monday, January 30, 2023 5:32 AM
**To:** Carl Kaplan <ckaplan@svelf com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

| CAUTION: EXTERNAL EMAIL |
| --- |

Hi Carl, I take the fifth. On availability: March 6-8 2023. I will be traveling abroad during February. Thank you.


On Sun, Jan 29 2023 at 12:10 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

As a final attempt to resolve this dispute without involving the court, please provide your availability to meet and confer this coming week by no later than **5:00 p.m. Pacific time tomorrow (1/30/23)**. Additionally, as mentioned in my January 11, 2023 email, we intend to notice your deposition for February 2023.  Please confirm several days of your availability in this timeframe and we will select a mutually convenient deposition date.  If you fail to provide your availability, we will notice your deposition for a date that works for us.

I am available to discuss further and look forward to your prompt response.

Thank you,

Carl Kaplan
**SV Employment Law Firm PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
**www.svelf.com**



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** jai an <djan92@gmail.com>
**Sent:** Friday, January 13, 2023 1:33 PM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

| CAUTION: EXTERNAL EMAIL |
| --- |

**Hi Carl, thanks for emailing. Responses below above the "---" lines:**

As noted in my below email, if we do not receive your inserts by **noon today**, we will need to file separately with the Court. Additionally, it has come to our attention that your prior counsel did not provide your full address in his motion to withdraw – we understand that "404 Ave De La Constitucion, San Juan, Puerto Rico 00901" (the address provided) is a condominium with many units, and your prior counsel did not specify your unit. Regardless of whether you will be joining our case management statement, please respond to this email **by noon today** with your unit number so that we may effect service of our statement. Additionally, as I noted in my below email, please confirm if you will agree that electronic service (i.e., service via e-mail) will be effective service for all purposes going forward in this matter.

**Address Below:**
**Daniel An**
**27 Calle Orta 3D APT Cond Los Nardos A**
**San Juan Puerto Rico 00907**
**Puerto Rico**

To clarify my prior email—and as it is already past noon in Puerto Rico—I refer to 12:00pm pacific time.

I thought you were referring to 3pm PT in the previous emails. Since you've changed the datetime, I've just registered to pacer for efiling to efile the CMC, thanks:



---

I am writing for three reasons:

*First*, I write to follow up on my requests to schedule a telephonic meet and confer in this matter. As I have previously expressed, and given the upcoming close of fact discovery, if you do not make yourself available for a meet and confer conference by **January 18, 2023**, we will need to seek recourse from the Court.  Additionally, we hope to discuss during our meet and confer correspondence your availability to sit for deposition in this matter. We are glad to discuss scheduling and procedural issues further during a call, but unless you agree to a meet and confer call on a date certain between now and January 19, 2023, we will need to seek Court guidance on this issue as well.

**I am currently considering and discussing whether to continue to represent myself pro per. Since I am not aware of rules, I will take the fifth until being made more aware. Thank you.**

---

*Second*, as your prior counsel may have advised you, the parties have a deadline to submit case management statements to the court by this Friday, January 13, 2023.  Please see attached e-mail for reference.  Pursuant to the Court's local rules, and given that you are not represented by counsel, we may either submit separate statements, or a joint statement.  (See Local Rule 16-9(a).)   We have attached our draft statement; if you would like to submit jointly, please **(i)** provide your inserts in the attached (in the sections designated "Defendant") by no later than **12pm on January 13, 2023**; and **(ii)** once finalized, sign and return the document for filing by no later than **3pm on January 13, 2023** (or, confirm you consent to our affixing your typed /s/ signature, as set forth in the draft Filing Consent Certification on page 4 of the attached).

**I will look into e-filing the above, when Pacer allows me to do so by accepting my e file registration.**

---

***Third,*** please confirm if you will agree that electronic service (i.e., service via e-mail) will be effective service for all purposes going forward in this matter.

**Does this mean all correspondence occurs via email going forward? If so, yes.**

---

Thank you for your attention to this matter. I look forward to receiving your response, as well as your availability for a meet and confer conference.

---

Request for Production No. 3

This request asks for a document (or documents) listing each time that you attempted to access any account belonging to TrustLabs after you were terminated as CEO, during the time period of July 6, 2020, through September 1, 2020, including a browser history demonstrating whether you accessed any relevant websites, as well as emails sent to your accounts demonstrating that you either accessed or attempted to access these accounts.
Your prior counsel, Mr. Takenouchi of Kasowitz Benson Torres LLP, agreed to search for these documents. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Hi all devices with any browser history were sent to TrustLabs. Thanks.

**Response:** This request asks for a list of instances on which you attempted to access a TrustLabs account, not for browser history demonstrating those instances. Please list, to the best of your recollection, each instance in which you attempted to access TrustLabs accounts during the period of July 6, 2020-September 1, 2020. Also, to the extent that you attempted to access any TrustLabs accounts during the period of July 6, 2020-September 1, 2020, from devices other than those you returned to TrustLabs, you must list those instances as well, or affirmatively state that you did not do so.

Please confirm you will update your response accordingly.

**I take the fifth.**

---

Request for Production No. 7; Special Interrogatory No. 2:
Mr. Takenouchi and our firm previously discussed the phrase "held yourself out to be represented that you were affiliated" as used in TrustLabs' Request for Production No. 7 and Special Interrogatory No. 2. We explained that we are seeking identification and production of all communications you had with any third parties in which you discussed TrustLabs' business or attempted to negotiate on behalf of TrustLabs on or after July 6, 2020 (i.e., the date of your termination). We also explained to Mr. Takenouchi that TrustLabs is aware that, following your removal as CEO, you continued to communicate with TrustLabs' investors (i.e., individuals and entities that hold TrustLabs assets and/or tokens) or potential investors, purportedly on behalf of the company. Mr. Takenouchi agreed to search for documents relevant to these requests. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.

To clarify, TrustLabs' Interrogatory No. 2 (which this section addresses in part), asks for a "list" of each communication in which you held yourself out to be or represented that you were affiliated with TrustLabs on or after July 6, 2020, and also to identify each person who participated in those communications. Accordingly, if you have any independent recollection of any such communication(s) you made after July 6, 2020, you must list those communications (and identify the party or parties with whom you communicated), regardless of whether all devices with "any historical record" are in TrustLabs' possession. Please update your response accordingly.

Similarly, to the extent that you do not have any documents in your possession, custody, or control that are responsive to TrustLabs' Request for Production No. 7 (seeking all documents and communications in which you held yourself out to be or represented that you were affiliated with Plaintiff on or after July 6, 2020), please confirm. If, however, you have any documents that are responsive to Request for Production No. 7 in your possession, custody, or control, you must produce such documents.

**I take the fifth.**

---

Requests for Admissions Nos. 4 and 6
Mr. Takenouchi and our firm also discussed the definition of the word "authorized" as used in TrustLabs' Requests for Admissions, Nos. 4 and 6, to which you had previously objected as vague and ambiguous. We explained that we were seeking your legal position on whether you were authorized, as the word is used in the statutes that form the bases for TrustLabs' causes of action,1 to perform the specified actions.
Please provide amended responses to these requests by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" on the definition of the word "authorized" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.

These requests for admission do not ask for historical records that may be contained on devices that were sent back to TrustLabs; they ask you to admit (or deny) certain contentions.

For instance, Request for Admission, No. 4 asks you to admit that you were not authorized to delete TrustLabs' slack account on July 6, 2020. No reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

Similarly, Request for Admission, No. 6 asks you to admit that you were not authorized to access accounts belonging to TrustLabs, including, for instance, TrustLabs' Reddit or Hubspot accounts, after TrustLabs terminated your employment on July 6, 2020. As with Request for Admission, No. 4, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request

**I take the fifth.**

---

Request for Admissions No. 5
We also previously explained to Mr. Takenouchi that TrustLabs' Request for Admission No. 5 asks whether you accessed or attempted to access accounts belonging to TrustLabs after July 6, 2020 (and not, as your response provides, after July 7, 2020).
Please provide an amended response to this request by no later than two weeks from the date of this letter.

Could you specify which accounts you are referring to? Correspondence with TrustLabs occurred on TrustLabs devices that were all sent back.

**Response:** This request pertains to any and all accounts owned by TrustLabs, including, but not limited to, TrustLabs' Reddit and Hubspot accounts. As with TrustLabs' Requests for Admissions Nos. 4 and 6, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

**I take the fifth.**

---

Special Interrogatories Nos. 6 and 7.
In discussing your objections to these special interrogatories, Mr. Takenouchi agreed to provide further responses to these interrogatories, provided that we agreed these would count for multiple interrogatories.
With respect to Special Interrogatory No. 6, we will agree that this interrogatory will be deemed a separate interrogatory with respect to your responses to each of TrustLabs' Requests for Admission that is not an unqualified admission. For instance, your response with respect to Request for Admission No. 2, inclusive of subparts (a)-(d) in Special Interrogatory No. 6, would constitute a response to a separate special interrogatory.
At present, you have provided answers that are not unqualified admissions to TrustLabs' Requests for Admissions Nos. 1, 2, 4, 5, and 6 (though, as discussed above, that number may be subject to change depending on your amended responses to Requests for Admission Nos. 4, 5, and 6). Accordingly, under our proposal, your responses to Special Interrogatory No. 6 with respect to each such Request for Admission would constitute a total of five separate special interrogatories.
We will agree to a similar treatment of your responses to Special Interrogatory No. 7, such that your response with respect to each affirmative defense raised in your Answer, inclusive of subparts (a)-(c) of Special Interrogatory No. 7, would constitute a response to a separate special interrogatory.
You have pleaded 11 affirmative defenses. Accordingly, under our proposal, your response to Special Interrogatory No. 7, (a)-(c), with respect to each such affirmative defense would constitute a total of 11 separate special interrogatories.
Please provide supplemental responses to Special Interrogatories Nos. 6 and 7 in view of the foregoing proposal by no later than two weeks from the date of this letter.

I am not able to understand what is being requested here. Could you explain this component more simply? Thank you.

**Response:** This section addresses TrustLabs' Interrogatories nos. 6 and 7. Please see attached requests. For ease of reference, the requests state the following (capitalized terms below are subject to the definitions in the attached). I have provided explanations of what each interrogatory seeks below, but it may be more efficient for us to discuss over the phone. Please let me know when in the next week would be a convenient time to speak.

**Interrogatory No. 6:** Is your response to each Request for Admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) IDENTIFY all PERSONS who have knowledge of those facts; and d) describe all DOCUMENTS and tangible things that support your response and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of TrustLabs' Requests for Admission (attached for reference), to which you have not provided an unqualified admission. Please provide the information requested in subsections (a)-(d) of Interrogatory No. 6, above.

**Interrogatory No. 7:** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts upon which you base the denial or special or affirmative defense; (b) IDENTIFY all PERSONS who have knowledge of those facts; (c) describe all DOCUMENTS and tangible things that support your denial or special or affirmative defense and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of your denials of a material allegation or special or affirmative defenses in this matter. Your denials of TrustLabs' allegations and special and affirmative defenses are set forth in your answer to TrustLabs complaint, which I have also attached for your reference.

**I take the fifth.**

---

On Wed, Jan 11 2023 at 6:06 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

I am writing for three reasons:

*First*, I write to follow up on my requests to schedule a telephonic meet and confer in this matter. As I have previously expressed, and given the upcoming close of fact discovery, if you do not make yourself available for a meet and confer conference by **January 18, 2023**, we will need to seek recourse from the Court. We are glad to discuss scheduling and procedural issues further during a call, but unless you agree to a meet and confer call on a date certain between now and January 19, 2023, we will need to seek Court guidance on this issue as well.

*Second*, as your prior counsel may have advised you, the parties have a deadline to submit case management statements to the court by this Friday, January 13, 2023. Please see attached e-mail for reference. Pursuant to the Court's local rules, and given that you are not represented by counsel, we may either submit separate statements, or a joint statement. (See Local Rule 16-9(a).) We have attached our draft statement; if you would like to submit jointly, please **(i)** provide your inserts in the attached (in the sections designated "Defendant") by no later than **12pm on January 13, 2023**; and **(ii)** once finalized, sign and return the document for filing by no later than **3pm on January 13, 2023** (or, confirm you consent to our affixing your typed /s/ signature, as set forth in the draft Filing Consent Certification on page 4 of the attached).

*Third,* please confirm if you will agree that electronic service (i.e., service via e-mail) will be effective service for all purposes going forward in this matter.

Thank you for your attention to this matter. I look forward to receiving your response, as well as your availability for a meet and confer conference.

Best,

Carl Kaplan
**SV Employment Law Firm PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



An Entrepreneurial Employment Law Firm

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

**From:** Carl Kaplan
**Sent:** Tuesday, January 10, 2023 1:38 PM
**To:** jai an <djan92@gmail.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

Thank you for the email, Mr. An. As stated below, please let me know your availability this week for a call on the issues raised in my prior correspondence.

Best,

Carl Kaplan
**SV Employment Law Firm PC**
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
www.svelf.com



An Entrepreneurial Employment Law Firm

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

**From:** jai an <djan92@gmail.com>
**Sent:** Monday, January 9, 2023 3:45 PM
**To:** Carl Kaplan <ckaplan@svelf.com>

**Cc:** Steven Friedlander <sfriedlander@svelf com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

Hi coming back online from travels and vacation - catching up on emailing and can respond back

On Fri, Jan 6 2023 at 5:34 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

Following up on this—please let me know your availability next week (1/9/23-1/13/23) for a call to address the issues raised in my below emails.  If we do not hear from you by the end of next week, we will need to seek guidance from the Court.

Thank you in advance for your attention to this matter, and I look forward to hearing from you soon.

Best,

Carl Kaplan
SV **Employment Law Firm** PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
tel: (650) 265-0222
fax: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

**From:** Carl Kaplan
**Sent:** Thursday, December 29, 2022 4:08 PM
**To:** jai an <djan92@gmail.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

Dear Mr. An:

Thank you for your response email.  I have responded in-line to each of your comments, below, in red ink. Please review and let me know when you are free to discuss between January 3, 2023 and January 9, 2023. I am also available tomorrow, December 30, 2022, if you have availability.

Best,

Carl Kaplan
SV **Employment Law Firm** PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
tel: (650) 265-0222
fax: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

**From:** jai an <djan92@gmail.com>
**Sent:** Monday, December 19, 2022 3:02 PM
**To:** Carl Kaplan <ckaplan@svelf.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** RE: TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

**CAUTION: EXTERNAL EMAIL**

Hi Carl, thanks for emailing. Responses below above the "---" lines:

Request for Production No. 3

This request asks for a document (or documents) listing each time that you attempted to access any account belonging to TrustLabs after you were terminated as CEO, during the time period of July 6, 2020, through September 1, 2020, including a browser history demonstrating whether you accessed any relevant websites, as well as emails sent to your accounts demonstrating that you either accessed or attempted to access these accounts. Your prior counsel, Mr. Takenouchi of Kasowitz Benson Torres LLP, agreed to search for these documents. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Hi all devices with any browser history were sent to TrustLabs. Thanks.

**Response:** This request asks for a list of instances on which you attempted to access a TrustLabs account, not for browser history demonstrating those instances. Please list, to the best of your recollection, each instance in which you attempted to access TrustLabs accounts during the period of July 6, 2020-September 1, 2020. Also, to the extent that you attempted to access any TrustLabs accounts during the period of July 6, 2020-September 1, 2020, from devices other than those you returned to TrustLabs, you must list those instances as well, or affirmatively state that you did not do so.

Please confirm you will update your response accordingly.

---

Request for Production No. 7; Special Interrogatory No. 2:
Mr. Takenouchi and our firm previously discussed the phrase "held yourself out to be represented that you were affiliated" as used in TrustLabs' Request for Production No. 7 and Special Interrogatory No. 2. We explained that we are seeking identification and production of all communications you had with any third parties in which you discussed TrustLabs' business or attempted to negotiate on behalf of TrustLabs on or after July 6, 2020 (i.e., the date of your termination). We also explained to Mr. Takenouchi that TrustLabs is aware that, following your removal as CEO, you continued to communicate with TrustLabs' investors (i.e., individuals and entities that hold TrustLabs assets and/or tokens) or potential investors, purportedly on behalf of the company.
Mr. Takenouchi agreed to search for documents relevant to these requests. Please confirm you will conduct such a search for, and will produce, all relevant documents by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.

To clarify, TrustLabs' Interrogatory No. 2 (which this section addresses in part), asks for a "list" of each communication in which you held yourself out to be or represented that you were affiliated with TrustLabs on or after July 6, 2020, and also to identify each person who participated in those communications.  Accordingly, if you have any independent recollection of any such communication(s) you made after July 6, 2020, you must list those communications (and identify the party or parties with whom you communicated), regardless of whether all devices with "any historical record" are in TrustLabs' possession.  Please update your response accordingly.

Similarly, to the extent that you do not have any documents in your possession, custody, or control that are responsive to TrustLabs' Request for Production No. 7 (seeking all documents and communications in which you held yourself out to be or represented that you were affiliated with Plaintiff on or after July 6, 2020), please confirm.  If, however, you have any documents that are responsive to Request for Production No. 7 in your possession, custody, or control, you must produce such documents.

---

Requests for Admissions Nos. 4 and 6
Mr. Takenouchi and our firm also discussed the definition of the word "authorized" as used in TrustLabs' Requests for Admissions, Nos. 4 and 6, to which you had previously objected as vague and ambiguous. We explained that we were seeking your legal position on whether you were authorized, as the word is used in the statutes that form the bases for TrustLabs' causes of action,1 to perform the specified actions.
Please provide amended responses to these requests by no later than two weeks from the date of this letter.

Could you provide all the previous "discussions" on the definition of the word "authorized" (whether in email or conversation summarized)? Thank you. All devices where there would be any historical record were sent to TrustLabs. Thank you.

**Response:** Please see attached meet and confer correspondence with Mr. Takenouchi.

These requests for admission do not ask for historical records that may be contained on devices that were sent back to TrustLabs; they ask you to admit (or deny) certain contentions.

For instance, Request for Admission, No. 4 asks you to admit that you were not authorized to delete TrustLabs' slack account on July 6, 2020. No reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

Similarly, Request for Admission, No. 6 asks you to admit that you were not authorized to access accounts belonging to TrustLabs, including, for instance, TrustLabs' Reddit or Hubspot accounts, after TrustLabs terminated your employment on July 6, 2020. As with Request for Admission, No. 4, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request

---

Request for Admissions No. 5

We also previously explained to Mr. Takenouchi that TrustLabs' Request for Admission No. 5 asks whether you accessed or attempted to access accounts belonging to TrustLabs after July 6, 2020 (and not, as your response provides, after July 7, 2020).

Please provide an amended response to this request by no later than two weeks from the date of this letter.

Could you specify which accounts you are referring to? Correspondence with TrustLabs occurred on TrustLabs devices that were all sent back.

**Response:** This request pertains to any and all accounts owned by TrustLabs, including, but not limited to, TrustLabs' Reddit and Hubspot accounts. As with TrustLabs' Requests for Admissions Nos. 4 and 6, no reference to a "historical record" is required to respond to this request. Please provide a supplemental response admitting or denying this request.

---

Special Interrogatories Nos. 6 and 7.

In discussing your objections to these special interrogatories, Mr. Takenouchi agreed to provide further responses to these interrogatories, provided that we agreed these would count for multiple interrogatories.

With respect to Special Interrogatory No. 6, we will agree that this interrogatory will be deemed a separate interrogatory with respect to your responses to each of TrustLabs' Requests for Admission that is not an unqualified admission. For instance, your response with respect to Request for Admission No. 2, inclusive of subparts (a)-(d) in Special Interrogatory No. 6, would constitute a response to a separate special interrogatory.

At present, you have provided answers that are not unqualified admissions to TrustLabs' Requests for Admissions Nos. 1, 2, 4, 5, and 6 (though, as discussed above, that number may be subject to change depending on your amended responses to Requests for Admission Nos. 4, 5, and 6). Accordingly, under our proposal, your responses to Special Interrogatory No. 6 with respect to each such Request for Admission would constitute a total of five separate special interrogatories.

We will agree to a similar treatment of your responses to Special Interrogatory No. 7, such that your response with respect to each affirmative defense raised in your Answer, inclusive of subparts (a)-(c) of Special Interrogatory No. 7, would constitute a response to a separate special interrogatory. You have pleaded 11 affirmative defenses. Accordingly, under our proposal, your response to Special Interrogatory No. 7, (a)-(c), with respect to each such affirmative defense would constitute a total of 11 separate special interrogatories.

Please provide supplemental responses to Special Interrogatories Nos. 6 and 7 in view of the foregoing proposal by no later than two weeks from the date of this letter.

I am not able to understand what is being requested here. Could you explain this component more simply? Thank you.

**Response:** This section addresses TrustLabs' Interrogatories nos. 6 and 7. Please see attached requests. For ease of reference, the requests state the following (capitalized terms below are subject to the definitions in the attached). I have provided explanations of what each interrogatory seeks below, but it may be more efficient for us to discuss over the phone. Please let me know when in the next week would be a convenient time to speak.

**Interrogatory No. 6:** Is your response to each Request for Admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) IDENTIFY all PERSONS who have knowledge of those facts; and d) describe all DOCUMENTS and tangible things that support your response and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of TrustLabs' Requests for Admission (attached for reference), to which you have not provided an unqualified admission. Please provide the information requested in subsections (a)-(d) of Interrogatory No. 6, above.

**Interrogatory No. 7:** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts upon which you base the denial or special or affirmative defense; (b) IDENTIFY all PERSONS who have knowledge of those facts; (c) describe all DOCUMENTS and tangible things that support your denial or special or affirmative defense and IDENTIFY each PERSON who has each DOCUMENT or thing.

As the foregoing states, this request asks you to provide factual support for each of your denials of a material allegation or special or affirmative defenses in this matter. Your denials of TrustLabs' allegations and special and affirmative defenses are set forth in your answer to TrustLabs complaint, which I have also attached for your reference.

---

On Mon, Dec 12 2022 at 5:45 PM, Carl Kaplan <ckaplan@svelf.com> wrote:

Dear Mr. An,

Following up on my below email (and attached correspondence) from December 5, 2022.  Please confirm receipt thereof.

Thank you,

Carl Kaplan
SV Employment Law Firm PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223

[www.svelf.com](http://www.svelf.com)



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Carl Kaplan
**Sent:** Monday, December 5, 2022 12:05 PM
**To:** 'djan92@gmail.com' <[djan92@gmail.com](mailto:djan92@gmail.com)>
**Cc:** Steven Friedlander <[sfriedlander@svelf.com](mailto:sfriedlander@svelf.com)>
**Subject:** TrustLabs, Inc. vs. Daniel Jaiyong An, Case No. 3:21-cv-02606-CRB - meet and confer letter re Plaintiff's discovery responses

Dear Mr. An,

Please see the attached correspondence. As stated therein, your response is requested by no later than **Monday, December 19, 2022**.  I am available to discuss further in the interim if that would be helpful. Thank you for your attention to this matter.

Sincerely,

Carl Kaplan
**SV** Employment Law Firm PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
[ckaplan@svelf.com](mailto:ckaplan@svelf.com)
**tel**: (650) 265-0222
**fax**: (650) 265-0223
[www.svelf.com](http://www.svelf.com)



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT G

| | |
|---|---|
| **From:** | Carl Kaplan |
| **To:** | jai an |
| **Cc:** | Steven Friedlander |
| **Subject:** | RE: Activity in Case 3:21-cv-02606-CRB TrustLabs, Inc. v. An Discovery Order |
| **Date:** | Tuesday, March 21, 2023 9:14:00 AM |
| **Attachments:** | 2023.03.21 [Trustlabs-An] Joint Statement Re Discovery Dispute (1).docx |
| | image001.png |

Dear Mr. An,

Please find attached Plaintiff's portion of the joint letter brief that the Court has directed us to submit by Wednesday, 3/22/23.  As requested in my below email, please include your portion of the letter (following the header titled "II. DEFENDANT'S POSITION") by no later than **4pm Pacific time tomorrow, 3/22/23,** so that we have sufficient time to finalize and file the document. Per Judge Hixson's standing order, our joint brief is limited to a total of five pages, so please keep that in mind when drafting.

Please let me know if you have any questions. As noted below, I remain available to participate in a telephonic meet and confer session. If you will reconsider your refusal to participate in a call, please let me know and we can schedule a time to speak.

Best regards,

Carl Kaplan
SV Employment Law Firm PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
**tel**: (650) 265-0222
**fax**: (650) 265-0223
**www.svelf.com**



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Carl Kaplan
**Sent:** Friday, March 17, 2023 12:02 PM
**To:** jai an <djan92@gmail.com>
**Cc:** Steven Friedlander <sfriedlander@svelf.com>
**Subject:** FW: Activity in Case 3:21-cv-02606-CRB TrustLabs, Inc. v. An Discovery Order

Dear Mr. An,

Per the below message—which you should have received as well—the Court has directed us to file a

joint letter brief addressing our discovery dispute by next Wednesday (3/22/23).  We will provide our portion of the brief by early next week, with a placeholder for your portion.  Please make sure to return the letter brief with your portion inserted in by no later than **4pm Pacific Time on March 22, 2023** so that we can ensure a timely filing.  If we do not receive your portion by then, we will need to file separately and will advise the Court that we were unable to collect your portion in a timely manner.

In the hopes of potentially resolving these matters without Court intervention, I am available to meet and confer telephonically on Monday (3/20/23). I assume from your prior correspondence that you are unwilling to do so, but please let me know if otherwise and we can set up a time to discuss.

Best,

Carl Kaplan
SV Employment Law Firm PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
ckaplan@svelf.com
tel: (650) 265-0222
fax: (650) 265-0223
www.svelf.com



**An Entrepreneurial Employment Law Firm**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** ECF-CAND@cand.uscourts.gov <ECF-CAND@cand.uscourts.gov>
**Sent:** Wednesday, March 15, 2023 5:11 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:21-cv-02606-CRB TrustLabs, Inc. v. An Discovery Order

**CAUTION: EXTERNAL EMAIL**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

**U.S. District Court**

**California Northern District**

# Notice of Electronic Filing

The following transaction was entered on 3/15/2023 at 5:10 PM and filed on 3/15/2023

**Case Name:**        TrustLabs, Inc. v. An
**Case Number:**    3:21-cv-02606-CRB
**Filer:**
**Document Number:** 60

**Docket Text:**
**Discovery Order. Parties to file joint discovery letter brief no later than 3/22/23.**
**(tshlc2, COURT STAFF) (Filed on 3/15/2023)**

---

**Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)**

**3:21-cv-02606-CRB Notice has been electronically mailed to:**

**Carl Joseph Kaplan      ckaplan@svelf.com, jbaker@svelf.com, talioto@svelf.com**

**Daniel Jaiyong An      djan92@gmail.com**

**Steven L. Friedlander      sfriedlander@svelf.com, jbaker@svelf.com, jbllanca@svelf.com, talioto@svelf.com**

**3:21-cv-02606-CRB Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

**The following document(s) are associated with this transaction:**

**Document description:** Main Document
**Original filename:** C:\fakepath\21-cv-02606-crb-discovery_order_march_15.638145216702421588.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=3/15/2023] [FileNumber=20048249-0]
[967295749397fdd0444859b1894c715b69c4758d35bb976b5b2e3b4edd0106c2d14c
1e9810b888be5b992d039e6fbd86c1143f74db7bd3396d2c01d12aefabcd]]