UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTLABS, INC., <br><br>　　　　Plaintiff, <br><br>　v. <br><br>DANIEL JAIYONG AN, <br><br>　　　　Defendant. | Case No. 21-cv-02606-CRB (TSH) <br><br>**DISCOVERY ORDER** <br><br>Re: Dkt. Nos. 61, 62, 64 |

Plaintiff TrustLabs, Inc. moves to compel further responses to eight discovery requests. ECF No. 61. Defendant Daniel An filed a response. ECF No. 62. In addition, An filed a discovery letter brief at ECF No. 64 seeking to have his deposition conducted remotely. The Court held a hearing on April 13, 2023 and now issues the following order.

**A.   Discovery Requests**

Request for production ("RFP") 3 asked for "DOCUMENTS sufficient to list each time YOU attempted to access any accounts belonging to PLAINTIFF (including, without limitation, accounts with REDDIT or HUBSPOT) during the period of July 6, 2020 to September 1, 2020." RFP 7 requested "All DOCUMENTS and COMMUNICATIONS in which YOU held yourself out to be or represented that you were affiliated with PLAINTIFF on or after July 6, 2020." After stating certain objections, in response to both RFPs, An stated that he "will perform a reasonable search and produce any responsive, non-privileged documents, if any exist."

TrustLabs states that to date, An has neither produced any documents that are responsive, nor stated in a verified response that none exist, and it seeks an order requiring him to do one or the other. An does not respond concerning RFP 3 in the section of his letter brief concerning the RFPs. His discussion of interrogatory ("rog") 2 might have been intended to address RFP 3 and

might be an assertion that he has nothing responsive. As for RFP 7, An states that he never represented that he was still TrustLabs CEO after an undated conversation with an attorney at Orrick. He asserts that he is confused about the meaning of "affiliated with Plaintiff," as he is still a shareholder and was previously a board member and CEO and Founder.

The Court **ORDERS** An to produce all non-privileged documents responsive to RFPs 3 and 7 within 30 days or to state in writing that there are none. Because Rule 34 does not require verification (unlike, for example, Rule 33), the Court will not require the statement to be verified. To clarify for An, if he has nothing responsive to RFP 3, he should just say that. As for RFP 7, documents in which he told people that he *is* a shareholder of TrustLabs, that he *is and was* one of the company's founders, and that he *was previously* the CEO and a board member are not responsive. Rather, a document is responsive to RFP 7 if it is dated on or after July 6, 2020, and in the document he represented or held himself out as having a position with the company (such as CEO or board member) *at the time of the communication*. For example, an email dated July 7, 2020 in which An says "I am the CEO of TrustLabs" is responsive to RFP 7. By contrast, a LinkedIn profile that shows his previous employment history is nonresponsive (provided that it does not claim he *still* works at TrustLabs).

Rog 2 asked An to "List each COMMUNICATION in which YOU held yourself out to be or represented that you were affiliated with PLAINTIFF on or after July 6, 2020 and IDENTIFY each PERSON who participated in such COMMUNICATIONS." In his response, An said "affiliated with" was too vague, and he interpreted it to mean "employed by." With that interpretation, he said he had no communications to disclose. TrustLabs moves to compel, arguing that "affiliated with" is broader than "employed by," and it wants to know about any communications on or after July 6, 2020 in which An held himself out to be acting on behalf of TrustLabs. An's response concerning rog 2 is nonsensical, and as noted above, the Court thinks the response may have been about at RFP 3.

The Court agrees with TrustLabs that An has improperly narrowed the rog by construing "affiliated with" to mean "employed by." The Court **ORDERS** An to serve an amended response to rog 2 as it is written within 30 days.

Request for Admission ("RFA") 4 asked An to "Admit that YOU were not authorized to delete PLAINTIFF's SLACK ACCOUNT on July 6, 2020." RFA 5 him to "Admit that YOU accessed or attempted to access accounts belonging to PLAINTIFF (including, without limitation, accounts with REDDIT or HUBSPOT) after PLAINTIFF terminated YOUR employment on July 6, 2020." And RFA 6 asked him to "Admit that YOU were not authorized to access accounts belonging to PLAINTIFF (including, without limitation, accounts with REDDIT or HUBSPOT) after PLAINTIFF terminated YOUR employment on July 6, 2020." An asserted some objections to each RFA, then denied them all.

TrustLabs says there are two problems with An's responses. First, for RFAs 4 and 6, An objected to the term "authorized" as vague and said he "will apply the common sense definition of 'authorized' to this request." TrustLabs argues that An "should understand 'authorized' according to its ordinary meaning." However, that is what An did, and therefore it does not provide a basis to move to compel.

Second, RFAs 5 and 6 both use the defined time period "after PLAINTIFF terminated YOUR employment on July 6, 2020." An objected to both on the ground that they misstated the date of his termination, which he claims was July 7, 2020. Thus, his denials apply to the time period after July 7, 2020. TrustLabs says that is not sufficient because the time frame specified in the RFAs begins on July 6, not July 7.

TrustLabs is mistaken. TrustLabs could have asked An to admit he accessed accounts or to admit he lacked authorization after July 6, and then he would have been obligated to answer solely in terms of the date. Or, TrustLabs could have asked him to admit he accessed or lacked authorization after his employment was terminated, and then he would have been obligated to answer for the time period following his termination (whenever he thought that took place). Instead, TrustLabs combined July 6 with termination of employment, and Defendant does not think those are the same day. Under Rule 36, An is not obligated to accept a factual assertion built into the RFA (i.e., that he was terminated on July 6) that he disagrees with. Here, An's denials fairly respond to the substance of the RFAs (asking him to admit he accessed accounts and that he lacked authorization for those accounts after he had been terminated), and qualifying his answer to

3

state that his denials apply to the period of time after his termination on July 7 was a good faith qualification. As An points out, TrustLabs itself alleges that his termination was effective on July 7. ECF No. 1 (Complaint) ¶ 21 ("On the evening of July 6th, within a few hours after TrustLabs discovered Jaiyong deleted the Slack system, TrustLabs' Board of Directors held an emergency meeting (after normal business hours) to remove Jaiyong from the Board of Directors and terminate his employment as CEO/President, effective on July 7, 2020."). Accordingly, TrustLabs' motion to compel is **DENIED** as to the RFAs.

Finally, TrustLabs moves to compel as to rogs 6 and 7. Rog 6 asks: "Is your response to each Request for Admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) IDENTIFY all PERSONS who have knowledge of those facts; and d) describe all DOCUMENTS and tangible things that support your response and IDENTIFY each PERSON who has each DOCUMENT or thing." Rog 7 asks: "Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each: (a) state all facts upon which you base the denial or special or affirmative defense; (b) IDENTIFY all PERSONS who have knowledge of those facts; (c) describe all DOCUMENTS and tangible things that support your denial or special or affirmative defense and IDENTIFY each PERSON who has each DOCUMENT or thing."

During meet and confer, TrustLabs agreed that rog 6 will be deemed a separate rog with respect to each RFA to which An did not provide an unqualified admission, which were RFAs 1, 2, 4, 5 and 6, and thus, rog 6 was five rogs. ECF No. 61, Exs. D, E. TrustLabs agreed that rog 7 will be deemed a separate rog for each affirmative defense in An's answer, and thus rog 7 is 11 rogs. ECF No. 61, Exs. D, E.

For rog 6, asking for the requested information for RFAs 1, 2, 4, 5 and 6 does not seem overly burdensome. For rog 7, the requested information doesn't make any sense for the first affirmative defense (failure to state a cause of action), but it results in reasonable inquiries for the remaining affirmative defenses. It might be hard for a pro se defendant to determine what facts, people and documents are relevant to certain of the affirmative defenses, but that will be no less

4

true on summary judgment or at trial, and An will have to do the best that he can. The Court **ORDERS** An to answer rog 6 for RFAs 1, 2, 4, 5 and 6 and rog 7 for his second through eleventh affirmative defenses within 30 days.

In sum, TrustLabs' motion to compel is **GRANTED IN PART AND DENIED IN PART** as stated above.

**B.    Deposition**

An requests to have his deposition conducted remotely because he lives in Puerto Rico and because he has a recent knee injury that makes it painful for him to walk. He observes that during the Covid pandemic, remote depositions have been conducted successfully during the past several years. At the hearing TrustLabs did not disagree with doing a remote deposition, provided that appropriate procedures could be worked out. The Court finds that doing a deposition by videoconference is reasonable under the circumstances and **ORDERS** that An's deposition be conducted remotely. The Court **ORDERS** the parties to meet and confer concerning protocols for the deposition and to file a joint discovery letter brief if they are unable to come to an agreement. The Court reminds An that, as discussed at the hearing, meeting and conferring includes speaking on the telephone and not just sending emails.

**IT IS SO ORDERED.**

Dated: April 13, 2023

THOMAS S. HIXSON
United States Magistrate Judge