UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTLABS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL JAIYONG AN,<br><br>　　　　　Defendant. | Case No.  21-cv-02606-CRB   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 69, 72 |

In ECF No. 65, the Court granted Defendant's request to have his deposition be conducted remotely. The Court also ordered the parties to meet and confer concerning protocols for the deposition and to file a joint discovery letter brief if they were unable to come to an agreement. Since then Plaintiff has proposed protocols for conducting remote depositions, but Defendant is refusing to agree to them, not out of a substantive disagreement with them but because he is holding the remote deposition protocols hostage to another discovery dispute, which is the scheduling of particular depositions. In ECF No. 69 Plaintiff now asks the Court to order that its remote deposition protocols be applied to all remote depositions in this matter. Plaintiff also asks the Court to order Defendant to provide his availability for a remote deposition, and asks the Court to order Defendant to provide his phone number to Plaintiff so that the parties may meet and confer telephonically. In ECF No. 72, Defendant says nothing about the substance of the deposition protocols, but asks the Court to order Plaintiff to provide deposition availability for certain witnesses, asks the Court to order transcripts of meet and confer calls or have paralegals who can take notes of such calls, and asks for guidelines for when the parties should respond to each other.

　　　　　The Court is not going to order the remote deposition protocols. The proposed protocols

would work as a stipulation, but they contain a number of provisions that the Court would not impose on an unwilling party. They also contain some waivers of rights, and the Court can't impose waivers on litigants. When the Court ordered the parties to meet and confer about remote deposition protocols, the Court had in mind that the parties might have one or two disputes that might need to be ruled on. The Court did not anticipate the complete collapse of discussions. Look, remote depositions can be convenient, but they require a greater level of cooperation than what is going on here. Given that Defendant is the one holding the remote deposition protocols hostage, and he was the one who asked to be deposed remotely, the Court **VACATES** its prior order for Defendant's deposition to be conducted remotely. If the parties are able to agree on remote deposition protocols, they are free to conduct depositions remotely. In the absence of such a stipulation, they are stuck with the default procedure of in-person depositions.

The Court **ORDERS** each party to provide deposition availability by June 8, 2023 for all witnesses under their control whom the other side has asked to depose, or to file a motion for a protective order by June 8 for any such witness the party does not want to provide for a deposition.

The Court **ORDERS** Defendant to provide Plaintiff with his telephone number. The Court reiterates its previous order that there is no need to record meet and confer calls. Either side is free to hire a paralegal who can join the meet and confer calls and take notes. The Court **ORDERS** the parties to respond to each other's communications with reasonable promptness.

**IT IS SO ORDERED.**

Dated: June 1, 2023

THOMAS S. HIXSON
United States Magistrate Judge