UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTLABS, INC.,<br><br>          Plaintiff,<br><br>    v.<br><br>DANIEL JAIYONG AN,<br><br>          Defendant. | Case No. 21-cv-02606-CRB   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 114 |

The parties have filed a joint discovery letter brief at ECF No. 114. They raise two issues.

**A.   Scope of Deposition**

Plaintiff seeks a protective order directing that questioning be limited to topics that are relevant to Plaintiff's complaint, and Plaintiff proposes some specific topics that it thinks represent the limits of what that means. Plaintiff expresses concern that Defendant's questions may go into issues that were raised by his proposed counterclaims, which he was denied leave to assert. Plaintiff expresses concern that if Defendant asks about those issues, the questions could seek irrelevant information and be harassing. Defendant does not argue that he is entitled to take discovery into his rejected counterclaims. Rather, he argues that Plaintiff's proposed restrictions are unduly narrow and would impede his ability to defend against the claims asserted against him in this case.

The Court **DENIES** Plaintiff's request for a protective order. It is of course true that questions at a deposition should seek information that is relevant to the parties' claims and defenses and should not be harassing. But relevance objections should ordinarily be considered on a question by question basis. Whether a given question seeks relevant information can sometimes be influenced by the witness's other answers, or the answers given by other witnesses. The Court

has no idea what questions Defendant is going to ask, or what foundation he may try to lay for them.  While the Court understands that Defendant's proposed counterclaims were rejected, it is not true that everything that is relevant to a rejected claim is somehow automatically irrelevant to the claims and defenses that are in the case.  Finally, the requested protective order is vague.  The parties should conduct depositions in the normal way, with each side asking the questions it or he thinks are proper, and the other side interposing objections it or he believes have merit.

**B.      Remote Attendance**

The Court previously ruled that no remote appearances would be permitted at the depositions and that everyone involved must be there in person.  ECF No. 112.  Plaintiff requests a modification of the order to allow nonparticipants to view the depositions remotely by Zoom, provided they remain muted and keep their cameras off.  Defendant opposes this request, contending that remote appearances may lead to breaches of confidentiality and procedural integrity.

Although the Court does not share Defendant's concerns about breaches of confidentiality and procedural integrity, the Court does think that a party taking an in-person deposition is entitled to insist that everyone attending the deposition be there in person as well.  Accordingly, Plaintiff's request is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 14, 2024

THOMAS S. HIXSON
United States Magistrate Judge

2