UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTLABS, INC.,<br>              Plaintiff,<br>    v.<br>DANIEL JAIYONG AN,<br>              Defendant. | Case No. 21-cv-02606-CRB   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 121, 123, 125, 126, 127 |

It appears that Plaintiff adjourned the depositions of Rafael Cosman and Alex de Lorraine, which were scheduled right near the close of fact discovery, so that it could move for a protective order. In light of that, there is good cause for a 60-day extension of fact discovery. This will give the parties an opportunity to brief the motion, and for the Court to consider it, and then depending on the outcome, there will be time to resume those depositions (if the Court determines that doing so is appropriate). For the avoidance of confusion, the Court is wholesale moving the close of fact discovery by 60 days, not just for these two depositions.

Defendant argues that a 60-day extension of the fact discovery cutoff[1] is additionally warranted so he can conduct further discovery, including issuing more subpoenas and deposing additional witnesses, to follow up on areas of inquiry he learned about for the first time during the recent depositions. Standing alone, this argument would not be persuasive because Defendant was not diligent in pursuing this discovery. Yes, if you schedule all of your depositions for the last week of fact discovery, you might learn about things you need to follow up on in those depositions. That's why you shouldn't schedule all of your depositions for the last week of fact

---

[1] In ECF No. 121, Defendant asked for a 8-24 week extension of the fact discovery cutoff. In ECF No. 127, he dialed that back to a request for a 60 day extension.

discovery. However, Plaintiff itself brought two of those depositions to a halt, so Defendant has been prevented from taking some of the discovery he wanted to. As some extension of the fact discovery cutoff is appropriate, and Defendant has additional discovery he would like to pursue, the Court does not see any benefit on the facts of this case to having fact discovery close on different days for different issues. The cleanest solution is to move the discovery cutoff in its entirety, which is the relief Defendant seeks.[2]

Accordingly, the Court **ORDERS** that the close of fact discovery is July 29, 2024. The Court **ORDERS** Plaintiff to file its motion for a protective order no later than June 20, 2024. Defendant's opposition is due on or before June 27, 2024. Plaintiff's optional reply is due on or before July 3, 2024.

**IT IS SO ORDERED.**

Dated: June 12, 2024

THOMAS S. HIXSON
United States Magistrate Judge

---

[2] The Court is not going to wait for Plaintiff to file its response to Defendant's motion at ECF No. 127. Plaintiff has already filed its opposition to Defendant's previous and still-pending motion to extend the fact discovery cutoff (ECF No. 123, opposing ECF No. 121). The Court understands the dispute and does not need repetitive filings.