1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6
7    TRUSTLABS, INC.,                        Case No.  21-cv-02606-CRB   (TSH)
8                    Plaintiff,
                                             **DISCOVERY ORDER**
9          v.
                                             Re: Dkt. No. 130
10   DANIEL JAIYONG AN,
11                   Defendant.
12

13         Plaintiff suspended Defendants' depositions of Plaintiff's cofounder and former CEO

14   Rafael Cosman and current CEO Alex de Lorraine and moved for a protective order terminating

15   the depositions on the ground that they were being conducted in bad faith and in a manner that

16   unreasonably annoys, embarrasses or oppresses Plaintiff and the deponents.  *See* Fed. R. Civ.

17   Proc. 30(d)(3)(A).

18         Defendant's questions during both depositions went way out of bounds into numerous

19   subjects having nothing to do with this case, such as irrelevant product sales and launches, refund

20   offers to investors, whistleblower concerns, unrelated business transactions, and a general attempt

21   to imply or suggest wrongdoing having nothing to do with this case.  You may recall that Judge

22   Breyer denied Defendant leave to assert counterclaims in part because those "allegations are

23   largely untethered from the factual allegations in TrustLabs' complaint."  ECF No. 100 at 12.  A

24   good amount of Defendant's questioning of Cosman and Lorraine related to the counterclaims that

25   Judge Breyer denied him leave to assert and had no relevance to this case.  As if to underscore the

26   point, Defendant took the counterclaims that Judge Breyer denied him leave to allege, marked

27   them as an exhibit, and proceeded to question both witnesses about them.  Indeed, Defendant's

28   counterclaims were the only exhibit he marked in Cosman's deposition.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's counsel did not jump the gun in suspending these depositions.  The opposite is true.  Both transcripts are about 200 pages long and show that Plaintiff let Defendant conduct a wide range of inquiry, including into irrelevant matters.  The Court thinks that Defendant had a full and fair opportunity to question both witnesses about anything relevant to this case, as well as a fair amount that wasn't relevant, and that Plaintiff's counsel appropriately suspended both depositions when it became clear they were being taken in bad faith and had become harassing. Accordingly, Plaintiff's motion to terminate these depositions is **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 2, 2024

THOMAS S. HIXSON
United States Magistrate Judge

2