1

2

3

4               UNITED STATES DISTRICT COURT

5           NORTHERN DISTRICT OF CALIFORNIA

6

7   TRUSTLABS, INC.,                 Case No.  21-cv-02606-CRB   (TSH)

8           Plaintiff,

9       v.                 **DISCOVERY ORDER**

                                 Re: Dkt. No. 135

10   DANIEL JAIYONG AN,

11           Defendant.

12

13       In ECF No. 128, the Court extended the fact discovery cutoff to July 29, 2024.  The Court

14 did that because Plaintiff adjourned two depositions that Defendant was taking.  In light of that,

15 the Court found good cause for a 60-day extension of fact discovery.  Defendant argued that a 60-

16 day extension of fact discovery was additionally warranted so he could conduct further discovery,

17 including issuing more subpoenas and deposing additional witnesses, to follow up on areas of

18 inquiry he learned about for the first time during the recent depositions.  However, the Court

19 found that argument, standing alone, was not persuasive because Defendant was not diligent in

20 pursuing this discovery.  The Court observed that if you schedule all of your depositions for the

21 last week of fact discovery, you might learn about things you need to follow up on in those

22 depositions.  The Court noted that is a reason why it is not a good idea to schedule all of your

23 depositions for the last week of fact discovery.  Nonetheless, the Court extended the fact discovery

24 cutoff wholesale by 60 days, not seeing any benefit on the facts of this case to have fact discovery

25 close on different days for different issues.

26       Defendant now moves for a further 90-day extension of fact discovery.  ECF No. 135.  He

27 argues fact discovery should be continued for two reasons.  First, he cites Plaintiff's motion for a

28 protective order concerning the depositions that had been adjourned.  However, the Court has

United States District Court
Northern District of California

since ruled on that motion and granted it, ending those depositions, *see* ECF No. 136, so that is not a reason to extend fact discovery further.  Second, Defendant cites the requests for production ("RFPs") that he says he served on June 3, 2024.[1]  He says Plaintiff objected to all of them. Defendant says he needs an additional 90 days to "(i) Engage in good faith meet-and-confer efforts regarding the deficient responses; (ii) Prepare and file motions to compel, if necessary; (iii) Obtain court rulings on any discovery motions; (iv) Review responsive documents once produced; and (v) Conduct follow-up discovery based on the produced documents."  ECF No. 135.  Plaintiff opposes the motion.  ECF No. 137.

The Court denies the motion for two reasons (in addition to the fact that the motion for a protective order was granted, so its pendency is no longer a reason to extend discovery because those two depositions will not resume).  First, Defendant displayed an incredible lack of diligence in waiting until June 2024 to serve these RFPs.  Second, many of these RFPs seek irrelevant documents (e.g., RFPs 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25 and 26) and would have been improper even had they been promptly served, which they were not.

Accordingly, Defendant's motion to extend the fact discovery cutoff is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 14, 2024

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

---

[1] A declaration by Plaintiff's counsel suggests these RFPs were served on either June 10, 2024 or June 20, 2024.  ECF No. 137-1 ¶ 2.  This difference is not material to the Court's order.

2