IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTLABS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL JAIYONG AN,<br><br>　　　　Defendant. | Case No. 21-cv-02606-CRB<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION** |

　　　　Defendant Daniel Jaiyong An moves for leave to file a motion for reconsideration of the Court's order denying Defendant's motion for leave to file counterclaims.  Mot. (dkt. 107); Order (dkt. 100).  Although Defendant filed the motion while the case was on appeal, see Notice of Appeal (dkt. 102), the Ninth Circuit has since dismissed the appeal, see Ninth Circuit Order (dkt. 108), so this Court now properly has jurisdiction over the motion.  Cf. Katzir's Floor & Home Design, Inc. v. M-MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004) (holding that district courts lack jurisdiction over motions for reconsideration "filed after the notice of appeal has been filed").

　　　　Defendant brings his motion under Local Rules 7-9(b)(2) and (3), which permit a party to move for leave to file a motion for reconsideration where there has been "[an] emergence of new material facts . . . occurring after the time of such order" or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court."  See Mot.; Civ. L. R. 7(b)(2), (3).

　　　　Defendant has not met either standard.  In his motion, Defendant repeats his argument that his counterclaims relate back Plaintiff's claims.  See Mot. at 3–4.  But the Court thoroughly explained why that is not the case—namely, Defendant's proposed

counterclaims do not arise from the same transaction or occurrence as Plaintiff's claims. See Order at 19–22. That Defendant's proposed counterclaims involve events that occurred close in time to Plaintiff's claims does not mean that they relate back. See id. And Defendant's assertion that "multiple law firms" have told him the counterclaims relate back—with no explanation of what "material facts" or "dispositive legal arguments" this Court failed to consider—does not move the needle. See Mot. at 8.

Defendant also argues that the delayed discovery rule applies, and therefore his wrongful termination claims were not time barred. Mot. at 4 ("[A]t the time of his termination, Defendant did not know or have reason to know that Plaintiff was defrauding investors and intended to retaliate against him for objecting to that fraud."). However, California courts have refused to apply the delayed discovery rule where plaintiffs know that they have "suffered actual and appreciable harm when [they were] terminated" and asserted only that they "did not fully understand 'the dimensions' of [their] wrongful termination" until later. See Barton v. New United Motor Mfg., Inc., 43 Cal. App. 4th 1200, 1209 (1996); see also Leon v. Wells Fargo Bank, N.A., No. 17-CV-03371-BLF, 2018 WL 3474182, at *4 (N.D. Cal. July 19, 2018). Defendant alleged in his proposed counterclaims that he reported securities law violations to the Board of Directors and was thereafter terminated. See Proposed Counterclaims (dkt. 92-1). While he may not have fully understood the scope of Plaintiff's wrongdoing, Defendant suffered an "actual and appreciable harm when he was terminated." See Barton, 43 Cal. App. 4th at 1209. Therefore, that is the latest that the statute of limitations began to run for his retaliation and wrongful termination claims. See Braz v. Delta Air Lines, Inc., No. 18-CV-06162-JST, 2019 WL 202817, at *3 (N.D. Cal. Jan. 15, 2019); Goel v. Shah, No. C 13-3586 SBA, 2014 WL 460867, at *3 (N.D. Cal. Feb. 3, 2014).

Defendant's remaining arguments are largely conclusory statements that his counterclaims were well-plead. See Mot. at 5–6. And while he says that he has "newly obtained evidence," he does not explain why any of this evidence would change the Court's previous conclusions. For example, he says there are communications by Plaintiff

"threatening him" in retaliation for whistleblowing, but this new evidence does not change the fact that this claim is time barred. See Mot. at 11. He says that he has merger documents showing that the "company sent millions of dollars to a newly created offshore Cayman entity," but does not explain which counterclaim these documents remedy—plus, he already alleged this fact in his proposed counterclaims. Id.; see Proposed Counterclaims ¶ 11. He argues that he has records reflecting Plaintiff's failure to deliver his "earned founder stock and token compensation in breach of contract," but fails to allege any provision of a contract to support his claim. Mot. at 11; see Miron v. Herbalife Int'l, Inc., 11 F. App'x 927, 929 (9th Cir. 2001). And finally, he states that "with time" he could "gather a representative number of statements from the 150+ TrustToken SAFT investors about whether they thought material information was omitted." Mot. at 11. Putting aside that this is speculative and not evidence that Defendant has newly obtained, Defendant again fails to specifically allege "why any failure to disclose information was material." See Order at 32 (emphasis added).

      Accordingly, the Court DENIES Defendant's motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: August 30, 2024

CHARLES R. BREYER
United States District Judge