IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTLABS, INC., <br> Plaintiff, <br> v. <br> DANIEL JAIYONG AN, <br> Defendant. | Case No. 21-cv-02606-CRB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF FEDERAL CLAIMS** |

Plaintiff TrustLabs, Inc. has sued its former CEO Daniel An for violations of the federal Computer Fraud and Abuse Act, the federal Stored Communications Act, and the California Comprehensive Computer Data Access and Fraud Act. The Court granted summary judgment in TrustLabs' favor on its state-law claim as to An's liability but denied summary judgment on TrustLabs' federal claims. See MSJ Order (dkt. 150). TrustLabs now seeks to voluntarily dismiss its federal claims without prejudice. See Mot. for Voluntary Dismissal (dkt. 156). An opposes this motion. See Opp. (dkt. 158). The Court finds this matter suitable for resolution without a hearing pursuant to Local Civil Rule 7-1(b) and **GRANTS** TrustLabs' motion.

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff to voluntarily dismiss an action "by court order, on terms that the court considers proper." "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989) (citation omitted). Legal prejudice means "prejudice to some legal interest, some legal claim, [or] some legal argument." Kamal v. Eden Creamery, LLC, 88 F.4th 1268, 1280 (9th Cir. 2023) (citation omitted). Uncertainty

about future litigation on unresolved claims is not prejudicial. See id. Nor does the expense of litigation constitute legal prejudice. See Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996).

An will not suffer legal prejudice as a result of TrustLabs' proposed voluntary dismissal of its federal claims. Though he attempts to characterize TrustLabs' motion for voluntary dismissal as improperly motivated by an attempt to circumvent an adverse ruling on its federal claims, see Opp. at 4, he fails to recognize that the Court has already ruled on those claims and that TrustLabs cannot now escape that ruling. Dismissing TrustLabs' federal claims would instead streamline the case at hand—a valid reason for voluntary dismissal. An also reraises his concerns about SEC investigations into TrustLabs, see id. at 5–7, but those have no bearing on whether to permit TrustLabs to voluntarily dismiss its federal claims in this case. At most An will have spent time and money opposing TrustLabs' motion for summary judgment on its federal claims, but that does not justify denying TrustLabs' instant motion. See Westlands Water District, 100 F.3d at 97.

The Court finds it appropriate to dismiss TrustLabs' federal claims without prejudice. TrustLabs has prosecuted this case diligently, there are no pending pretrial motions, An has not incurred significant expenses unique to the federal claims, and a trial date has not yet been set. See, e.g., Burnette v. Godshall, 828 F. Supp. 1439, 1443–44 (N.D. Cal. 1993) (offerings reasons to dismiss without prejudice). Further, TrustLabs has provided a valid reason (streamlining its claims) for voluntary dismissal.

An suggests that a voluntary dismissal of TrustLabs' federal claims would affect the Court's jurisdiction over its state-law claims. Opp. at 6. Not so. 28 U.S.C. § 1367(c) permits the Court to retain supplemental jurisdiction over state-law claims even after dismissing federal claims, and the Court has already expended time and energy on all of TrustLabs' claims. Plus, all that remains on TrustLabs' state-law claim is the question of damages. It is therefore appropriate—and indeed, in the interest of judicial economy—for the Court to retain supplemental jurisdiction. Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("discretion to decline to exercise supplemental jurisdiction

2

… is informed by the [] values 'of economy, convenience, fairness, and comity'").

Finally, the Court declines An's invitation to award him fees and costs. Opp. at 6–7. Again, An did not incur significant costs unique to TrustLabs' federal claims. Rather, his defense to those claims was concomitant with his defense to TrustLabs' state-law claim (on which TrustLabs has already prevailed as to liability). So there is no basis to award costs. An would also not be entitled to recover attorney fees even if he prevailed on the federal claims at trial. See 18 U.S.C. § 2707 (providing for attorney fees for a prevailing plaintiff under the Stored Communications Act); KBS Pharmacy, Inc. v. Patel, Civ. No. 21-1339, 2021 WL 2351961, at *8 (E.D. Pa. June 9, 2021) ("The CFAA does not include a provision for attorneys' fees."). It would be improper to award An fees.

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** TrustLabs' claims under the federal Computer Fraud and Abuse Act and Stored Communications Act. The parties will bear their own costs.

**IT IS SO ORDERED.**

Dated: January 8, 2025

CHARLES R. BREYER
United States District Judge